# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) |
| | ) Case No. Case No. 4:19-cv-01491 |
| NOORUDDIN S. PUNJWANI, M.D.; PAIN ALLEVIATION & INTERVENTIONAL NEEDS, LLC N/K/A PAIN ALLEVIATION & INTERVENTIONAL NEEDS, PLLC; BARKETALI M. ROOPANI; ANIL B. ROOPANI; and SOHAIL B. ROOPANI, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## DEFENDANTS PAIN ALLEVIATION & INTERVENTIONAL NEEDS, PLLC, BARKETALI M. ROOPANI, ANIL B. ROOPANI, AND SOHAIL B. ROOPANI'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT

POLSINELLI PC

By:*/s/ Mark S. Armstrong*
Mark S. Armstrong, Esq.
Texas Bar No. 01321900
Fed. I.D. No. 219390
1000 Louisiana Street, Suite 6400
Houston, Texas 77002
713-374-1600
Fax: 713-374-1601
marmstrong@polsinelli.com
**Attorney in Charge**

Lauren E. Tucker McCubbin, Esq.
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112
816-753-1000
Fax: 816-753-1536
ltucker@polsinelli.com
*Application for Admission to be Filed*

68843190.3

Ebad Khan, Esq.
Texas Bar No. 24092625
Fed. I.D. No. 2810999
1000 Louisiana Street, Suite 6400
Houston, Texas 77002
713-374-1600
Fax: 713-374-1601
ekhan@polsinelli.com

ATTORNEYS FOR DEFENDANTS
PAIN ALLEVIATION & INTERVENTIONAL
NEEDS, LLC N/K/A PAIN ALLEVIATION &
INTERVENTIONAL NEEDS, PLLC
("P.A.I.N."), BARKETALI M. ROOPANI,
ANIL B. ROOPANI, AND SOHAIL B.
ROOPANI

i

## **TABLE OF CONTENTS**

**Page**

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS ............................... 1

INTRODUCTION ........................................................................................................................ 1

ARGUMENT AND AUTHORITIES ........................................................................................... 3

I.    LEGAL STANDARD ....................................................................................................... 3

II.    STATE FARM'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE ANY PLAUSIBLE CLAIM FOR RELIEF AGAINST P.A.I.N. OR THE ROOPANI DEFENDANTS .................................................................................... 5
    A.    State Farm's Complaint fails to state any claim for relief against the Roopani Defendants such that they may be held personally liable. ....................... 5
    B.    State Farm's Complaint fails to plead a plausible claim for money had and received against Defendants. ................................................................................. 6

CONCLUSION ............................................................................................................................. 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adams v. Nissan N. Am., Inc.*,
  2018 WL 2338871 (S.D. Tex. May 4, 2018) ............................................................................7

*Allstate Insurance Co. v. Benhamou*,
  190 F.Supp.3d 631 (2016) .......................................................................................................4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..............................................................................................................3, 4

*Associated Gen. Contractors of CA, Inc. v. CA State Council of Carpenters*,
  459 U.S. 519 (1983) .................................................................................................................3

*Bancroft Life & Cas. ICC, Ltd. v. GRBR Ventures, L.P.*,
  12 F. Supp. 3d 980, 988 (S.D. Tex. 2014) ............................................................................3, 7

*Bank of Saipan v. CNG Fin. Corp.*,
  380 F.3d 836 (5th Cir. 2004) ....................................................................................................6

*Bates Energy Oil & Gas v. Complete Oilfield Servs.*,
  361 F. Supp. 3d 633, 675–76 (W.D. Tex. 2019) ......................................................................6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................................3

*Everett v. TK–Taito, L.L.C.*,
  178 S.W.3d 844 (Tex. App. 2005) ...........................................................................................7

*Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*,
  565 F.3d 200 (5th Cir. 2009) ....................................................................................................4

*Gonzalez v. Bank of Am.*,
  2011 WL 13261985 (S.D. Tex. Feb. 20, 2011), *aff'd as modified sub nom.
  Gonzalez v. Bank of Am. Ins. Servs., Inc.*, 454 F. App'x 295 (5th Cir. 2011) ...........................4

*Luppino v. York*,
  2017 WL 8161008 (W.D. Tex. Nov. 27, 2017) .......................................................................6

*Norris v. Hearst Tr.*,
  500 F.3d 454 (5th Cir. 2007) ................................................................................................3, 7

*In re Parkcentral Glob. Litig.*,
  884 F. Supp. 2d 464 (N.D. Tex. 2012) .....................................................................................4

*Patel v. Holiday Hospitality Franchising, Inc.*,
   172 F.Supp.2d 821 (N.D. Tex. 2001) .................................................................................4

*R2 Investments LDC v. Phillips*,
   401 F.3d 638 (5th Cir.2005) ............................................................................................3, 7

*Segner v. Sinclair Oil & Gas Co.*,
   2012 WL 12885055 (N.D. Tex. June 4, 2012) ...................................................................8

*Senior Living Props., LLC v. Admiral Ins. Co.*,
   2003 WL 22995195 (N.D.Tex. Oct. 17, 2003) ...................................................................4

*Williams v. WMX Techs., Inc.*,
   112 F.3d 175 (5th Cir. 1997) ..............................................................................................4

**Statutes**

Racketeering Influenced Corrupt Organizations Act ................................................................1,2

Tex. Bus. Orgs. Code Ann. § 21.223(a)(2) ...................................................................................6

Tex. Bus. Orgs. Code Ann. § 101.002 ..........................................................................................6

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................1, 8, 9

Rule 8 ............................................................................................................................................3

Rule 9(b) ....................................................................................................................................2, 4

**STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Pain Alleviation & Interventional Needs, LLC n/k/a Pain Alleviation & Interventional Needs, PLLC ("***P.A.I.N.***"), Barketali M. Roopani, Anil B. Roopani, and Sohail B. Roopani (collectively, the "***Roopani Defendants***") respectfully move the Court for an order dismissing the Defendants and each of the claims Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm County Mutual Insurance Company of Texas (collectively, "***State Farm***") have attempted to assert against the Defendants from this case on the grounds that State Farm's Complaint fails to state a claim upon which relief may be granted.

In this action, State Farm seeks damages related to settlements it has paid to or on behalf of its insureds which include sums for amounts billed by or on behalf of the Defendants for treatment provided by Defendant Punjwani and services provided by P.A.I.N. The Complaint alleges two counts: the first is for violation of the Racketeering Influenced Corrupt Organizations Act ("***RICO***"), and the second is for the equitable claim of money had and received. The only claim in the Compliant alleged against P.A.I.N. and the Roopani Defendants is money had and received.

In support of this Motion to Dismiss for failure to state a claim, P.A.I.N. and the Roopani Defendants state as follows:

**INTRODUCTION**

Despite its length, a careful review of State Farm's Complaint reveals it fails to allege any plausible claim against Defendants. Instead, what State Farm pleads is at best a case of buyer's remorse and at worst a concession of its failure to act in good faith toward its insureds and in connection with settlement negotiations. State Farm admits that it voluntarily paid sums to settle claims by its insureds and/or third party plaintiffs who alleged claims against its

1

insureds, which such claims included amounts for treatment provided by Defendant Punjwani and services provided by P.A.I.N. But despite its admitted obligation to conduct an investigation of the claims, instead of contesting the validity of those sums in connection with settlement, State Farm now seeks to recoup the sums it paid – thereby revoking the consideration upon which the settlements were reached – on the basis of its unsubstantiated contention that the services provided by Dr. Punjwani in connection with P.A.I.N. were somehow fraudulent.

But State Farm wholly fails to allege any facts supporting a finding of any fraud, whatsoever. Instead, State Farm relies on rank speculation, conjecture, and conclusory allegations to support its fraud allegations. This is insufficient to satisfy Rule 9(b). For this reason alone, State Farm's Complaint fails to state any claim upon which relief may be had, because each of its counts are predicated on allegations of fraud.

As more specifically detailed in the motion to dismiss filed by Dr. Punjwani, State Farm's RICO claim, which is not alleged against P.A.I.N. or the Roopani Defendants, fails for lack of specificity, among other reasons. But that count also fails because the Complaint alleges neither that any of the Defendants engaged in the required predicate acts to support a RICO substantive offense nor that they participated in any enterprise that has or has the potential to engage in future acts of racketeering. P.A.I.N. and the Roopani Defendants deny any wrongdoing, let alone the type of unsubstantiated and conclusory allegations made by State Farm in support of its RICO claim.

State Farm's second count, for money had and received, also fails. First, State Farm fails to plead *any* facts to support *any* plausible claim against the individual Roopani Defendants, and it makes no effort to allege facts to support a piercing of the corporate veil as required to obtain any recovery against them. Second, State Farm's claim against P.A.I.N. fails because State Farm

2

68843190.3
68843190.3

fails to allege facts essential to the elements of that claim. For each of these reasons, State Farm's Complaint fails to state a claim upon which relief may be had, and Defendants' Motion to Dismiss should be granted.

## ARGUMENT AND AUTHORITIES

### I. Legal Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—and not merely conceivable—on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A "bare assertion" of the elements is not enough; a claim needs "some further factual enhancement" to get it from "possibility" to the requisite "plausibility" required for relief. *Twombly*, 550 U.S. at 556–57.

As part of this inquiry, the court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Nor should the court "accept conclusory allegations [or] unwarranted deductions" or "strain to find inferences favorable to the plaintiffs." *Bancroft Life & Cas. ICC, Ltd. v. GRBR Ventures, L.P.*, 12 F. Supp. 3d 980, 988 (S.D. Tex. 2014) (quoting *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir.2005)). Moreover, in ruling on a motion to dismiss, the court cannot assume that a plaintiff "can prove facts that it has not alleged or that the defendants have violated the ... laws in ways that have not been alleged." *Norris v. Hearst Tr.*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Associated Gen. Contractors of CA, Inc. v. CA State Council of Carpenters*, 459 U.S. 519, 526 (1983)). Instead, the court must draw on its "judicial experience and common

sense" when determining whether a set of facts has crossed the line from possible or conceivable to plausible. *Iqbal*, 556 U.S. at 679. Here, State Farm's Complaint does not past this test.

Where, as here, the plaintiff's claims are predicated on allegedly fraudulent conduct, plaintiff must also satisfy Rule 9(b)'s heightened pleading standard. *See Allstate Insurance Co. v. Benhamou*, 190 F.Supp.3d 631 (2016). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Rule 9(b) requirements are strict, requiring the plaintiff to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)). At a minimum, the "who, what, when, where, and how" of the fraud must be laid out. *WMX Techs., Inc.*, 112 F.3d at 178. Importantly, Rule 9(b) requirements must be met as to each defendant. *See* Unimobil 84, Inc. v. Spurney, 797 F.2d 214, 217 (5th Cir.1986); *Senior Living Props., LLC v. Admiral Ins. Co.*, 2003 WL 22995195, at *1 (N.D.Tex. Oct. 17, 2003) (citing cases).

"It is impermissible to make general allegations that lump all defendants together; rather, the complaint must segregate the alleged wrongdoing of one from another." *In re Parkcentral Glob. Litig.*, 884 F. Supp. 2d 464, 470–71 (N.D. Tex. 2012) (citing *Patel v. Holiday Hospitality Franchising, Inc.*, 172 F.Supp.2d 821, 824 (N.D. Tex. 2001)); *see also Gonzalez v. Bank of Am.*, 2011 WL 13261985, at *6 (S.D. Tex. Feb. 20, 2011), *aff'd as modified sub nom. Gonzalez v. Bank of Am. Ins. Servs., Inc.*, 454 F. App'x 295 (5th Cir. 2011) ("General allegations, which lump all defendants together and fail to segregate the alleged wrongdoing of one from those of another, cannot meet the requirements of Rule 9(b).") (quoting *Patel*, 172 F.Supp. 2d at 824)

**II.     State Farm's Complaint should be dismissed for failure to state any plausible claim for relief against P.A.I.N. or the Roopani Defendants.**

   **A.     *State Farm's Complaint fails to state any claim for relief against the Roopani Defendants such that they may be held personally liable.***

The Roopani Defendants should be dismissed from this case given the Complaint is wholly devoid of any allegations concerning any wrongful conduct by these three individuals. Indeed, in the 82-paragraph Complaint, the only allegations pertaining to Mr. Barketali Roopani, Mr. Anil Roopani, and/or Mr. Sohail Roopani by name appear in paragraphs 19−22 of the Complaint. The allegations contained in these paragraphs, however, do not allege any wrongdoing by or on the part of any of the Roopani Defendants nor do they allege any basis for holding these individual Defendants personally liable under Texas law. Instead, the allegations in State Farm's Complaint simply allege that these Defendants were "member[s] of P.A.I.N." and as such, they "received a portion of the funds obtained through Dr. Punjwani and P.A.I.N.'s fraudulent scheme." *See* Complaint, at ¶¶ 20−22. These allegations, along with the allegations in the Complaint pertaining to all the "Defendants" generally, such as the allegations that the "scheme" alleged by State Farm "enrich[ed] Defendants" (*see* Complaint, at ¶¶ 4, 7, 68), are insufficient, even if taken as true, to establish Mr. Barketali Roopani, Mr. Anil Roopani, and/or Mr. Sohail Roopani may be held personally liable simply by virtue of their status as "members[s] of P.A.I.N."

Indeed, the Texas Business Organizations Code provides that individual shareholders or members in the case of a limited liability company, like the Roopani Defendants, may not be liable to the corporation or its obligees with respect to:

> [A]ny contractual obligation of the corporation or any matter relating to or arising from the obligation on the basis that the [share]holder … is or was the alter ego of the corporation or on the basis of actual or constructive fraud, a sham to perpetrate a fraud, or other similar theory.

Tex. Bus. Orgs. Code Ann. § 21.223(a)(2). The lone exception to this limitation of liability is if the obligee demonstrates that the individual shareholder or member "caused the corporation to be used for the purpose of perpetrating and did perpetrate an actual fraud on the obligee primarily for the direct personal benefit" of the shareholder or member. *Id*. at § 21.223(b); *see also* Tex. Bus. Orgs. Code Ann. § 101.002 (providing that § 21.223 applies to limited liability companies and their members). State Farm's Complaint, however, is devoid of any such allegations. There is not one single factual allegation in the Complaint specifying any conduct by any of these individual Defendants, let alone the type of conduct required to potentially hold them personally liable for State Farm's claims.

Accordingly, Mr. Barketali Roopani, Mr. Anil Roopani, and Mr. Sohail Roopani should be dismissed from the case and any and all claims asserted against them individually, including the money had and received claim, should be dismissed.

### B. *State Farm's Complaint fails to plead a plausible claim for money had and received against Defendants.*

The elements of a claim for money had and received are that the "defendant holds money which in equity and good conscience belongs to [the plaintiffs]." *Bank of Saipan v. CNG Fin. Corp.*, 380 F.3d 836, 840 (5th Cir. 2004). Accordingly, to state a claim for money had and received against "All Defendants," as State Farm has asserted in its Second Claim for Relief, State Farm must plead sufficient facts to show that Dr. Punjwani, Mr. Barketali Roopani, Mr. Anil Roopani, Mr. Sohail Roopani, and P.A.I.N each received the money at issue and that the money at issue in equity and good conscience belongs to State Farm. *See Bates Energy Oil & Gas v. Complete Oilfield Servs.*, 361 F. Supp. 3d 633, 675–76 (W.D. Tex. 2019); *Luppino v. York*, 2017 WL 8161008, at *8 (W.D. Tex. Nov. 27, 2017). State Farm's Complaint, however, fails to allege such facts as to each Defendant.

In particular, State Farm's Complaint fails to allege sufficient facts supporting a reasonable inference that any of the Defendants actually had or received any of the money at issue. That is, while State Farm's Complaint alleges that State Farm allegedly paid "to settle the BI and UM Claims at issue" (*see* Complaint, at ¶¶ 78, 80, 81), State Farm does not allege that it paid any of that settlement money to the Defendants. Instead, State Farm appears to allege that it paid the money at issue to unnamed third parties. Those unnamed third parties, however, are also not alleged to have then paid the Defendants. Instead, State Farm's Complaint merely alleges, in a conclusory fashion, that "Defendants receive payment from the PI Attorneys." *See* Complaint, at ¶ 63. This lack of explanation as to how the money was transferred or exchanged between the unnamed third parties, the PI Attorneys, and the Defendants and/or what money ultimately went to each of the Defendants, if any, is grounds for dismissal. *See Adams v. Nissan N. Am., Inc.*, 2018 WL 2338871, at *10 (S.D. Tex. May 4, 2018), *report and recommendation adopted*, 2018 WL 2337135 (S.D. Tex. May 23, 2018); *Everett v. TK–Taito, L.L.C.*, 178 S.W.3d 844, 860 (Tex. App. 2005).

Indeed, as noted above, in ruling on a motion to dismiss, a "court should not 'strain to find inferences favorable to the plaintiffs' or 'accept conclusory allegations, unwarranted deductions, or legal conclusions.'" *Bancroft Life*, 12 F. Supp. 3d at 988 (S.D. Tex. 2014) (quoting *Investments LDC*, 401 F.3d at 642) (internal quotations omitted). Moreover, "a court may not assume that a plaintiff can prove facts that were not alleged." *Id.* at 989; *see Norris*, 500 F.3d at 464. Therefore, based on the allegations contained in State Farm's Complaint, State Farm has failed to allege sufficient facts supporting a reasonable inference that all or any of the Defendants actually received the money at issue.

But most fundamentally, State Farm's Complaint fails to allege sufficient facts supporting a reasonable inference that the alleged settlement money in equity and good conscience belongs to State Farm. That is, even if the well-pleaded factual allegations asserted in State Farm's Complaint are taken as true, State Farm has failed to assert more than mere conclusory allegations that the money at issue "in equity and good conscience belongs to and should be returned to State Farm Mutual and State Farm County." *See* Complaint, at ¶ 79. Because State Farm has failed to identify any fraudulent or medically unnecessary treatment, even assuming State Farm had sufficiently pleaded money received by Defendants, State Farm has failed to allege any sums that may have been received by any of the Defendants should equitably belong to State Farm – these were payments for actual services provided by Defendants in exchange for remuneration as agreed upon by Defendants and their patients.

Moreover, State Farm's claim for money had and received also fails because the chain of events alleged in the Complaint are "too attenuated" from the alleged "scheme" or any of the alleged activities by the Defendants (i.e. Dr. Punjwani and P.A.I.N.) to create a plausible inference that the settlement money in equity and good conscience belongs to and should be returned to State Farm. *See Segner v. Sinclair Oil & Gas Co.*, 2012 WL 12885055, at *21 (N.D. Tex. June 4, 2012) (granting motion to dismiss money had and received claim where the chain of events alleged regarding the transfer of the money at issue was "too attenuated" from the defendants' activities to state a claim).

Accordingly, given the lack of sufficient factual allegations contained in State Farm's Complaint regarding the essential elements of a claim for money had and received under Texas law, State Farm's claim for money had and received against the Defendants should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

For the reasons stated above, Defendants are entitled to dismissal on the grounds that State Farm has (1) failed to state any claim for relief against the individual Roopani Defendants such that they may be held personally liable to State Farm, and (2) failed to state a claim upon which relief may be granted for money had and received under Texas law.  Accordingly, each of the claims State Farm attempted to assert against Defendants should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

WHEREFORE, Defendants respectfully request that this Court grant their Motion to Dismiss and enter an order dismissing each Defendant and each of State Farm's claims against Defendants with prejudice.  Defendants further pray for all such other relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of July, 2019, the above and foregoing was electronically filed with the Clerk of the Court using CM/ECF system, which sent notice of electronic filing to all counsel of record.

*/s/ Mark S. Armstrong*
Mark S. Armstrong, Esq.
