IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )     Case No. Case No. 4:19-cv-01491 <br>) |
| NOORUDDIN S. PUNJWANI, M.D., et al., | )<br>) |
| Defendants. | ) |

**DEFENDANTS PAIN ALLEVIATION & INTERVENTIONAL NEEDS, PLLC, BARKETALI M. ROOPANI, ANIL B. ROOPANI, AND SOHAIL B. ROOPANI'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

**I.    INTRODUCTION**

A cursory review of the Complaint reveals State Farm's[1] claims are essentially that it was defrauded into paying settlements to or on behalf of its insureds. Yet State Farm fails entirely to plead any facts against P.A.I.N. or the Roopani Defendants that would support any recovery from them. Absent from the Complaint is any factual allegation of conduct by P.A.I.N. or the Roopani Defendants that would support a finding of fraud. Yet the alleged fraudulent scheme is the underpinning of the sole count alleged against these Defendants, a claim for money-had-and-received. Because State Farm has failed to plead any factual or legal basis for recovery against P.A.I.N. or the Roopani Defendants, Defendants' Motion to Dismiss should be granted.

     **A.    State Farm's Money-Had-And-Received Claim Must Be Dismissed, Because State Farm Has Failed to Sufficiently Plead Any Facts Showing**

State Farm's opposition relies heavily on *H.E.B., LLC v. Ardinger*, 369 S.W.3d 496, 507 (Tex.App. – Fort Worth 2012), which State Farm contends stands for the proposition that it need not plead any wrongdoing by the party against whom it seeks to recover to plead a viable claim

---

[1] Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm County Mutual Insurance Company of Texas are collectively referred to as "State Farm."

for money-had-and-received.  (ECF Doc. #18) at pp. 25-26.  State Farm's arguments miss the point, however, and also overstate the holding in that case.  While it may be accurate that, under certain circumstances, Texas courts have permitted recovery of money-had-and-received from parties innocent to the initial transaction, what State Farm ignores is that it must first establish that the money "in equity and good conscience belongs to" State Farm.  This requires State Farm to adequately plead that the money allegedly held by the defendants rightfully belongs to State Farm – not solely because it originated with State Farm, but because there is some equitable basis for the money to be returned to State Farm.

The sole allegation in the Complaint as to why Defendants have any money that that "in equity and good conscience belongs to State Farm" is contained in paragraph 81, wherein State Farm alleges:

> Because Dr. Punjwani and P.A.I.N.'s services were not performed, not legitimately performed, or not medically necessary, they had no value. Therefore, in equity and good conscience, Defendants should be required to pay restitution to State Farm Mutual and State Farm County in an amount equal to the total amounts they received…

(ECF Doc. #1) at ¶ 81.  As addressed more fully in the Motions to Dismiss, State Farm has failed to adequately plead that P.A.I.N.'s services were not performed, not legitimately performed, or not medically necessary.  And State Farm's opposition to this motion does nothing to shore this up.  Instead, State Farm attempts to misdirect the Court by suggesting that, despite its consistent use of the term "fraudulent scheme," the pleading standard applicable is not that required by FRCP 9(b), but rather FRCP 8.  As addressed in Defendants' opening motion and in the motion filed by Dr. Punjwani, State Farm's Complaint fails under either standard.

Because State Farm has failed to adequately plead facts to support a finding that any defendant holds any money that "in equity and good conscience belongs to" State Farm's claim for money-had-and-received should be dismissed.

2

**B.     The Roopani Defendants' Motion Should Be Granted Because State Farm Has Failed To Allege Any Basis To Hold Them Personally Liable**

Contrary to State Farm's suggestion, a plaintiff cannot hold the members of an LLC personally liable for claims arising out of the LLC's conduct simply by styling the cause of action as an equitable claim for money-had-and-received.  Notably absent from State Farm's opposition to the instant motion is <u>any</u> legal authority for this suggestion.  To the contrary, Texas courts have consistently required plaintiffs seeking to hold an LLC member personally liable to plead and prove the elements of piercing the corporate veil.  *See, e.g., Chico Auto Parts & Service, Inc. v. Crockett*, 512 S.W.3d 560, 572 (Tex.App. – El Paso 2017) (plaintiff has the burden of affirmatively pleading the proper elements of its theory, and its failure to do so waives alter ego claims); *see also Shook v. Walden*, 368 S.W.3d 604, 613-614 (Texas App. – Austin 2012).

There is no doubt that State Farm has failed to do so here.  The only fact allegations State Farm has pleaded against the Roopani Defendants are contained in paragraphs 20-22 of the Complaint.  And the only fact alleged against them to support State Farm's money-had-and-received count is the conclusory allegation that "As a member of P.A.I.N., [the Roopani Defendants have] received a portion of the funds obtained through Dr. Punjwani and P.A.I.N.'s fraudulent scheme."  *See* ECF Doc. #1 at ¶¶ 20-22.[2]  Even assuming this conclusory allegation could pass the pleading standard required by Rule 8, let alone Rule 9(b), this is not a sufficient basis to find these defendants have any personal liability for the alleged claim.

To the contrary, on its face, the Complaint alleges the basis for liability – receipt of funds paid by State Farm - exists solely by virtue of the fact that these individuals were members of an

---

[2] Confusingly, State Farm contends in its Opposition that it is not "trying to hold [the Roopani Defendants] personally liable for the misconduct of P.A.I.N." (ECF Doc. #18) at p.31. But that is precisely what State Farm is attempting to do.

3

LLC. There is no allegation that any money that belongs to State Farm was paid directly to the Roopanis. To the contrary, the allegation is only that they received a portion of the funds P.A.I.N. allegedly received by virtue of their status as members of P.A.I.N. Section 101.114 of the Texas Business Organizations Code expressly provides that, except to the extent the company agreement specifically provides otherwise, "a member or manager is not liable for a debt, obligation, or liability of a limited liability company." Tex. Bus. Orgs. Code. Ann. § 101.114. Similarly, Section 101.113 further limits a member's liability, stating "A member of a limited liability company may be named as a party in an action by or against the limited liability company only if the action is brought to enforce the member's right against or liability to the company." Tex. Bus. Orgs. Code. Ann. § 101.113; *see also Spring St. Partners-IV, L.P. v. Lam*, 730 F.3d 427, 443 (5th Cir. 2013). There is no allegation in the Complaint that supports any finding of individual liability of the Roopani Defendants. As a result, the claim alleged against them should be dismissed.

## II. CONCLUSION

WHEREFORE, Defendants respectfully request that this Court grant their Motion to Dismiss and enter an order dismissing each Defendant and each of State Farm's claims against Defendants with prejudice. Defendants further pray for all such other relief as this Court deems just and proper.

Respectfully submitted,

POLSINELLI PC

By:*/s/ Lauren E. Tucker McCubbin*
Lauren E. Tucker McCubbin, Esq.
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112
816-753-1000
Fax: 816-753-1536
ltucker@polsinelli.com

4

Mark S. Armstrong, Esq.
Texas Bar No. 01321900
Fed. I.D. No. 219390
1000 Louisiana Street, Suite 6400
Houston, Texas 77002
713-374-1600
Fax: 713-374-1601
marmstrong@polsinelli.com
**Attorney in Charge**

Ebad Khan, Esq.
Texas Bar No. 24092625
Fed. I.D. No. 2810999
1000 Louisiana Street, Suite 6400
Houston, Texas 77002
713-374-1600
Fax: 713-374-1601
ekhan@polsinelli.com

ATTORNEYS FOR DEFENDANTS
PAIN ALLEVIATION & INTERVENTIONAL
NEEDS, LLC N/K/A PAIN ALLEVIATION &
INTERVENTIONAL NEEDS, PLLC
("P.A.I.N."), BARKETALI M. ROOPANI,
ANIL B. ROOPANI, AND SOHAIL B.
ROOPANI

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the above and foregoing pleading was served via (_x___) Court's ECF Notification system; (___) U.S. Mail, postage prepaid; (___) electronic mail; (_____) Federal Express; and/or (___) hand delivery this 16th day of August, 2019, to:

| | |
|---|---|
| Jared T. Heck, Esq. | Todd W. Mensing, Esq. |
| Ross O. Silverman, Esq. | Sammy Ford, IV, Esq. |
| Katten Muchin Rosenman LLP | Ahmad Zavitsanos Anaipakos |
| 525 W. Monroe Street, Suite 1900 | Alavi & Mensing PC |
| Chicago, IL 60661-3693 | 1221 McKinney Street, Suite 2500 |
| 312-902-5200 | Houston TX 77010 |
| Jared.heck@kattenlaw.com | 713-655-1101 |
| Ross.silverman@kattenlaw.com | Fax: 713-655-0062 |
| Emily.travis@kattenlaw.com | tmensing@azalaw.com |
| | sford@azalaw.com |
| Emily L. Travis, Esq. | ATTORNEYS FOR DEFENDANT |
| Katten Muchin Rosenman LLP | NOORUDDIN S. PUNJWANI, M.D. |
| 1301 McKinney Street, Suite 3000 | |
| Houston, TX 77010 | |
| 713-270-3446 | |
| Fax: 713-270-3401 | |
| Emily.travis@kattenlaw.com | |
| ATTORNEYS FOR PLAINTIFFS | |

                                             */s/ Lauren E. Tucker McCubbin*

102756/623194-70116228.1