United States District Court
Southern District of Texas
**ENTERED**
October 04, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS,<br><br>Plaintiffs,<br><br>v.<br><br>NOORUDDIN S. PUNJWANI, M.D.; PAIN ALLEVIATION & INTERVENTIONAL NEEDS, LLC n/k/a PAIN ALLEVIATION & INTERVENTIONAL NEEDS, PLLC; BARKETALI M. ROOPANI; ANIL B. ROOPANI; and SOHAIL B. ROOPANI;<br><br>Defendants. | Case No. 4:19-cv-01491<br><br>Hon. Ewing Werlein, Jr. |

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), and to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is hereby **ORDERED**:

1. This Protective Order shall apply to *State Farm Mutual Automobile Insurance Company, et al. v. Nooruddin S. Punjwani, M.D. et al.*, Case No. 4:19-cv-01491, in the United States District Court for the Southern District of Texas (the "Litigation").

   A. **"Confidential" Documents and Information**

2. This Protective Order shall apply to documents or portions thereof, and to information contained therein, which any party, producing person, or entity designates as "Confidential" in the manner described below. A producing person or entity may designate as "Confidential Material" only information entitled to such protection under applicable law. Any

1

designation of materials as "Confidential" must be made in good faith and in accordance with applicable law.  In addition, the following documents shall be deemed "Confidential" and subject to the provisions of this Protective Order without the requirement of further designation and marking, as set forth below:

    a) Any document containing Protected Health Information ("PHI") as that term is defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); and

    b) All patient files, including file jacket and contents which may include but are not limited to visit notes, photographs/videos/text, operative reports, discharge summaries, radiological films, copies, prints and extracts, medical record abstracts (*e.g.*, history, physical operative reports, consult reports), pathology reports, radiology reports, laboratory reports, entire patient medical records, psychological reports or profiles, diagnostic test results, billing statements, claim forms, explanation of benefit forms, prescriptions, and referrals.

Notwithstanding the designation of documents or information described above in Paragraph 2(a) and (b) as "Confidential," that designation may be challenged in the same manner as challenges are made to any other documents or information so designated.

3.    Except as set forth above, parties and nonparties shall designate "Confidential" information by marking the word "CONFIDENTIAL" on the face of the relevant documents and on each page containing "Confidential" information.

4.    Notwithstanding any other provisions of this Protective Order, documents containing PHI may be publicly used and/or disclosed provided that any personal-identifying information, such as patient names, addresses, phone numbers, and Social Security numbers, are first redacted.  Any party who discloses any such documents shall bear the responsibility of ensuring that the personal-identifying information referenced above is redacted.  Redacted copies and/or versions of such documents shall not be considered and/or treated as "Confidential" under this Protective Order.

5. Any party to this Litigation may designate as "Confidential" documents—or portions thereof—produced by any other party or nonparty. Subject to the provisions of Paragraph 10, the party choosing to make the designation shall give written notice to all other parties as soon as practicable after production is made, but no later than fourteen (14) days after receipt of their production. Notice by the party choosing to designate as "Confidential" documents or information produced by another party or a nonparty shall identify the specific reasons why the documents or information are entitled to confidential treatment under applicable law and the provisions of this Protective Order.

6. Except with the prior written consent of (i) the party or other person who originally designated and/or stamped as "Confidential" a document produced in this Litigation; or (ii) the party who originally designated as "Confidential," pursuant to Paragraph 5, information produced by other parties or nonparties or as hereinafter provided under this Protective Order, no document or information produced and designated as "Confidential" under this Protective Order may be disclosed to any person or entity except as set forth in this Protective Order.

7. For purposes of this Protective Order, the term "document" means all written, electronic, recorded or graphic material, whether produced or created by a party or another person, whether produced pursuant to subpoena, by agreement, or otherwise and shall include but is not limited to interrogatory answers, transcripts of examinations under oath, depositions, pleadings, exhibits, responses to requests for admission, other discovery taken pursuant to the Federal Rules of Civil Procedure, and all other information exchanged by the parties or by any third party in response to discovery requests or subpoenas that quote, summarize, or contain material entitled to protection.

8. To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, databases, or programs stored on computers, disks, networks, or tapes) ("Computerized Material") is produced by any person or entity in such form, the producing person or entity may designate such matter as "Confidential" by cover letter referring specifically to such matter. Whenever any person to whom Computerized Material designated as "Confidential" is produced reduces such material to hard-copy form, such person shall mark "CONFIDENTIAL" on the face of the relevant documents and on each page containing "Confidential" information.

B. **Permissible Disclosures of "Confidential" Documents or Information**

9. "Confidential" documents and information may be disclosed to: (i) the parties to this Litigation; (ii) counsel for the parties in this Litigation; (iii) the partners, associates, secretaries, paralegals, assistants, and employees and/or contractors of such counsel; (iv) persons or entities that are clearly identified in the document as an author, addressee, carbon-copy recipient, or blind carbon-copy recipient; (v) court officials, mediators, or arbitrators involved in this Litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court); (vi) witness and/or potential witnesses – including but not limited to non-parties to whom subpoenas are directed – to the extent reasonably necessary to obtain testimony, obtain documents, or determine the witness' or potential witness' knowledge as it pertains to this Litigation; (vii) consultants, experts, and/or others contacted or retained for the purpose of assisting counsel in the Litigation; (viii) entities and employees of entities involved solely in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data; (ix) any person designated by the Court in the interest of justice, upon such terms

as the Court may deem just and proper; and (x) any other person mutually agreed upon by the parties.

### C. Declassification

10. Notwithstanding the designation of documents or information described above in Paragraph 2 as "Confidential," any "Confidential" designation may be challenged as set forth herein. If any party to the Litigation disputes the "Confidential" designation of any documents, portions of documents, or testimony, the declassification procedure shall be as follows: (a) that party shall give notice to all other parties identifying the reasons concerning why the documents or information are not entitled to "Confidential" treatment (the "Objection"); (b) the parties shall promptly meet and confer in an attempt to resolve their differences by agreement; and (c) if the parties are unable to agree as to whether the designated items are "Confidential," the party that made the designation, within fourteen (14) days of receiving the Objection (unless the parties otherwise agree), must file an appropriate motion with the Court, seeking an order determining whether the items are "Confidential" and entitled to protection under applicable law and this Protective Order. Failure to bring such a motion within fourteen (14) days of receiving an Objection (or within any extended time period agreed to by the parties) shall result in waiver of "Confidential" protection of the documents or information in question. Until resolution of the dispute is achieved either through (a) failure to bring a motion, (b) consent, or (c) Court order, all parties shall treat the documents or information in question as "Confidential."

### D. Use of "Confidential" Documents or Information in a Deposition

11. A deponent may be shown and examined about a "Confidential" document or information during a deposition if the deponent is the author or a named recipient of the document or if the deponent is advised of the provisions of this Order. If a "Confidential" document is entered as an exhibit to the deposition, it shall be kept under seal. Unless provided in a manner

authorized under this Protective Order, deponents shall not retain or copy any "Confidential" document that is provided to them during the course of their deposition.

12. Subject to the provisions of Paragraph 11, parties and deponents may, within 21 days after receiving the official deposition transcript, designate lines or pages of the transcript (and/or exhibits thereto) as "Confidential." "Confidential" information within the deposition transcript may be designated by providing written notice to all other parties of the page and line numbers that contain "Confidential" information. If a "Confidential" designation is made, the "Confidential" portions and exhibits shall be subject to the terms of this Protective Order and may only be accessed and reviewed in accordance with the terms contained in this Protective Order.

### E. Use of "Confidential" Documents or Information at a Hearing or Trial

13. Nothing in this Protective Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing. "Confidential" documents or information may be offered in evidence at trial or any Court hearing, provided that such documents or other information shall be retained under seal by the Court or the trier of fact, if the Court so determines, and be subject to the terms of this Protective Order. Any party may also move the Court for an order that the evidence be received *in camera* or pursuant to any other conditions to prevent unnecessary disclosure. Nothing contained in this Paragraph shall prohibit any party from moving the Court for an order that the party may deem appropriate regarding the use of "Confidential" documents at a Court hearing or trial.

### F. Use of "Confidential" Documents or Information in Legal Documents

14. A party that seeks to file any letter, pleading, motion, brief, memoranda, or other paper that contains "Confidential" information must comply with the Local Rules and Orders of this Court. Only those portions of Court filings containing "Confidential" information shall be filed under seal. The public version of the document shall be as complete as possible, but the filing

6

party may redact the "Confidential" material or refer to it in a way that does not reveal the "Confidential" information. A courtesy copy of the filing containing the "Confidential" material or information shall be delivered to the Court and a full copy of any such sealed submission shall be served upon counsel for the parties. Such service may be effected by e-mail. Nothing contained herein limits a producing party's use or disclosure of its own discovery material.

15. If any party objects to identified portions of the materials remaining under seal, it shall state its objections in an electronically delivered letter to the appropriate counsel of record. The interested parties shall promptly meet-and-confer to attempt to resolve those objections and, if they cannot be resolved, shall promptly tender those objections to the Court for resolution.

**G.    Use**

16. Persons obtaining access to "Confidential" documents or information under this Protective Order shall use the "Confidential" information only for purposes of this Litigation (including any and all subsequent proceedings in this Litigation, such as appeal), and shall not use such information for any other purpose.

17. In the event that any person or entity referred to in Paragraph 9 of this Protective Order is served with legal process purporting to require the disclosure of any "Confidential" information (the "Disclosing Entity") by any person or entity not covered by this Protective Order, including, without limitation, other insurance carriers, state, local, or federal agencies, or litigants in other litigation (the "Requesting Entity"), the Disclosing Entity shall give notice thereof, by telephone, email, and/or facsimile, as soon as practicable prior to the requested disclosure to the party, entity, or person that designated the information "Confidential" to afford that party, entity, or person an opportunity to intervene. The Disclosing Entity shall not disclose the "Confidential" information for a period of ten (10) days in order to allow such party, entity, or person to take the steps necessary to preserve the confidentiality of such information or document.

18.     Nothing in this Protective Order shall prohibit, restrict, or require an authorization for the retention, use, or disclosure of nonpublic medical information and records by Plaintiffs as authorized or as reasonably required by federal or state law or regulation, or court order or rule.

**H.     Termination**

19.     The provisions of this Protective Order shall not terminate at the conclusion of this Litigation.  However, within 120 days after final conclusion of all aspects of this Litigation (including all appeals), except as otherwise provided in Paragraph 20, "Confidential" documents and all copies (including excerpts) shall be returned to the party or person that produced such documents or shall be destroyed.  Counsel shall be entitled to retain pleadings and transcripts, and the exhibits thereto, affidavits, motions, briefs, or other papers filed with the Court, as well as any memoranda, notes, or other work product, even if they contain "Confidential" information, so long as counsel protects that information consistent with the terms of this Protective Order.

20.     Nothing in this Protective Order shall require Plaintiffs to destroy any documents that Plaintiffs are otherwise required to maintain pursuant to applicable insurance regulations, including antifraud regulations; any evidentiary hold orders in connection with other litigation; statutory requirements, including applicable statutes of limitations; and Plaintiffs' regular business practices for destruction of documents.

**I.     Modification Permitted**

21.     Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

    **L.**    **Responsibility of Attorneys**

22.    The attorneys of record are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to, and distribution of copies of "Confidential" documents.

    **K.**    **No Waiver**

23.    Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), if information subject to a claim of attorney-client privilege or work product immunity is inadvertently, unintentionally, or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel regarding, any claim of privilege or work product immunity for such information under any circumstances. If a party has inadvertently, unintentionally, or mistakenly produced information subject to a claim of immunity or privilege, upon written request made by the producing party within twenty-one (21) days of discovery (by any party) of such inadvertent, unintentional, or mistaken production, the document or information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) business days of such request unless the receiving party intends to challenge the producing party's assertion of privilege or immunity. All copies of inadvertently or mistakenly produced documents shall be destroyed, any document or material information reflecting the contents of the inadvertently produced document or information shall be expunged, and to the extent that the inadvertently produced documents or information have been disclosed to a third-party, the receiving party must take reasonable steps to retrieve the document or information and shall destroy the same. If a receiving party objects to the return of such document or information within the seven (7) business day period described above, the producing party may move the Court for an order compelling the return of such document or information. Pending the Court's ruling, a receiving party may retain the inadvertently or mistakenly produced document(s), in a sealed envelope if produced in hard

copy format, or as part of the original transmittal file if produced in the form of electronic or magnetic media, but the receiving party shall not review, disclose, use, or make any use of such document(s) or information contained therein in any manner whatsoever, including in connection with any objection to the return of such document(s).

24. Review of the "Confidential" documents and information by counsel, experts, or consultants for the parties in the Litigation shall not waive the confidentiality of the documents or objections to production.

25. The inadvertent, unintentional, or *in camera* disclosure of "Confidential" documents shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality, as to the documents themselves, or as to any other documents or information not disclosed. Nothing contained in this Paragraph shall prevent a party from moving the Court for an order declaring that a disclosure was inadvertent or unintentional.

26. The intentional disclosure of a "Confidential" document in a manner in violation of or inconsistent with the terms of this Protective Order shall be submitted to the Court for consideration of appropriate relief. Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the "Confidential" documents sought.

**L.    HIPAA**

27. The Court explicitly finds that this Order is necessary to ensure the parties' compliance with HIPPA and its accompanying rules and regulations governing the disclosure, maintenance, use and disposal of PHI. *See generally* 45 C.F.R. 160.103 & 164.501

28. The following special treatment is to be provided to any document which contains PHI of any party or non-party:

a) The parties are to exchange any documents covered by HIPAA only after the entry of this Protective Order;

b) Pursuant to the provisions of HIPAA, this Order extends to all HIPAA protected content and will operate in place of authorizations by those individuals whose files are the basis of the action at bar;

c) The parties are prohibited from using or disclosing the protected PHI for any purpose other than the Litigation; and

d) At the conclusion of this Litigation, as indicated by a Court-entered order of dismissal, all parties and other persons or entities subject to this Order possessing PHI received from parties or non-parties shall by agreement either return it to the party or non-party about whom it concerns or their attorney of record in this lawsuit or destroy it in compliance with 45 C.F.R. 164.512(e), such as by shredding, pulverizing, melting, incinerating, or degaussing. In the event a party elects to destroy the PHI, it shall supply to the covered entity a sworn affidavit verifying the destruction. In no event shall any original, protected PHI be destroyed.

29. The parties agree that, based on the provisions set forth in Paragraph 28(a)–(d), this Protective Order is a "qualified protective order" as defined by HIPAA. 45 CFR 164.512(e)(1)(v).

### M. Third-Party Productions

30. The protections under this Protective Order extend to any information or documents produced by any third-parties pursuant to a subpoena served by any party to this litigation.

Signed on this 3rd day of October, 2019

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

Stipulated and agreed to by:

| | |
|---|---|
| **KATTEN MUCHIN ROSENMAN, LLP** | **POLSINELLI PC** |
| By: /s/ Jared T. Heck<br>*Attorneys for Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm County Mutual Insurance Company of Texas* | By: /s/ Lauren E. Tucker McCubbin<br>*Attorneys for Defendants Pain Alleviation & Interventional Needs, LLC n/k/a Pain Alleviation & Interventional Needs, PLLC ("P.A.I.N."); Barketali M. Roopani; Anil B. Roopani; and Sohail B. Roopani (the "Roopani Defendants")* |
| Dated: | Dated: |
| Ross O. Silverman (IL Bar No. 6226560)<br>Katten Muchin Rosenman LLP<br>525 West Monroe Street<br>Chicago, IL 60661-3693<br>P: (312) 902-5200<br>F: (312) 577-8989<br>ross.silverman@kattenlaw.com | Mark S. Armstrong, Esq.<br>Texas Bar No. 01321900<br>Fed. I.D. No. 219390<br>POLSINELLI PC<br>1000 Louisiana Street, Suite 6400<br>Houston, Texas 77002<br>713-374-1600<br>Fax: 713-374-1601<br>marmstrong@polsinelli.com |
| ATTORNEY-IN-CHARGE FOR PLAINTIFFS | Attorney-in-Charge |
| Of Counsel:<br>Brian Antweil (S.D. Tex. No. 12482)<br>Emily Rochy (S.D. Tex. No. 1358194)<br>Katten Muchin Rosenman LLP<br>1301 McKinney Street, Suite 3000<br>Houston, TX 77010-3033<br>(713) 270-3402<br>brian.antweil@kattenlaw.com<br>emily.rochy@kattenlaw.com | Lauren E. Tucker McCubbin, Esq.<br>900 W. 48th Place, Suite 900<br>Kansas City, Missouri 64112<br>816-753-1000<br>Fax: 816-753-1536<br>ltucker@polsinelli.com<br>Application for Admission to be Filed |
| Jared T. Heck (IL Bar No. 6289711)<br>Katten Muchin Rosenman LLP<br>525 West Monroe Street<br>Chicago, IL 60661-3693<br>(312) 902-5200<br>jared.heck@kattenlaw.com | Ebad Khan, Esq.<br>Texas Bar No. 24092625<br>Fed. I.D. No. 2810999<br>1000 Louisiana Street, Suite 6400<br>Houston, Texas 77002<br>713-374-1600<br>Fax: 713-374-1601<br>ekhan@polsinelli.com |

**AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.**

By:  /s/ Sammy Ford IV
*Attorneys for Defendant Nooruddin S. Punjwani, M.D.*

Dated:

Todd W. Mensing
State Bar No. 24013156
Federal Bar No. 302944
tmensing@azalaw.com
Sammy Ford IV
Texas Bar No. 24061331
Federal Bar No. 950682
sford@azalaw.com
AHMAD, ZAVITSANOS, ANAIPAKOS,
   ALAVI & MENSING P.C.
1221 McKinney, Suite 2500
Houston, Texas 77010
(713) 600-4979 (Phone)
(713) 655-0062 (Fax)