**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,** )<br>)<br>)<br>**Plaintiffs,** )<br>)<br>**v.** )<br>)<br>**NOORUDDIN S. PUNJWANI, M.D., et al.,** )<br>)<br>**Defendants.** ) | **Case No. Case No. 4:19-cv-01491** |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS' PAIN ALLEVIATION & INTERVENTIONAL NEEDS, PLLC, BARKETALI M. ROOPANI, ANIL B. ROOPANI, AND SOHAIL B. ROOPANI

For their Answer and Affirmative Defenses to Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm County Mutual Insurance Company of Texas (collectively "State Farm")'s Complaint, Defendants Pain Alleviation & Interventional Needs, PLLC ("P.A.I.N."), Barketali M. Roopani, Anil B. Roopani, and Sohail B. Roopani (collectively, "Defendants") state and allege as follows:

## I.     NATURE OF THE ACTION

1.      Defendants deny the allegations in paragraph 1 of the Complaint that any medical bills or documents submitted by P.A.I.N. to State Farm were fraudulent, or that P.A.I.N. knowingly submitted bills and/or supporting documentation for any medically unnecessary treatment.

2.      Paragraph 2 does not include any allegations of fact regarding Defendants.  To the extent a response is required, Defendants deny the allegations contained in paragraph 2 of the Complaint.

3.      Denied.

4.      Denied.

5.      Paragraph 5 contains legal conclusions.  To the extent a response is required, it is denied.

6.      Paragraph 6 contains legal conclusions.  To the extent a response is required, it is denied.

7.      Denied.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Defendants deny State Farm is entitled to any of the damages sought.

## II.    JURISDICTION AND VENUE

13.     Defendants admit this Court has jurisdiction over claims brought pursuant to 18 U.S.C. § 1961 *et seq.*, but deny State Farm has alleged any such claim against Defendants.

14.     Defendants deny this Court should have jurisdiction over the single claim alleged against them, because State Farm has failed to allege a claim under 18 U.S.C. § 1961 *et seq.* upon which relief can be had, and there is no independent basis for this Court to exercise jurisdiction over the money-had-and-received claim alleged against Defendants.

15.     Admit.

## III.   THE PARTIES

### A.     Plaintiffs

16.     Admit.

17.     Admit.

102756/623194-71985805.2

**B.** **Defendants**

18.     Defendants admit Dr. Punjwani resides in and is a citizen of the State of Texas, that he is and, at all relevant times to this dispute, has been licensed to practice medicine in Texas. Defendants further admit Dr. Punjwani has performed evaluations and injections at P.A.I.N. Defendants deny the remainder of the allegations in paragraph 18.

19.     Defendants admit P.A.I.N. is currently a Texas professional limited liability company, and was formed on or about July 8, 2015, with its registered office located at 3711 Garth Road, Suite 306, Baytown, Texas 77521. Defendants admit from formation through on or about June 29, 2018, that Barketali M. Roopani was the sole member of P.A.I.N., but deny that Anil B. Roopani and Sohail B. Roopani were ever members of P.A.I.N. Defendants admit Rahil B. Roopani, M.D. is the sole member if P.A.I.N., and resides in and is a citizen of Texas. Defendants admit P.A.I.N. provides healthcare services at the following four locations: (a) 19875 SW Freeway, Suite 100, Sugarland, Texas 77479; (b) 4001 W Sam Houston Pkwy N, Houston, Texas 77043; (c) 2416 W Holcombe, Houston, Texas 77030; and (d) 3711 Garth Road, Suite 160, Baytown, Texas 77521, the first three of which are also locations where Elite offers MRI services. Defendants deny the remainder of the allegations in paragraph 19.

20.     Defendants admit Barketali M. Roopani resides in and is a citizen of the State of Texas, is a layperson and not licensed to practice medicine in Texas, is identified as a member of P.A.I.N. on the Texas Franchise Tax Public filed with the Texas Secretary of State on January 31, 2018, and was a member of P.A.I.N. from its formation through on or about June 29, 2018. Defendants deny the remainder of the allegations in paragraph 20.

21.     Defendants admit Anil B. Roopani resides in and is a citizen of the State of Texas, is a layperson and not licensed to practice medicine in Texas, and is identified as P.A.I.N.'s

manager and registered agent on the Certificate of Amendment that P.A.I.N. filed with the Texas Secretary of State on January 23, 2016. Defendants deny the remainder of the allegations in paragraph 21.

22.     Defendants admit Sohail B. Roopani resides in and is a citizen of the State of Texas and is a layperson and not licensed to practice medicine in Texas. Defendants deny the remainder of the allegations in paragraph 22.

## IV.     ALLEGATIONS COMMON TO ALL COUNTS

### A.     The Legitimate Diagnosis and Treatment of Neck and Back Pain

23.     Admit.

24.     Defendants admit the treatment of patients is individualized, but denies that all patients' treatment necessarily relies on each articulated basis in every circumstance.

25.     Defendants deny the first two sentences in paragraph 25.  Defendants admit the last sentence in paragraph 25.

### B.     The Legitimate Use of ESIs and Other Common Spinal Injections

26.     Admit.

27.     Defendants admit the first three sentences in paragraph 27.  Defendants deny the remainder of the allegations in paragraph 27.

28.     Defendants admit the first five sentences in paragraph 28. Defendants deny any and all medical authorities relied upon by State Farms in determining there is an increased level of technical expertise required to perform transforminal ESIs, and that this type of injection allows for greater precision in targeting the source of patient's pathology which results in a more concentrated delivery of the steroid into the affected area. Defendants deny the remainder of the allegations in paragraph 28.

4

29.     Defendants deny that paragraph 29 accurately reflects the steps taking prior to the recommendation of an ESI.  Further, Defendants deny the characterization that Dr. Punjwani's initial exam reports reveal the same cursory examinations and result in recommendations that virtually all patients with neck and/or back pain receive interlaminar ESIs, and his recommendation that virtually all such patients seen after December 2015 receive a series of three interlaminar ESIs.

30.     Defendants deny State Farm's assertion that a "series of three" ESIs is not medically necessary, and the medical authorities relied upon as the foundation of such assertion. Defendants admit patients should be examined and assessed after each ESI to determine if another injection is warranted. Further, with respect to sentences four through six, Defendants deny State Farm's assertions that a patient who receives minimal or no relief from an initial or second ESIs is less likely to benefit from any subsequent ESIs, and the medical authorities relied upon as the foundation of such assertions.

31.     Defendants deny the allegations in the first sentence in paragraph 31.  With respect to the remainder of the allegations, Defendants deny any allegation inconsistent with the medical records and testimony of the individuals involved.

### 1.     Fluoroscopic Guidance

32.     Admit.

33.     Defendants deny any allegation in paragraph 33 inconsistent with the documents to which they refer, and further deny the remainder of the allegations in paragraph 33.

### 2.     Risks and Costs Associated with Spinal Injections

34.     Defendants deny the characterization of the risks associated with ESIs contained in paragraph 24 of the Complaint, as well as the suggestion that ESIs should rarely, if ever, be

performed, or that the benefits of ESIs are outweighed by the risks.  Defendants further deny State Farm's suggestion regarding the "costs" of ESIs by reference to the amounts "charged," as those are not equivalent terms.

35.     Denied.

**C.     Allegations of Fraudulent Evaluations and Treatment Recommendations**

36.     Defendants deny the existence of any "scheme," and further deny the suggestion that the evaluations referenced in paragraph 26 were "purported" rather than legitimate. Defendants admit Dr. Punjwani takes patients' history, performs physical exams, and arrives at treatment plans.  Defendants deny the remaining allegations in paragraph 36.

37.     Denied.

**1.     Allegedly Fraudulent Exam Findings**

38.     Denied.

39.     Defendants admit the first two sentences of paragraph 39, and deny the remainder of the allegations in that paragraph.

40.     Defendants deny any allegation in paragraph 40 inconsistent with the documents referred therein, and further deny any suggestion that Dr. Punjwani's treatment of patient D.L. was improper.

41.     Defendants deny any allegation in paragraph 41 inconsistent with the documents referenced therein, and further deny any allegation that Dr. Punjwani fails to maintain proper documentation or that Dr. Punjwani does not legitimately evaluate and consider patients' responses to prior treatment to determine their treatment plan.

42.     Defendants respond that the records referred to in paragraph 42 speak for themselves and deny any allegation inconsistent with those records.

6

43.     Defendants deny the allegation in paragraph 43 that Dr. Punjwani fails to conduct a "legitimate examination" of his patients.  Defendants further deny any characterization or allegation regarding the patients described in paragraph 43 inconsistent with the records referred to in paragraph 43.  Defendants further deny that any of the records referenced in paragraph 43 contradict or fail to support the treatment recommendations made by Dr. Punjwani for the patients referred to in paragraph 43.

44.     Defendants deny the allegation that Dr. Punjwani fails to conduct meaningful physical evaluation of his patients, and further denies the characterization of Dr. Punjwani's Initial Exam Reports contained in paragraph 44.  Defendants further respond that those records speak for themselves and respectfully refer the Court to those documents for their contents.  Defendants further deny the last sentence of paragraph 44.

45.     Defendants deny the characterization of Dr. Punjwani's documentation described in paragraph 45, and further deny the over-generalization of the test and standards for recording the result alleged in paragraph 45.

46.     Defendants respond that the records referenced in paragraph 46 speak for themselves and respectfully refer the Court to those documents for their contents.  Defendants deny any allegation in paragraph 46 inconsistent with those records.  Defendants further deny any allegation about what "should be documented" or the implication that Dr. Punjwani failed to comply with the appropriate standards associated with diagnosing and documenting his evaluation and treatment recommendations.  Defendants further deny the allegation that the tests allegedly performed by Dr. Punjwani lack any clinical value.

47.     Defendants deny Dr. Punjwani has "predetermined treatment recommendations." Defendants further respond that the records referenced in paragraph 47 speak for themselves and

7

respectfully refer the Court to those documents for their contents.  Defendants deny any allegation in paragraph 47 inconsistent with those records.   Defendants deny the allegation that Dr. Punjwani's treatment recommendations for the patients referenced in paragraph 47 were unjustified.

48.     Defendants respond that the records referenced in paragraph 48 speak for themselves and respectfully refer the Court to those documents for their contents.  Defendants deny any allegation in paragraph 48 inconsistent with those records.  Defendants further deny the allegation in paragraph 48 that Dr. Punjwani's treatment of patient W.H. was improper, or that any such treatment reflects any alleged improper "scheme" or supports a finding of any "fraudulent" conduct by Defendants.

49.     Defendants respond that the records referenced in paragraph 49 speak for themselves and respectfully refer the Court to those documents for their contents.  Defendants deny any allegation in paragraph 49 inconsistent with those records.

## 2.     Allegedly Fraudulent MRI Findings

50.     Defendants respond that the records referenced in paragraph 50 speak for themselves and respectfully refer the Court to those documents for their contents.  Defendants deny any allegation in paragraph 50 inconsistent with those records. Defendants deny the conclusory allegation in the last sentence of paragraph 50.

51.     Defendants deny the allegations regarding the ownership of Elite and P.A.I.N. Defendants further respond that the allegations purport to be based upon records, which such records speak for themselves and respectfully refer the Court to those documents for their contents. Defendants deny any allegation in paragraph 51 inconsistent with those records.  Defendants

further deny the conclusory allegations regarding the credibility of Dr. Punjwani's findings alleged in paragraph 51.

52.     Defendants respond that the records referenced in paragraph 52 speak for themselves and respectfully refer the Court to those documents for their contents.  Defendants deny any allegation in paragraph 52 inconsistent with those records.  Defendants further deny the allegations that Dr. Punjwani embellished or fabricated findings to support his recommendations, or that he recommended medically unnecessary ESIs.

53.     Defendants do not deny that PI Attorneys may use the treatment records and billings for Dr. Punjwani's services in connection with their claims, but deny any suggestion that Defendants provided any false or fraudulent information or were aware of, or complicit in, any false or fraudulent claims for payment from State Farm.  Defendants further respond that the documents referenced in paragraph 53 speak for themselves and deny any allegations in paragraph 53 inconsistent with those documents.

### 3.     Allegedly Fraudulent Treatment Recommendations

54.     Denied.

55.     Defendants respond that the records referenced in paragraph 55 speak for themselves and respectfully refer the Court to those documents for their contents.  Defendants deny any allegation in paragraph 55 inconsistent with those records, and further deny the conclusory statements in paragraph 55 about what "one would expect to see" in connection with those records.

56.     Defendants respond that the records referenced in paragraph 56 speak for themselves and respectfully refer the Court to those documents for their contents.  Defendants deny any allegation in paragraph 56 inconsistent with those records.

57.     Defendants respond that the records referenced in paragraph 57 speak for themselves and respectfully refer the Court to those documents for their contents.  Defendants deny any allegation in paragraph 57 inconsistent with those records.  Defendants further deny the allegations regarding "peer-reviewed medical literature and professional medical society guidelines," as no such authority is identified anywhere in the Complaint.  Defendants further deny the last sentence in paragraph 57.  Defendants further deny State Farm has pleaded any evidence to support a conclusion that Dr. Punjwani made "Fraudulent Treatment Recommendations" or from which it may be concluded that he did so on a regular basis or pursuant to any "scheme."

**D.     The Allegedly Fraudulent Operative Reports**

58.     Defendants respond that the records referenced in paragraph 58 speak for themselves and respectfully refer the Court to those documents for their contents.  Defendants deny any allegation in paragraph 58 inconsistent with those records.  Defendants further expressly deny the allegation that P.A.I.N. knowingly submitted or caused to be submitted any fraudulent reports or bills.

59.     Defendants respond that the records referenced in paragraph 59 speak for themselves and respectfully refer the Court to those documents for their contents.  Defendants deny any allegation in paragraph 59 inconsistent with those records.

60.     Defendants respond that the records and correspondence referenced in paragraph 60 speak for themselves and respectfully refer the Court to those documents for their contents.  Defendants deny any allegation in paragraph 60 inconsistent with those records.  Defendants further deny the allegations in paragraph 60 about what films doctors "should maintain," as well as any suggestion that the absence of such films is evidence that procedures did not, in fact, occur.

61.     Defendants respond that the records referenced in paragraph 61 speak for themselves and respectfully refer the Court to those documents for their contents.  Defendants deny any allegation in paragraph 61 inconsistent with those records.  Defendants further deny the speculative conclusion that these records were not credible.

62.     Defendants respond that the records referenced in paragraph 62 speak for themselves and respectfully refer the Court to those documents for their contents.  Defendants deny any allegation in paragraph 62 inconsistent with those records. Defendants further deny that the alleged testimony of patients M.S. or C.B. is inconsistent with Dr. Punjwani's Operative Reports.

**E.     Allegations that the Above Procedures Were Recommended and Performed to Support Fraudulent Charges.**

63.     Defendants deny the allegation in paragraph 63 that any services were "purported, and lack sufficient information to admit or deny the remainder of the allegations in paragraph 63 and therefore deny the same.

64.     Defendants respond that the bills referenced in paragraph 64 speak for themselves and deny any allegation in paragraph 64 inconsistent with those documents.

65.     Defendants deny that P.A.I.N.'s charges are grossly excessive.  Defendants lack sufficient information to admit or deny the remainder of the allegations in paragraph 65 and therefore deny the same.

66.     Denied.

**F.     State Farm Mutual and State Farm County's Alleged Injuries**

67.     Denied.

68.     Denied.

69.     Denied.

## V.     CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### VIOLATION OF 18 U.S.C. § 1962(c)
### (Against Defendant Noorudin S. Punjwani, M.D.)

Because The First Claim is not alleged against Defendants, no response is technically required.  Nonetheless, Defendants deny all allegations in support of the First Claim for Relief in the Complaint, and further deny State Farm is entitled to any of the relief sought therein.

### SECOND CLAIM FOR RELIEF
### MONEY HAD AND RECEIVED
### (Against All Defendants)

77.     Defendants incorporate by reference herein their response to the allegations above.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

## VI.     WHEREFORE CLAUSE

Defendants deny State Farm is entitled to any of the relief sought in the Wherefore Clause in the Second Claim for Relief

## VII.     GENERAL DENIAL

Defendants deny any and all allegations in the Complaint not specifically admitted herein.

## VIII.     JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants demand a trial by jury.

## IX.   AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with State Farm, Defendants further plead the following defenses to the claims contained in the Complaint:

1.     State Farm's Complaint fails to state a claim against Defendants for which relief can be granted.

2.     State Farm's claims are barred by waiver, estoppel, ratification, and/or laches.

3.     State Farm's claims are barred by the voluntary payment doctrine.

4.     Any relief due to State Farm is the result of State Farm's actions, or the actions of third parties over which Defendants have no control, and is not attributable to Defendants and Defendants are therefore not responsible for that relief.

5.     Defendants reserve the right to plead such other affirmative defenses as may become known to them throughout the course of discovery.

Dated:   January 21, 2020                         Respectfully submitted,


POLSINELLI PC

By:*/s/ Mark S. Armstrong*
Mark S. Armstrong, Esq.
Texas Bar No. 01321900
Fed. I.D. No. 219390
1000 Louisiana Street, Suite 6400
Houston, Texas 77002
713-374-1600
Fax: 713-374-1601
marmstrong@polsinelli.com
**Attorney in Charge**

Lauren E. Tucker McCubbin, Esq.
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112
816-753-1000
Fax: 816-753-1536
ltucker@polsinelli.com

13

Ebad Khan, Esq.
Texas Bar No. 24092625
Fed. I.D. No. 2810999
1000 Louisiana Street, Suite 6400
Houston, Texas 77002
713-374-1600
Fax: 713-374-1601
ekhan@polsinelli.com

ATTORNEYS FOR DEFENDANTS
PAIN ALLEVIATION & INTERVENTIONAL
NEEDS, LLC N/K/A PAIN ALLEVIATION &
INTERVENTIONAL NEEDS, PLLC
("P.A.I.N."), BARKETALI M. ROOPANI,
ANIL B. ROOPANI, AND SOHAIL B.
ROOPANI

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2020, I electronically filed the foregoing Answer with the Clerk of Court using the CM/ECF system which will send notification to all counsel of record:

Jared T. Heck, Esq.
Ross O. Silverman, Esq.
Eric T. Gortner, Esq.
Katten Muchin Rosenman LLP
525 W. Monroe Street, Suite 1900
Chicago, IL  60661-3693
312-902-5200
Jared.heck@kattenlaw.com
Ross.silverman@kattenlaw.com
Eric.gortner@kattenlaw.com

Emily L. Travis, Esq.
Katten Muchin Rosenman LLP
1301 McKinney Street, Suite 3000
Houston, TX  77010
713-270-3446
Fax:  713-270-3401
Emily.travis@kattenlaw.com
ATTORNEYS FOR PLAINTIFFS

Todd W. Mensing, Esq.
Sammy Ford, IV, Esq.
Ahmad Zavitsanos Anaipakos
Alavi & Mensing PC
1221 McKinney Street, Suite 2500
Houston TX 77010
713-655-1101
Fax:  713-655-0062
tmensing@azalaw.com
sford@azalaw.com
ATTORNEYS FOR DEFENDANT
NOORUDDIN S. PUNJWANI, M.D.

*/s/ Mark S. Armstrong*
Mark S. Armstrong, Esq.
Texas Bar No. 01321900
Fed. I.D. No. 219390
1000 Louisiana Street, Suite 6400
Houston, Texas 77002
713-374-1600
Fax: 713-374-1601
marmstrong@polsinelli.com

15