# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM COUNT MUTUAL INSURANCE COMPANY OF TEXAS, <br><br> Plaintiffs, <br><br> v. <br><br> NOORUDDIN S. PUNJWANI, M.D.; PAIN ALLEVIATION & INTERVENTIONAL NEEDS, LLC n/k/a PAIN ALLEVIATION & INTERVENTIONAL NEEDS, PLLC; BARKETALI M. ROOPANI; ANIL B. ROOPANI; and SOHAIL B. ROOPANI, <br><br> Defendants. | Case No. 4:19-CV-01491 <br> Hon. Ewing Werlein, Jr. |

## NON-PARTY ELITE HEALTH SERVICES – SUGAR LAND, MEDICAL CENTER HEALTHCARE SERVICES, L.P., D/B/A ELITE HEALTH SERVICES – MEDICAL CENTER AND CLAY HEALTHCARE SERVICES, LLC, D/B/A ELITE HEALTH SERVICES – WEST HOUSTON'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' NON-PARTY SUBPOENAS

COME NOW Elite Health Services – Sugar Land, Medical Center Healthcare Services, L.P., d/b/a Elite Health Services – Medical Center and Clay Healthcare Services, LLC, d/b/a Elite Health Services – West Houston, by and through their counsel Polsinelli PC, and make the following responses and objections to Plaintiffs' non-party subpoenas *duces tecum*.

## PRELIMINARY STATEMENT

On June 1, 2020, Plaintiffs filed a Notice of Non-Party Subpoenas and Subpoenas were issued to Elite Health Services – Sugar Land, Medical Center Healthcare Services, L.P., d/b/a Elite Health Services – Medical Center and Clay Healthcare Services, LLC, d/b/a Elite Health

73778551.1

Services – West Houston (collectively "Elite" or "Elite Health Services"). Elite accepted service of the subpoenas on June 3, 2020.

Elite have not completed their investigation of the facts relating to this case. All of the responses contained herein are based only upon such information and documents as are presently available and specifically known to Elite.

The following responses are given without prejudice to Elite's right to produce evidence of any subsequent discovery of fact or facts which these responding parties may later recall. Elite accordingly reserves the right to supplement or change any and all responses herein as additional facts are ascertain.

## **GENERAL OBJECTIONS**

1.      Elite objects to Plaintiffs' Subpoena on the grounds and to the extent that the requests seek documents or information protected by attorney-client or attorney work product privilege, the business strategy privilege, or any other applicable privilege or protection. Elite will not produce such privileged or protected information. Elite reserves the right, in its sole discretion, to produce documents in redacted form so that privileged, protected non-responsive or irrelevant information is not disclosed.

2.      Elite objects to Plaintiffs' Subpoena on the grounds and to the extent that the requests are overbroad, seek irrelevant information, are unduly burdensome, duplicative, unreasonably cumulative, harassing, not reasonably calculated to lead to the discovery of admissible evidence or seek information not available through Elite's reasonable efforts to search for responsive information.

3.      Elite further objects to the Subpoena's requests on the grounds, and to the extent, that they seek information not reasonably accessible to Elite Health Services and not available through a reasonably diligent search of files believed to contain relevant information, including,

2

73778551.1

without limitation, to the extent that they would require Elite Health Services to search through large quantities of unresponsive files or electronic data in order to retrieve marginally responsive mentions of relevant information.

4. Elite Health Services objects to the Subpoenas to the extent that they seek information not in Elite Health Services' possession, custody, or control.

5. Elite Health Services objects to the Subpoenas to the extent that they seek information that is publicly available.

6. Elite Health Services objects to the Subpoenas to the extent the requests are vague, ambiguous, or overly broad. Elite Health Services additionally objects to the Subpoenas to the extent they seek "all Documents and Communications" concerning a given subject matter and to the extent they purport to require Elite Health Services to search all or each and every computer system and application and produce all of the data from each computer system and application. To the extent these requests seek data from all Elite Health Services' sources, they seek data from sources that are not reasonably accessible and Elite Health Services objects to preserving, searching for, collecting, reviewing or producing such information. Elite Health Services further objects to the extent the phrase "all Documents and Communications" purports to request the production of all email or all correspondence regarding or relating to a given subject matter. Elite objects to searching the files of all of its employees and employee electronic mailboxes for references to a given subject matter on the grounds of undue burden, cost and the unlikelihood that it would lead to any discoverable evidence. Preserving, collecting, searching, reviewing and producing the correspondence, including email, for every Elite Health Services' employee and in every employee electronic mailbox is not reasonably accessible because of the expense, time and burden involved. In responding to these Subpoena requests,

Elite Health Services will search the files, including emails, of those employees likely to have documents responsive to the request if applicable.

7. Elite Health Services further objects to the extent the subpoena violates Fed. R. Civ. P. 45(c)(1) by failing to take reasonable steps to avoid imposing an undue burden and expense on Elite, non-parties to the above-captioned litigation. Elite is willing to attempt to negotiate search terms and other parameters for the subpoena and attempt to agree on parameters that result in a volume of documents to be collected, searched, reviewed and produced that is reasonable and proportional. If the parties cannot agree on parameters, Elite will be requesting cost-shifting to cover its costs of collection, review and production.

8. Elite objects to the Subpoenas to the extent that they imply the existence of facts or circumstances that do not or did not exist, and to the extent that they state or assume legal conclusions. In responding, Elite does not admit the factual or legal premise of any request.

9. Elite objects to each and every request, definition and instruction contained in the Subpoena to the extent any such request, definition or instruction contains inaccurate, incomplete, or misleading descriptions of the facts, persons, relationships, events, and pleadings underlying this action. The production of any information shall not constitute Imperial's agreement with or acquiescence to any such descriptions.

10. The failure of Elite to object to a request in the Subpoena on a specific ground shall not be construed as a waiver of Elite Health Services' right to object on that ground or any additional ground.

11. The voluntary production of documents or information that may otherwise fall within any objection is not a waiver of that objection as to other documents or information.

73778551.1

12. Elite reserves the right to amend and/or supplement its responses and objections to the Subpoena requests.

13. To the extent that it undertakes to produce documents in response to any specific request, Elite Health Services is not representing that any such documents exist.

14. Elite's responses and objections to the Subpoenas are made reserving, and without waiver of

    a. all rights to object subsequently to the competency, relevance, materiality, privilege, or admissibility as evidence in any proceeding, action, or matter of any information that Elite produces in response to the Subpoenas;

    b. all rights to object on any ground to the use of any such responses and objections, or the subject matter thereof, in any proceeding, action, or matter;

    c. all rights to object on any ground and at any time to a demand or request for further response to these or other Subpoenas, or to proceedings involving or related to the subject matter of the information or documents provided in response to such requests; and

    d. all rights at any time to review, correct, add to, supplement, amend or clarify any of the responses contained herein.

15. Elite objects to Plaintiffs' Subpoenas on the grounds and to the extent that they purport to impose obligations beyond those required by the Federal Rules of Civil Procedure, any other applicable law or rule, or any relevant order of this Court.

Subject to and without waiving these General objections, Elite Health Services makes the following responses to Plaintiffs' Subpoena requests:

**DOCUMENTS REQUESTED**

1. All Documents and Communications related to all patients identified in Exhibit A, including but not limited to all their MRI films, complete medical records, test results, notes, bills, referrals for treatment, consultations, testing, sign-in sheets, prescriptions, orders, and any other documentation for each patient.

**RESPONSE:**

Elite objects on the basis that this request is overly broad and unduly burdensome because it will require Elite, non-parties to the action, to devote substantial time and resources to obtain the documents related to 502 patients and/or claims. As a non-party to this dispute, Elite should not be forced to undertake the expense and burden of conducting such a search, particularly when the requesting party has not demonstrated a need for the information, let alone an inability to obtain the information from parties to the litigation. Elite further objects on the grounds that "complete medical records" and "any other documentation for each patient" is vague and ambiguous, as reasonable minds may differ as to what may constitute a "complete medical record" or "documentation for each patient". Elite further objects to the request for "All All Documents and Communications related to" the patients identified, insofar as "related to" is vague in that it could mean any document that even in passing refers to a patient, whether it has any relationship to the issues in dispute in this litigation, to which Elite are not parties. Elite further objects to this request to the extent it seeks information that is protected under the attorney-client privilege, the attorney work product doctrine or any other applicable privileges. Elite further objects to this request to the extent it clearly seeks Protected Health Information (PHI) as set forth in the Health Insurance Portability and Accountability Act (HIPAA) and related federal, state, or local regulations. Elite further objects to this request to the extent it

seeks production of information or materials that are proprietary in nature or would require Elite to produce or disclose confidential business information.

2. All Documents and Communications reflecting or relating to payments and/or any compensation You provided to Nooruddin S. Punjwani, M.D. for any services he has performed on Your behalf.

**RESPONSE:**

Elite objects to this request on the basis that the request is overly broad and unduly burdensome because it will require Elite, non-parties to the action, to devote substantial time and resources to obtain the documents requested. Elite further objects to this request to the extent it is not proportional to the needs of the dispute and not reasonably calculated to lead to the discovery of admissible evidence. The request in no way ties any of the information sought to the issues in dispute in this action, to which Elite are not parties. State Farm has not thus met its burden to demonstrate why any payments or compensation provided by Elite to Nooruddin S. Punjwani, M.D., assume any exist, has any bearing on the issues in dispute. Elite further objects to the request for "All Documents and Communications reflecting or related to" as vague, in that "related to" could imply documentation that is neither relevant to nor admissible in the case, and would potentially require Elite to conduct searches across every document or electronically stored record within its possession, custody, or control. As a non-party to this dispute, Elite should not be forced to undertake the expense and burden of conducting such a search, particularly when the requesting party has not demonstrated a need for the information, let alone an inability to obtain the information from parties to the litigation.

Elite further objects to this request to the extent it seeks information that is protected under the attorney-client privilege, the attorney work product doctrine or any other applicable

privileges. Elite further objects to this request to the extent it may seek the disclosure of Protected Health Information (PHI) as set forth in the Health Insurance Portability and Accountability Act (HIPAA) and any similar or related federal, state, or local regulations. Elite further objects to this request to the extent it seeks production of information or materials that are proprietary in nature or would require Elite to produce or disclose confidential business information.

3.      All Documents and Communications relating to any contractual relationship, financial arrangement, and/or other business relationship between or among You and Nooruddin S. Punjwani, M.D.

**RESPONSE:**

Elite objects to this request on the basis that the request is overly broad and unduly burdensome because it will require Elite, non-parties to the action, to devote substantial time and resources to obtain the documents requested. Elite further objects to this request to the extent it is not proportional to the needs of the dispute and not reasonably calculated to lead to the discovery of admissible evidence. The request in no way ties any information Elite may have that is responsive to it, assuming any such exists, to the issues in dispute in this action, to which Elite are not parties. State Farm has thus not met its burden to demonstrate why any of the information sought, assuming it exists, has any bearing on the issues in dispute. Elite further objects to the request for "All Documents and Communications related to" as vague, in that "related to" could imply documentation that is neither relevant to nor admissible in the case, and would potentially require Elite to conduct searches across every document or electronically stored record within its possession, custody, or control. As a non-party to this dispute, Elite should not be forced to undertake the expense and burden of conducting such a search,

8

particularly when the requesting party has not demonstrated a need for the information, let alone an inability to obtain the information from parties to the litigation.

Elite further objects to the request in that "financial arrangement, and/or other business relationship" is vague, in that these terms are undefined and not tied to the facts of the litigation, to which Elite are not parties.

Elite further objects to this request to the extent it seeks information that is protected under the attorney-client privilege, the attorney work product doctrine or any other applicable privileges. Elite further objects to this request to the extent it may seek the disclosure of Protected Health Information (PHI) as set forth in the Health Insurance Portability and Accountability Act (HIPAA) and any similar or related federal, state, or local regulations. Elite further objects to this request to the extent it seeks production of information or materials that are proprietary in nature or would require Elite to produce or disclose confidential business information.

4.     All Documents and Communications relating to any contractual relationship, financial arrangement, and/or other business relationship between or among You and any radiologist performing services on Your behalf.

**RESPONSE:**

Elite objects to this request on the basis that the request is overly broad and unduly burdensome because it will require Elite, non-parties to the action, to devote substantial time and resources to obtain the documents requested. Elite further objects to this request on the basis that "any contractual relationship, financial arrangement, and/or other business relationship between You and any radiologist performing services on Your behalf" is not and cannot be proportional to the needs of the action. Elite are not parties to the action, and this request is not even limited to

9

radiologists who may have provided services connected to patients identified in the Complaint. State Farm is not entitled to conduct a fishing expedition into non-parties' business operations under the guise of seeking information relevant to the dispute. Elite further objects to the request for "All Documents and Communications related to" as vague, in that "related to" could imply documentation that is neither relevant to nor admissible in the case, and would potentially require Elite to conduct searches across every document or electronically stored record within its possession, custody, or control. As a non-party to this dispute, Elite should not be forced to undertake the expense and burden of conducting such a search, particularly when the requesting party has not demonstrated a need for the information, let alone an inability to obtain the information from parties to the litigation.

Elite further objects to the request in that "financial arrangement, and/or other business relationship" is vague, in that these terms are undefined and not tied to the facts of the litigation, to which Elite are not parties.

Elite further objects to the request because "performing services" is vague, in that it is not defined or tied to the facts of the litigation, to which Elite are not parties.

Elite further objects to this request to the extent it seeks information that is protected under the attorney-client privilege, the attorney work product doctrine or any other applicable privileges. Elite further objects to this request to the extent it may seek the disclosure of Protected Health Information (PHI) as set forth in the Health Insurance Portability and Accountability Act (HIPAA) and any similar or related federal, state, or local regulations. Elite further objects to this request to the extent it seeks production of information or materials that are proprietary in nature or would require Elite to produce or disclose confidential business

10

information. Elite further objects to this request to the extent it seeks information from Elite that is protected by any confidential agreements with non-parties to the action.

5. All Documents and Communications reflecting or relating to Nooruddin S. Punjwani, M.D.'s roles and responsibilities with respect to his position as Vice President at "Elite Health Services."

**RESPONSE:**

Elite objects to this request on the basis that the request is overly broad and unduly burdensome because it will require Elite, non-parties to the action, to devote substantial time and resources to obtain the documents requested.

Elite further objects to the request for "All Documents and Communications reflecting or related to" as vague, in that "reflecting or related to" could imply documentation that is neither relevant to nor admissible in the case, and would potentially require Elite to conduct searches across every document or electronically stored record within its possession, custody, or control. As a non-party to this dispute, Elite should not be forced to undertake the expense and burden of conducting such a search, particularly when the requesting party has not demonstrated a need for the information, let alone an inability to obtain the information from parties to the litigation.

Elite further objects to this request to the extent it seeks information that is protected under the attorney-client privilege, the attorney work product doctrine or any other applicable privileges. Elite further objects to this request to the extent it may seek the disclosure of Protected Health Information (PHI) as set forth in the Health Insurance Portability and Accountability Act (HIPAA) and any similar or related federal, state, or local regulations. Elite further objects to this request to the extent it seeks production of information or materials that are proprietary in nature or would require Elite to produce or disclose confidential business

information. Elite further objects to this request to the extent it seeks production of materials that are publically available, and Elite should not bear the burden and cost of producing the documents.

6. All Documents and Communications relating to or supporting the amounts You charge for healthcare services, including but not limited to Your charges for performing and interpreting MRI scans and Your costs in providing those services.

**RESPONSE:**

Elite objects to this request on the basis that the request is overly broad and unduly burdensome because it will require Elite, non-parties to the action, to devote substantial time and resources to obtain the documents requested. Elite further objects to this request to the extent it is not proportional to the needs of the dispute and not reasonably calculated to lead to the discovery of admissible evidence. The request in no way ties any information Elite may have that is responsive to it, assuming any such exists, to the issues in dispute in this action, to which Elite are not parties. State Farm has thus not met its burden to demonstrate why any of the information sought, assuming it exists, has any bearing on the issues in dispute.

Elite further objects to the request for "All Documents and Communications relating to" as vague, in that "relating to" could imply documentation that is neither relevant to nor admissible in the case, and would potentially require Elite to conduct searches across every document or electronically stored record within its possession, custody, or control. As a non-party to this dispute, Elite should not be forced to undertake the expense and burden of conducting such a search, particularly when the requesting party has not demonstrated a need for the information, let alone an inability to obtain the information from parties to the litigation.

Elite objects to this request to the extent it seeks production of information or materials that are proprietary in nature and would require Elite to produce or disclose confidential business information. Elite further objects to this request to the extent it seeks information from Elite that is protected by confidential agreements with non-parties to the action. Elite further objects to this request on the basis that the request is overly broad and unduly burdensome because it will require Elite, non-parties to the action, to devote substantial time and resources to obtain the documents requested. Elite further objects to this request to the extent it seeks information that is protected under the attorney-client privilege, the attorney work product doctrine or any other applicable privileges.  Elite further objects to this request to the extent it may seek the disclosure of Protected Health Information (PHI) as set forth in the Health Insurance Portability and Accountability Act (HIPAA) and any similar or related federal, state, or local regulations.

7.      All Documents and Communications exchanged between You and/or any other entity or individual, regarding or relating to (i) any patient identified in Exhibit A, (ii) any contractual relationships, financial arrangements and/or referral agreements between You and any Defendant, (iii) the recruitment, solicitation, procurement and/or retention of patients, and/or (iv) any of the conduct or events alleged in the Complaint.

**RESPONSE:**

Elite objects to this request on the basis that the request is overly broad and unduly burdensome because it will require Elite, non-parties to the action, to devote substantial time and resources to obtain the documents requested on over 502 patients and/or claims.

Elite further objects to this request to the extent it is not proportional to the needs of the dispute and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, subparts (ii) and (iii) are not limited to the facts and circumstances of the dispute, to

13
73778551.1

which Elite are not parties. Elite further objects to the request for "All Documents and Communications… "relating to" as vague, in that "relating to" could imply documentation that is neither relevant to nor admissible in the case, and would potentially require Elite to conduct searches across every document or electronically stored record within its possession, custody, or control. As a non-party to this dispute, Elite should not be forced to undertake the expense and burden of conducting such a search, particularly when the requesting party has not demonstrated a need for the information, let alone an inability to obtain the information from parties to the litigation.

Elite further objects to the request in that "financial arrangement, and/or other business relationship" is vague, in that these terms are undefined and not tied to the facts of the litigation, to which Elite are not parties.

Elite further objects to this request to the extent it seeks information that is protected under the attorney-client privilege, the attorney work product doctrine or any other applicable privileges. Elite further objects to this request to the extent it may seek the disclosure of Protected Health Information (PHI) as set forth in the Health Insurance Portability and Accountability Act (HIPAA) and any similar or related federal, state, or local regulations. Elite further objects to this request to the extent it seeks production of information or materials that are proprietary in nature and would require Elite to produce or disclose confidential business information.

8.      All Documents and Communications exchanged between You, on the one hand, and any law firm, patient referral or solicitation service, and/or medical or healthcare provider, on the other hand, regarding or relating to (i) any contractual relationships, financial

arrangements, and/or other business relationships between You and them, (ii) any payments made to and/or received from them, and/or (iii) any patient identified in Exhibit A.

**RESPONSE:**

Elite objects to this request on the basis that the request is overly broad and unduly burdensome because it will require Elite, non-parties to the action, to devote substantial time and resources to obtain the documents from any "law firm, patient referral or solicitation service, and/or medical or healthcare provider." Elite further objects to this request as not proportional to the needs of the case, and specifically because subparts (i) and (ii) are not limited to the facts and circumstances of the dispute, to which Elite are not parties.

Elite further objects to the request in that "financial arrangement, and/or other business relationship" is vague, in that these terms are undefined and not tied to the facts of the litigation, to which Elite are not parties.

Elite further objects to this request to the extent it seeks information that is protected under the attorney-client privilege, the attorney work product doctrine or any other applicable privileges. Elite further objects to this request to the extent it seeks the disclosure of Protected Health Information (PHI) as set forth in the Health Insurance Portability and Accountability Act (HIPAA) and any similar or related federal, state, or local regulations. Elite further objects to this request to the extent it seeks production of information or materials that are proprietary in nature or would require Elite to produce or disclose confidential business information.

9. All Documents reflecting payments made to and/or received from any Defendant, including but not limited to any invoices, receipts, statements, accounting ledgers, checks, and/or Forms 1099-MISC.

**RESPONSE:**

Elite objects to this request on the basis that the request is not proportional to the needs of the case, is overly broad and unduly burdensome because it will require Elite, non-parties to the action, to devote substantial time and resources to obtain the documents, which are not limited in time or in any way tied to the facts and circumstances alleged in the Complaint. Elite, as nonparties to this dispute, should not be required to search for and produce the information requested to the extent it isn't limited to the facts of the dispute, and State Farm has failed to demonstrate a need for the information or that it is unavailable from the parties to the dispute.

Elite further objects to this request to the extent it seeks information that is protected under the attorney-client privilege, the attorney work product doctrine or any other applicable privileges. Elite further objects to this request to the extent it seeks the disclosure of Protected Health Information (PHI) as set forth in the Health Insurance Portability and Accountability Act (HIPAA) and any similar or related federal, state, or local regulations. Elite further objects to this request to the extent it seeks production of information or materials that are proprietary in nature or would require Elite to produce or disclose confidential business information.

POLSINELLI PC

By:/s/ Ebad Khan
Mark S. Armstrong, Esq.
Texas Bar No. 01321900
Fed. I.D. No. 219390
1000 Louisiana Street, Suite 6400
Houston, Texas 77002
713-374-1600
Fax: 713-374-1601
marmstrong@polsinelli.com
**Attorney in Charge**

Lauren E. Tucker McCubbin, Esq.
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112
816-753-1000
Fax: 816-753-1536

>ltucker@polsinelli.com
>
>Ebad Khan, Esq.
>Texas Bar No. 24092625
>Fed. I.D. No. 2810999
>1000 Louisiana Street, Suite 6400
>Houston, Texas 77002
>713-374-1600
>Fax: 713-374-1601
>ekhan@polsinelli.com
>
>ATTORNEYS FOR NON-PARTIES
>ELITE HEALTH SERVICES – SUGAR
>LAND, MEDICAL CENTER HEALTHCARE
>SERVICES, L.P., D/B/A ELITE HEALTH
>SERVICES – MEDICAL CENTER AND
>CLAY HEALTHCARE SERVICES, LLC,
>D/B/A ELITE HEALTH SERVICES – WEST
>HOUSTON

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 17th day of June, 2020, the above and foregoing was served to all counsel of record.

                                */s/ Ebad Khan*
                                Ebad Khan

| | |
|---|---|
| Jared T. Heck, Esq.<br>Ross O. Silverman, Esq.<br>Eric T. Gortner, Esq.<br>Katten Muchin Rosenman LLP<br>525 W. Monroe Street, Suite 1900<br>Chicago, IL  60661-3693<br>312-902-5200<br>Jared.heck@kattenlaw.com<br>Ross.silverman@kattenlaw.com<br>Eric.gortner@kattenlaw.com | Mark S. Armstrong, Esq.<br>Ebah Khan, Esq.<br>Polsinelli PC<br>1000 Louisiana Street, Suite 6400<br>Houston, TX  77002<br>713-374-1600<br>Fax:  713-374-1601<br>marmstrong@polsinelli.com<br>ekhan@polsinelli.com |
| Emily L. Travis, Esq.<br>Katten Muchin Rosenman LLP<br>1301 McKinney Street, Suite 3000<br>Houston, TX  77010<br>713-270-3446<br>Fax:  713-270-3401<br>Emily.travis@kattenlaw.com<br>ATTORNEYS FOR PLAINTIFFS | Lauren T. Tucker McCubbin, Esq.<br>Polsinelli PC<br>900 W. 48th Place, Suite 900<br>Kansas City, MO  64112<br>816-753-1000<br>Fax:  816-753-1536<br>ltucker@polsinelli.com |
| Todd W. Mensing, Esq.<br>Sammy Ford, IV, Esq.<br>Ahmad Zavitsanos Anaipakos<br>Alavi & Mensing PC<br>1221 McKinney Street, Suite 2500<br>Houston TX 77010<br>713-655-1101<br>Fax:  713-655-0062<br>tmensing@azalaw.com<br>sford@azalaw.com<br>ATTORNEYS FOR DEFENDANT<br>NOORUDDIN S. PUNJWANI | ATTORNEYS FOR DEFENDANTS PAIN ALLEVIATION & INTERVENTIONAL NEEDS, LLC N/K/A PAIN ALLEVIATION & INTERVENTIONAL NEEDS, PLLC ("P.A.I.N."), BARKETALI M. ROOPANI, ANIL B. ROOPANI AND SOHAIL B. ROOPANI |

73778551.1