**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS,<br>  Plaintiffs,<br><br>vs.<br><br>NOORUDDIN S. PUNJWANI, M.D., PAIN ALLEVIATION & INTERVENTIONAL NEEDS, L.L.C. n/k/a PAIN ALLEVIATION & INTERVENTIONAL NEEDS, P.L.L.C., BARKETALI M. ROOPANI, ANIL B. ROOPANI, AND SOHAIL B. ROOPANI,<br>  Defendants. | §§§§§§§§§§§§§§§§§§§<br><br>Civ. No. 4:19-cv-01491 |

**THE LAW OFFICE OF HILDA L. SIBRIAN, P.C.'S**
**RESPONSE AND OBJECTION TO PLAINTIFFS' SUBPOENA**

TO THE HONORABLE JUDGE OF SAID COURT:

The Law office of Hilda L. Sibrian, P.C. ("Sibrian"), a non-party, responds to the subpoena from Plaintiffs, State Farm Mutual Automobile Insurance Company and State Farm County Mutual Insurance Company of Texas (collectively, "State Farm").

**Sibrian Has an Ethical Duty to Object to the Subpoena**

1.      State Farm subpoenaed records concerning 49 law firm clients. Sibrian owes a duty to protect the clients' "confidential information." *See* TEX. DISC. R. PROF. COND. R. 1.05(b); *see also* LOCAL RULES OF DISCIPLINE, S.D. TEX. R. 1.A. (requiring lawyers to adhere to Texas Disciplinary Rules of Professional Conduct). The firm may disclose such information only after "tak[ing] reasonably appropriate steps to assert that the

information is privileged or otherwise protected against disclosure." RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 63 (2000). Whether confidential information should be disclosed is a matter for the court's determination. *See* Texas State Bar Committee on Ethics, Op. Nos. 378 and 384 (emphasizing that a court should determine whether confidential information should be disclosed). Further, Sibrian must protect the attorney-client nature of any such material or communications. *See* FED. R. EVID. 502; TEX. R. EVID. 504. Sibrian feels ethically bound to object to the subpoena, as it relates to confidential client information (Requests 1-3, 5), and to decline production without a court order.

## Objection to Incomplete Subpoena

2.      The subpoena rider references Exhibit "A," a list of clients not attached to the rider and which were only made available after contact with State Farm's counsel. This denied Sibrian full and complete information about which client files the subpoena was directed to. It took time for Sibrian to retain counsel and for counsel to contact State Firm's attorneys, thereby denying Sibrian the full fourteen-day period to respond and state appropriate privileges and objections. *See* FED. R. CIV. P. 45(d)(2)(B). The failure to attach the exhibit to the subpoena renders the subpoena defective. *See* FED. R. CIV. P. 45(a)(1)(A)(iii) (requiring that the subpoena command the recipient to "produce *designated* documents.") (emphasis added).

## Objection to Definitions Section

3.      The definitions of "you" and "your," in paragraph 1 of the rider, are objectionable to the extent that they require production of material not subject to Sibrian's "possession, custody, or control." *See* FED. R. CIV. P. 45(a)(1)(iii).

4.     The definition of "communications," in paragraph 2 of the rider, is objectionable to the extent it exceeds the scope of the term "documents, electronically stored information, or tangible things" under the rules. *See* FED. R. CIV. P. 45(a)(1)(iii).

5.     The definition of "documents," in paragraph 4 of the rider, is objectionable to the extent it exceeds the scope of the term "documents, electronically stored information, or tangible things" under the rules. *See* FED. R. CIV. P. 45(a)(1)(iii).

## Objection to Instructions Section

6.     Instruction 1 is objectionable to the extent that it requires Sibrian to produce material not subject to her "possession, custody, or control." *See* FED. R. CIV. P. 45(a)(1)(iii).

7.     Instruction 2 is objectionable in that it would require Sibrian to identify specific information about produced documents. The rules only require respondents to produce documents "as they are kept in the ordinary course of business" or "organize[d] and label[ed] to correspond to the categories in the demand." *See* FED. R. CIV. P. 45(e)(1)(A).

## Response and Objection to Document Requests

8.     **Request No. 1:**
All Documents regarding any of the claims and claimants identified in the attached Exhibit A, including but not limited to any letters of protection related to the medical treatment of those individuals and the referral or solicitation of those individuals for health-care services.

**Response:**
Objection: the requested material is protected by the attorney-client privilege and work-product privilege. The request is unduly burdensome and harassing in that it would require Sibrian, a non-party, to devote considerable time of attorneys and staff to search through 49 client files, sort out privileged material (most of the file), and copy and produce potentially copious amounts of material. The demands on time would be considerable and unwarranted. Further, the request for "all" documents is overly broad, irrelevant, and appears to be beyond the scope of discovery of this suit. The case does not appear to be about "all" client records but only about a narrow subset of records concerning treatment by the Defendants.

3

> The request for "all records" does not appear to be relevant to any claims or defenses or proportional to the needs of the case. *See* FED. R. CIV. P. 26(b)(1). The requested documents also constitute protected health information under the Health Insurance Portability and Accountability Act (HIPAA).

9. **Request No. 2:**
   All Communications between You and any Defendant regarding any of the claims and claimants identified in the attached Exhibit A, including but not limited to any Communications regarding any treatment rendered by P.A.I.N. and/or the Elite Entities, letters of protection, and the referral or solicitation of those individuals for health-care services.

   **Response:**
   Objection: the requested material is protected by the attorney-client privilege and work-product privilege. The request is unduly burdensome and harassing in that it would require Sibrian, a non-party, to devote considerable time of attorneys and staff to search through 49 client files, sort out privileged material (most of the file), and copy and produce potentially copious amounts of material. The demands on time would be considerable and unwarranted. Further, the request for "all" communications is overly broad, irrelevant, and appears to be beyond the scope of discovery of this suit. The case does not appear to be about "all" communications but only about a narrow subset related to Defendants' billing practices. The request for "all records" does not appear to be relevant to any claims or defenses or proportional to the needs of the case. *See* FED. R. CIV. P. 26(b)(1). The requested communications also constitute protected health information under the Health Insurance Portability and Accountability Act (HIPAA).

10. **Request No. 3:**
    All Documents and Communications reflecting the disbursement of settlement or litigation proceeds for claims that You made on behalf of any of the individuals identified in the attached Exhibit A, including, but not limited to any settlement statements, settlement-disbursement sheets, total settlement amounts, and total disbursement amounts.

    **Response:**
    Objection: the requested material is protected by the attorney-client privilege and work-product privilege. The request is unduly burdensome and harassing in that it would require Sibrian, a non-party, to devote considerable time of attorneys and staff to search through 49 client files, sort out privileged material (most of the file), and copy and produce potentially copious amounts of material. The demands on time would be considerable and unwarranted. Further, the request for disbursement or settlement statements is overly broad, irrelevant, and appears to be beyond the scope of discovery of this suit. The case does not appear to be about "all" disbursements but only about a narrow subset related to Defendants' billing practices. The request for all disbursements does not appear to be relevant to any claims or defenses or proportional to the needs of the case. *See* FED. R.

CIV. P. 26(b)(1).

11. **Request No. 4:**
All Documents and Communications reflecting any contractual relationships, financial arrangements, and/or referral arrangements between You and any Defendants.

    **Response:**
    Objection: The requested material is irrelevant and beyond the scope of discovery. Subject to, and without waiving the foregoing objection, Sibrian responds there are no documents or communications responsive to this request.

12. **Request No. 5:**
All Documents reflecting Payments made to and/or received from any Defendant, including but not limited to any invoices, receipts, statements, accounting ledgers, checks, and/or Forms 1099-MISC.

    **Response:**
    Objection: the requested material is protected by the attorney-client privilege and work-product privilege. The request is unduly burdensome, irrelevant, and harassing in that it would require Sibrian, a non-party, to devote considerable time of attorneys and staff to search through 49 closed files (indeed potentially all closed files because the request is not limited to the 49 clients in Exhibit A), sort out privileged material, and copy and produce potentially copious amounts of material. The demands on time would be considerable and unwarranted. Further, the request for such material is overly broad, irrelevant, and appears to be beyond the scope of discovery of this suit. The case does not appear to be about all of Sibrian's financial records relating to the Defendants but only to a narrow subset related to Defendants' billing practices. The request for all material does not appear to be relevant to any claims or defenses or proportional to the needs of the case. *See* FED. R. CIV. P. 26(b)(1).

## Necessity for Protective Order

13. To the extent that the Court is inclined to order production of any confidential client material, Sibrian requests that a confidentiality order be put in place. State Farm has subpoenaed sensitive material, including medical and billing records, and confidential financial information. The material includes social security numbers, financial account numbers, and sensitive health care information. The disclosure of such information could adversely affect clients and the firm, and the material would have no public

relevance other than to the parties of the case. A protective order should be put in place to guard against public disclosure of the information.

Respectfully submitted,

*/s/ Chance A. McMillan*
Chance A. McMillan
cam@mcmillanfirm.com
Texas Bar No. 24078981
Federal Bar No. 1902653
MCMILLAN FIRM, P.L.L.C.
440 Louisiana, Suite 1200
 Houston, Texas 77002-1691
Tel: (281) 888-2131
Fax: (832) 831-2175

ATTORNEYS FOR HILDA L. SIBRIAN, P.C.

## **CERTIFICATE OF SERVICE**

      I certify that on June 22, 2020, I electronically filed the foregoing with the Clerk of the United States District Court for the Southern District of Texas. The following, who are all the participants in this case, are registered with the CM/ECF system and will be electronically served with the foregoing through that system.

                                      */s/ Chance A. McMillan*
                                      Chance A. McMillan

Jared T. Heck
Ross O. Silverman,
Brian Antweil
Katten Muchin Rosenman, L.L.P.
525 W. Monroe Street
Chicago, Illinois 60661-3693
Jared.heck@kattenlaw.com
Brian.antweil@kattenlaw.com
Ross.silverman@kattenlaw.com

ATTORNEYS FOR PLAINTIFFS
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and
STATE FARM COUNTY MUTUAL
INSURANCE COMPANY OF TEXAS

Mark S. Armstrong
Lauren E. Tucker McCubbin
Ebad Khan
Polsinelli, P.C.
1000 Louisiana Street, Suite 6400
Houston, Texas 77002
marmstrong@polisnelli.com
ltucker@polisnelli.com
ekhan@polisnelli.com

ATTORNEYS FOR DEFENDANTS
PAIN ALLEVIATION & INTERVENTIONAL
NEEDS, L.L.C. N/K/A PAIN ALLEVIATION
& INTERVENTIONAL NEEDS, P.L.L.C.
("P.A.I.N."), BARKETALI M. ROOPANI,
ANIL B. ROOPANI, AND SOHAIL B.
ROOPANI
Todd W. Mensing
Sammy Ford, IV
Ahmad, Zavitsanos, Anaipakos, Alavi

7

    & Mensing, P.C.
1221 McKinney, Suite 2500
Houston, Texas 77010
tmensing@azalaw.com
sford@azalaw.com

ATTORNEYS FOR DEFENDANT
NOORUDDIN S. PUNJWANI, M.D.

8