## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-CV-01491 |
| | ) | |
| NOORUDDIN S. PUNJWANI, M.D.; PAIN ALLEVIATION & INTERVENTIONAL NEEDS, LLC n/k/a PAIN ALLEVIATION & INTERVENTIONAL NEEDS, PLLC; BARKETALI M. ROOPANI; ANIL B. ROOPANI; and SOHAIL B. ROOPANI, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## NON-PARTY TALABI & ASSOCIATES, P.C.'S
## RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUBPOENAS

TO THE HONORABLE EWING WERLEIN, JR:

COMES NOW Talabi & Associates, P.C., a non-party, and makes the following responses and objections to Plaintiffs' non-party subpoenas *duces tecum*.

## PRELIMINARY STATEMENT

On June 12, 2020, Talabi & Associates, P.C. (hereinafter "Talabi") was served with a Non-Party Subpoena *Duces Tecum* requesting multiple categories of documents that appear to have little, if any, relevance to this case.

At this time, Talabi has not completed its investigation of the facts relating to this case. All of the responses contained herein are based only upon such information and documents as are presently available and specifically known to Talabi.

The following responses are given without prejudice to Talabi's right to produce evidence of any subsequent discovery of fact or facts which these responding parties may later recall. Talabi accordingly reserves the right to supplement or change any and all responses herein as additional facts are ascertained.

## TALABI'S ETHICAL DUTY TO OBJECT

1.      In their subpoena, State Farm requested documents and records concerning 30 law firm clients. However, as lawyers, Talabi owes a duty to protect its clients' "confidential information." TEX. DISC. R. PROF. COND. R. 1.05(b); *see also* LOCAL RULES OF DISCIPLINE, S.D. TEX. R. 1.A. (requiring lawyers to adhere to Texas Disciplinary Rules of Professional Conduct). The duty of confidentiality continues after representation ends, and even after the client's death. *See Swidler & Berlin v. United States*, 524 U.S. 399, 405-06 (1998). Talabi must protect the attorney-client nature of any such material or communications. *See* FED. R. EVID. 502; TEX. R. EVID. 504. Thus, the firm may disclose such information only after "tak[ing] reasonably appropriate steps to assert that the information is privileged or otherwise protected against disclosure." RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 63 (2000).

2.      Whether confidential information should be disclosed is a matter for the court's determination. Texas State Bar Committee on Ethics, Op. Nos. 378 and 384 (emphasizing that a court should determine whether confidential information should be disclosed). Therefore, Talabi is ethically bound to object to the subpoena, as it relates to confidential client information (Requests 1-3, 5), and to decline production without a court order.

## OBJECTION TO INCOMPLETE SUBPOENA

3.      The subpoena rider references Exhibit "A," a list of clients not attached to the rider and which were only made available after contact with State Farm's counsel. Despite timely requesting the exhibit, it was not produced to Talabi until late-afternoon on June 16, 2020. This

denied Talabi full and complete information about which client files the subpoena was directed to, and denied it the full fourteen-day period to respond and state appropriate privileges and objections. *See* FED. R. CIV. P. 45(d)(2)(B). This failure to attach all necessary exhibits to the subpoena renders the subpoena defective. *See* FED. R. CIV. P. 45(a)(1)(A)(iii) (requiring that the subpoena command the recipient to "produce designated documents.") (emphasis added).

## OBJECTIONS TO DEFINITIONS & INSTRUCTIONS

4.      The definitions of "you" and "your," in paragraph 1 of the rider, are objectionable to the extent that they require production of material not subject to Talabi's "possession, custody, or control." *See* FED. R. CIV. P. 45(a)(1)(iii).

5.      The definition of "communications," in paragraph 2 of the rider, is objectionable to the extent it exceeds the scope of the term "documents, electronically stored information, or tangible things" under the rules. *See id*.

6.      The definition of "documents," in paragraph 4 of the rider, is objectionable to the extent it exceeds the scope of the term "documents, electronically stored information, or tangible things" under the rules. *See id*.

7.      Instruction 1 is objectionable to the extent that it requires Talabi to produce material not subject to its "possession, custody, or control." *See id*.

8.      Instruction 2 is objectionable in that it would require Talabi to identify specific information about produced documents. The rules only require respondents to produce documents "as they are kept in the ordinary course of business" or "organize[d] and label[ed] to correspond to the categories in the demand." *See* FED. R. CIV. P. 45(e)(1)(A). The requested information itself would also tend to reveal confidential information.

9.      Instruction 5 is objectionable in that it request information and documents well outside of the time period relevant to Plaintiffs' claims. *See* FED. R. CIV. P. 26(b)(1).

10.     Talabi further objects to Plaintiffs' Subpoena on the grounds and to the extent that it purports to impose any other obligations beyond those required by the Federal Rules of Civil Procedure, any other applicable law or rule, or any relevant order of this Court.

## GENERAL OBJECTIONS

11.     Talabi objects to Plaintiffs' Subpoena on the grounds and to the extent that the requests seek documents or information protected by attorney-client or attorney work product privilege, the business strategy privilege, or any other applicable privilege or protection. To preserve the privileges, Talabi will not produce such privileged or protected information.

12.     Talabi objects to the extent the Subpoena violates FED. R. CIV. P. 45(c)(1) by failing to take reasonable steps to avoid imposing an undue burden and expense on Talabi, a non-party to the above-captioned litigation. Plaintiffs Talabi is willing to attempt to negotiate search terms and other parameters for the Subpoena and attempt to agree on parameters that result in a volume of documents to be collected, searched, reviewed and produced that is reasonable, proportional, and relevant. If the parties cannot agree on parameters, Talabi will be requesting cost-shifting to cover its costs of collection, review and production.

13.     Talabi objects to the Subpoena on the grounds and to the extent that the requests are overbroad, seek irrelevant information, are unduly burdensome, duplicative, unreasonably cumulative, harassing, not reasonably calculated to lead to the discovery of admissible evidence or seek information not available through Talabi's reasonable efforts to search for responsive information.

14.     Talabi further objects to the Subpoena requests on the grounds, and to the extent, that it seeks information not reasonably accessible to Talabi and not available through a reasonably diligent search of files believed to contain relevant information, including, without limitation, to

the extent that they would require Talabi to search through large quantities of unresponsive files or electronic data in order to retrieve marginally responsive mentions of relevant information.

15.     Talabi objects to the Subpoena to the extent that it seeks information not in Talabi's possession, custody, or control.

16.     Talabi objects to the Subpoena to the extent that it seeks information that is publicly available.

17.     Talabi objects to the Subpoena to the extent the requests are vague, ambiguous, or overly broad. Talabi additionally objects to the Subpoenas to the extent they seek "all Documents and Communications" concerning a given subject matter and to the extent they purport to require Talabi to search all or each and every computer system and application and produce all of the data from each computer system and application. To the extent these requests seek data from all Talabi's sources, they seek data from sources that are not reasonably accessible and Talabi objects to preserving, searching for, collecting, reviewing or producing such information. Talabi further objects to the extent the phrase "all Documents and Communications" purports to request the production of all email or all correspondence regarding or relating to a given subject matter. Talabi objects to searching the files of all of its employees and employee electronic mailboxes for references to a given subject matter on the grounds of undue burden, cost and the unlikelihood that it would lead to any discoverable evidence. Preserving, collecting, searching, reviewing and producing the correspondence, including email, for every Talabi employee and in every employee electronic mailbox is not reasonably accessible because of the expense, time and burden involved.

18.     Talabi objects to the Subpoena to the extent that they imply the existence of facts or circumstances that do not or did not exist, and to the extent that they state or assume legal conclusions. In responding, Talabi does not admit the factual or legal premise of any request.

19.     The failure of Talabi to object to a request in the Subpoena on a specific ground shall not be construed as a waiver of Talabi's sright to object on that ground or any additional ground.

20.     The voluntary production of documents or information that may otherwise fall within any objection is not a waiver of that objection as to other documents or information.

21.     Talabi reserves the right to amend and/or supplement its responses and objections to the Subpoena requests.

22.     To the extent that it undertakes to produce documents in response to any specific request, Talabi is not representing that any such documents exist.

23.     Talabi's responses and objections to the Subpoena are made reserving, and without waiver of

a.      all rights to object subsequently to the competency, relevance, materiality, privilege, or admissibility as evidence in any proceeding, action, or matter of any information that Talabi produces in response to the Subpoena;

b.      all rights to object on any ground to the use of any such responses and objections, or the subject matter thereof, in any proceeding, action, or matter;

c.      all rights to object on any ground and at any time to a demand or request for further response to these or other Subpoenas, or to proceedings involving or related to the subject matter of the information or documents provided in response to such requests; and

d.      all rights at any time to review, correct, add to, supplement, amend or clarify any of the responses contained herein.

Subject to and without waiving foregoing objections, Talabi makes the following responses to Plaintiffs' Subpoena requests:

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUESTS

**Request No. 1:** All Documents regarding any of the claims and claimants identified in Exhibit A, including but not limited to any letters of protection related to the medical treatment of those individuals and the referral or solicitation of those individuals for health-care services.

**RESPONSE:**

Objection: The requested material is protected by the attorney-client privilege, work-product privilege, and any other applicable privileges. The request is overly broad, unduly burdensome, and harassing because it will require Talabi, a non-party to the action, to devote substantial time and resources to obtain the documents related to 30 clients and/or claims, including reviewing and sorting out privileged material (most of the file), and copy and produce potentially copious amounts of material. As a non-party to this dispute, Talabi should not be forced to undertake the expense and burden of conducting such a search, particularly when the requesting party has not demonstrated a need for the information, let alone an inability to obtain the information from parties to the litigation. Further, the request for "all" documents is overly broad, irrelevant, and appears to be beyond the scope of discovery of this suit insofar as "related to" is vague in that it could mean any document that even in passing refers to a client, whether it has any relationship to the issues in dispute in this litigation, to which Talabi is not a party. The case does not appear to be about "all" client records but only about a narrow subset of records concerning treatment by the Defendants. The request for "all records" does not appear to be relevant to any claims or defenses or proportional to the needs of the case. *See* FED. R. CIV. P. 26(b)(1). The requested documents also constitute protected health information under the Health Insurance Portability and Accountability Act (HIPAA) and related federal, state, or local regulations. Talabi further objects to this request to the extent it seeks production of information or materials that are proprietary in nature or would require Talabi to produce or disclose confidential business information.

**Request No. 2:** All Communications between You and any Defendant regarding any of the claims and claimants identified in the attached Exhibit A, including but not limited to any Communications regarding any treatment rendered by P.A.I.N. and/or the Elite Entities, letters of protection, and the referral or solicitation of those individuals for health-care services.

**RESPONSE:**

Objection: The requested material is protected by the attorney-client privilege, work-product privilege, and any other applicable privileges. The request is overly broad, unduly burdensome, and harassing because it will require Talabi, a non-party to the action, to devote substantial time and resources to obtain the documents related to 30 clients and/or claims, including reviewing and sorting out privileged material (most of the file), and copy and produce potentially copious amounts of material. As a non-party to this dispute, Talabi should not be forced to undertake the expense and burden of conducting such a search, particularly when the requesting party has not demonstrated a need for the information, let alone an inability to obtain the information from parties to the litigation. Further, the request for "all" documents is overly broad, irrelevant, and appears to be beyond the scope of discovery of this suit insofar as "related to" is vague in that it could mean any document that even in passing refers to a client, whether it has any relationship to the issues in dispute in this litigation, to which Talabi is not a party. The case does

7

not appear to be about "all" communications but only about a narrow subset of communications concerning treatment by the Defendants. The request for "all records" does not appear to be relevant to any claims or defenses or proportional to the needs of the case. *See* FED. R. CIV. P. 26(b)(1). Furthermore, the request for documents related to "Elite Entities" appears to be plainly irrelevant, as they do not appear to be parties to the case. The requested documents also constitute protected health information under the Health Insurance Portability and Accountability Act (HIPAA) and related federal, state, or local regulations. Talabi further objects to this request to the extent it seeks production of information or materials that are proprietary in nature or would require Talabi to produce or disclose confidential business information.

**Request No. 3:** All Documents and Communications reflecting the disbursement of settlement or litigation proceeds for claims that You made on behalf of any of the individuals identified in the attached Exhibit A, including, but not limited to any settlement statements, settlement-disbursement sheets, total settlement amounts, and total disbursement amounts.

**RESPONSE:**

Objection: The requested material is protected by the attorney-client privilege, work-product privilege, and any other applicable privileges. The request is overly broad, unduly burdensome, and harassing because it will require Talabi, a non-party to the action, to devote substantial time and resources to obtain the documents related to 30 clients and/or claims, including reviewing and sorting out privileged material (most of the file), and copy and produce potentially copious amounts of material. As a non-party to this dispute, Talabi should not be forced to undertake the expense and burden of conducting such a search, particularly when the requesting party has not demonstrated a need for the information, let alone an inability to obtain the information from parties to the litigation. Further, the request for "all" documents is overly broad, irrelevant, and appears to be beyond the scope of discovery of this suit insofar as "related to" is vague in that it could mean any document that even in passing refers to a client, whether it has any relationship to the issues in dispute in this litigation, to which Talabi is not a party. The case does not appear to be about "all" disbursements but only about a narrow subset of records concerning Defendants' billing practices. The request for "all records" does not appear to be relevant to any claims or defenses or proportional to the needs of the case. *See* FED. R. CIV. P. 26(b)(1). The requested documents also constitute protected health information under the Health Insurance Portability and Accountability Act (HIPAA) and related federal, state, or local regulations. Talabi further objects to this request to the extent it seeks production of information or materials that are proprietary in nature or would require Talabi to produce or disclose confidential business information.

**Request No. 4:** All Documents and Communications reflecting any contractual relationships, financial arrangements, and/or referral arrangements between You and any Defendant.

**RESPONSE:**

Objection: The requested material is irrelevant and beyond the scope of discovery. As a non-party to this dispute, Talabi should not be forced to undertake the expense and burden of

conducting such a search, particularly when the requesting party has not demonstrated a need for the information, let alone an inability to obtain the information from parties to the litigation. Talabi further objects to the request in that "financial arrangement," and/or "referral arrangement" is vague, in that these terms are undefined and not tied to the facts of the litigation, to which Talabi is not a party.

Subject to, and without waiving the foregoing objections, Talabi responds there are no documents or communications responsive to this request.

**Request No. 5:** All Documents reflecting Payments made to and/or received from any Defendant, including but not limited to any invoices, receipts, statements, accounting ledgers, checks, and/or Forms 1099-MISC.

**RESPONSE:**

Objection: The requested material is protected by the attorney-client privilege, work-product privilege, and any other applicable privileges. The request is overly broad, unduly burdensome, and harassing because it will require Talabi, a non-party to the action, to devote substantial time and resources to obtain the documents related to 30 clients and/or claims, including reviewing and sorting out privileged material (most of the file), and copy and produce potentially copious amounts of material. As a non-party to this dispute, Talabi should not be forced to undertake the expense and burden of conducting such a search, particularly when the requesting party has not demonstrated a need for the information, let alone an inability to obtain the information from parties to the litigation. Further, the request for "all" documents is overly broad, irrelevant, and appears to be beyond the scope of discovery of this suit insofar as "related to" is vague in that it could mean any document that even in passing refers to a client, whether it has any relationship to the issues in dispute in this litigation, to which Talabi is not a party. The case does not appear to be about "all" client records but only about a narrow subset of records concerning treatment by the Defendants. The request for "all records" does not appear to be relevant to any claims or defenses or proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). The requested documents also constitute protected health information under the Health Insurance Portability and Accountability Act (HIPAA) and related federal, state, or local regulations. Talabi further objects to this request to the extent it seeks production of information or materials that are proprietary in nature or would require Talabi to produce or disclose confidential business information.

TALABI & ASSOCIATES, P.C.


By: /s/ Sean Palavan
Mehran "Mike" Talabi
Texas Bar No. 24037579
Sean Palavan
Texas Bar No. 24058640

2930 Chimney Rock Rd., Suite 200
Houston, Texas 77056
Phone: (713) 266-0529
Fax: (713) 266-2203
spalavan@talabilawfirm.com

ATTORNEYS FOR NON-PARTY
TALABI & ASSOCIATES, P.C.

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 24, 2020, I electronically filed the foregoing through the CM/ECF

system, which will electronically serve all counsel of record.

By: /s/ Sean Palavan
Sean Palavan

Jared T. Heck, Esq.
Ross O. Silverman, Esq.
Eric T. Gortner, Esq.
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street, Suite 1900
Chicago, IL 60661-3693
312-902-5200
Jared.heck@kattenlaw.com
Ross.silverman@kattenlaw.com
Eric.gortner@kattenlaw.com

Emily L. Travis, Esq.
KATTEN MUCHIN ROSENMAN LLP
1301 McKinney Street, Suite 3000
Houston, TX 77010
713-270-3446
Fax: 713-270-3401
Emily.travis@kattenlaw.com

M. Micah Kessler, Esq.
Nistico, Crouch & Kessler, PC
1900 West Loop South, Suite 800
Houston, TX 77027
713-781-2889
Fax: 713-781-7222
mkessler@nck-law.com

ATTORNEYS FOR PLAINTIFFS

Todd W. Mensing, Esq.
Sammy Ford, IV, Esq.
AHMAD ZAVITSANOS ANAIPAKOS
ALAVI & MENSING PC
1221 McKinney Street, Suite 2500
Houston TX 77010
713-655-1101
Fax: 713-655-0062
tmensing@azalaw.com
sford@azalaw.com

ATTORNEYS FOR DEFENDANT
NOORUDDIN S. PUNJWANI

Mark S. Armstrong, Esq.
Ebah Khan, Esq.
Polsinelli PC
1000 Louisiana Street, Suite 6400
Houston, TX 77002
713-374-1600
Fax: 713-374-1601
marmstrong@polsinelli.com
ekhan@polsinelli.com

Lauren T. Tucker McCubbin, Esq.
Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
816-753-1000
Fax: 816-753-1536
ltucker@polsinelli.com

ATTORNEYS FOR DEFENDANTS
PAIN ALLEVIATION & INTERVENTIONAL
NEEDS, LLC N/K/A PAIN ALLEVIATION &
INTERVENTIONAL NEEDS, PLLC
("P.A.I.N."), BARKETALI M. ROOPANI, ANIL
B. ROOPANI AND SOHAIL B. ROOPANI