## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE
FARM COUNTY MUTUAL INSURANCE
COMPANY OF TEXAS,

      Plaintiff,

v.

NOORUDDIN S. PUNJWANI, M.D.;
PAIN ALLEVIATION &
INTERVENTIONAL NEEDS, LLC n/k/a
PAIN ALLEVIATION &
INTERVENTIONAL NEEDS, PLLC;
BARKETALI M. ROOPANI; ANIL B.
ROOPANI; and SOHAIL B. ROOPANI,

      Defendants.

Case No. 4:19-cv-01491
Hon. Ewing Werlein, Jr.

## NOTICE OF NON-PARTY SUBPOENAS

      PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, Plaintiffs

State Farm Mutual Automobile Insurance Company and State Farm County Mutual Insurance

Company of Texas will issue non-party subpoenas *duces tecum*, copies of which are attached

hereto, to be served on the following entities:

**Law Office of Merick Nepomuceno P.C.**
c/o Registered Agent Emmerico Tan Nepomuceno
4150 Lanark Lane
Houston, Texas 77025

**Talabi & Associates, P.C.**
c/o Registered Agent Mehran Talabi
6420 Richmond Ave., Ste. 600
Houston, Texas 77057

**EXHIBIT 1**

**The Law Office of Hilda L. Sibrian PC**
c/o Registered Agent Romano & Sumner, PLLC
4610 Sweetwater Blvd., Suite 200
Sugar Land, Texas 77479

**The Mukerji Law Firm, P.C.**
c/o Registered Agent Sam K. Mukerji
2405 Smith Street
Houston, Texas 77006

**Adame * Garza, LLP**
1322 Yale Street
Houston, Texas 77008

Dated: June 8, 2020                    Respectfully submitted,

                                        /s/ Jared T. Heck
                                        Ross O. Silverman (admitted *pro hac vice*)
                                        Katten Muchin Rosenman LLP
                                        525 W. Monroe Street
                                        Chicago, Illinois 60661-3693
                                        P:  (312) 902-5200
                                        F:  (312) 577-8989
                                        ross.silverman@katten.com

                                        ATTORNEY-IN-CHARGE FOR
                                        PLAINTIFFS

                                        Micah Kessler (S.D. Tex. No. 21206)
                                        Nistico, Crouch & Kessler, P.C.
                                        1900 West Loop South, Suite 800
                                        Houston, Texas 77027
                                        (713) 781-2889
                                        mkessler@nck-law.com

                                        Jared T. Heck (admitted *pro hac vice*)
                                        Katten Muchin Rosenman LLP
                                        525 West Monroe Street
                                        Chicago, Illinois  60661-3693
                                        (312) 902-5200
                                        jared.heck@katten.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2020, the foregoing was served on the following counsel

via electronic mail:

Mark S. Armstrong, Esq.
POLSINELLI PC
1000 Louisiana Street, Suite 6400
Houston, Texas 77002
713-374-1600
Fax: 713-374-1601
marmstrong@polsinelli.com

Lauren E. Tucker McCubbin, Esq.
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112
816-753-1000
Fax: 816-753-1536
ltucker@polsinelli.com

Ebad Khan, Esq.
1000 Louisiana Street, Suite 6400
Houston, Texas 77002
713-374-1600
Fax: 713-374-1601
ekhan@polsinelli.com

Todd W. Mensing
tmensing@azalaw.com
Sammy Ford IV
sford@azalaw.com
AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI & MENSING P.C.
1221 McKinney, Suite 2500
Houston, Texas 77010
(713) 600-4979 (Phone)
(713) 655-0062 (Fax)

/s/ Jared T. Heck
Attorney for Plaintiffs

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 4:19-cv-01491 Document 45-1 Filed on 07/01/20 in TXSD Page 4 of 38

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:19-cv-01491 |
| Nooruddin S. Punjwani, M.D., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Law Office of Merick Nepomuceno P.C., c/o Registered Agent Emmerico Tan Nepomuceno

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached rider.

| Place: Micah Kessler<br>Nistico Crouch & Kessler PC<br>1900 W Loop S #800<br>Houston, TX 77027<br>Phone: (713) 781-2889 | Date and Time:<br><br>Within twenty-one (21) days of service. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 6/8/20

DAVID J. WEAVER, CLERK OF COURT

OR

_____            _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm County Mutual Insurance Company of Texas
, who issues or requests this subpoena, are:

Jared T. Heck, Katten Muchin Rosenman, LLP, 525 W. Monroe Street, Chicago, IL 60661-3693; 312-902-5490, jared.heck@katten.com

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:19-cv-01491

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

      I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

     ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

     ☐ I returned the subpoena unexecuted because: _____

_____ .

     Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

     I declare under penalty of perjury that this information is true.

Date: _____

                                        _____

                                             *Server's signature*

                                        _____

                                           *Printed name and title*

                                        _____

                                           *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SUBPOENA RIDER**
**LAW OFFICE OF MERICK NEPOMUCENO P.C.**

**Definitions**

1.      The terms "You" and "Your" shall mean the Law Office of Merick Nepomuceno P.C., any shareholder, director, officer, employee, agent, entity, or other person acting on behalf of the Law Office of Merick Nepomuceno P.C., and any entity the Law Office of Merick Nepomuceno P.C. owns or controls.

2.      The term "Communications" shall mean all discussions, conversations, meetings, conferences, telephone conversations, text messages, interviews, negotiations, agreements, understandings, cards, letters, correspondences, telegrams, telexes, electronic mail, voicemail, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, agenda and other records of any communications.

3.      The term "Defendant" and "Defendants" shall mean Nooruddin S. Punjwani, M.D., Pain Alleviation & Interventional Needs, LLC n/k/a Pain Alleviation & Interventional Needs, PLLC, Barketali M. Roopani, Anil B. Roopani, and Sohail B. Roopani.

4.      The term "Documents" shall mean every original (and every copy of any original or copy which differs in any way from any original), every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed, computerized or recorded by any mechanical, electronic or electrical means whatsoever, including without limitation books, records, papers, letters, instructions, pamphlets, brochures, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, reports, correspondence, e-mails, text messages, faxes, Communications, memoranda, notes, notebooks, lists, analyses, financial statements, bank statements, deposit tickets, cancelled checks, wire transfers, solicitations, PowerPoint presentations, charts, minutes, calendars, appointment books,

1

itineraries, vouchers, receipts, contracts, agreements, invoices, written memorials of oral communications, photographs, films, video tapes, audio tapes, recordings and compilations of data or other information, including any compilations from which information can be obtained. The term "Documents" shall have the broadest meaning possible consistent with the Federal Rules of Civil Procedure.

5.     The term "Elite Entities" shall mean Elite Health Services; Elite Imaging & Diagnostic; Elite Healthcare; Med Center Healthcare Services, L.P. d/b/a Elite Health Services – Medical Center; Clay Healthcare Services LLC d/b/a Elite Health Services – West Houston; Elite Opco GP, LLC; Elite HSR, LLC; Elite HS Management, LLC; Elite HS Holdco, L.P.; Elite HS Staffing, LLC; and Elite GP, LLC, and these entities' current and former officers, directors, members, partners, employees, agents, independent contractors, corporate parents, subsidiaries, and affiliates, and any other individuals or entities acting on their behalf.

6.     The term "P.A.I.N." shall mean Defendant Pain Alleviation & Interventional Needs, LLC n/k/a Pain Alleviation & Interventional Needs, PLLC, and its current and former officers, directors, members, partners, employees, agents, independent contractors, corporate parents, subsidiaries, and affiliates, and any other individuals or entities acting on behalf of P.A.I.N.

7.     The terms "Payment" or "Payments" shall mean anything of value.

8.     The term "related to" or "relating to" shall mean directly or indirectly relating to, mentioning or describing, pertaining to, being connected with, referring to, or reflecting upon a stated subject matter.

**Instructions**

      1.     You are required to produce all non-privileged responsive Documents within Your custody, possession, or control, including all non-privileged responsive Documents in the possession of Your agents, such as financial institutions, attorneys, or accountants.

      2.     Any information or Document responsive to these Requests that is not produced or disclosed by reason of a claim of privilege or work-product protection, or for any other reason, shall be identified by: (i) the date the Document was created; (ii) general subject matter; (iii) identity of person(s) to whom the information, or any portion thereof, has been revealed; (iv) identity of person(s) from whom the information was communicated; and (v) the basis upon which the information is being withheld.

      3.     The singular form of any word shall include the plural and the plural shall include the singular.

      4.     The terms "and," "or," and "and/or" shall be construed conjunctively or disjunctively as necessary to bring within the scope all responses that might otherwise be construed as outside its scope.

      5.     Unless otherwise specified, the time period applicable to these Requests is January 1, 2015 to the present.

**Document Requests**

      1.     All Documents regarding any of the claims and claimants identified in the attached Exhibit A,[1] including but not limited to any letters of protection related to the medical treatment of those individuals and the referral or solicitation of those individuals for health-care services.

---

[1]  Please contact David Lopez via email (david.lopez@katten.com) to obtain Exhibit A.  It will then be submitted to you via a secure dropbox link.

3

2.      All Communications between You and any Defendant regarding any of the claims and claimants identified in the attached Exhibit A, including but not limited to any Communications regarding any treatment rendered by P.A.I.N. and/or the Elite Entities, letters of protection, and the referral or solicitation of those individuals for health-care services.

3.      All Documents and Communications reflecting the disbursement of settlement or litigation proceeds for claims that You made on behalf of any of the individuals identified in the attached Exhibit A, including, but not limited to any settlement statements, settlement-disbursement sheets, total settlement amounts, and total disbursement amounts.

4.      All Documents and Communications reflecting any contractual relationships, financial arrangements, and/or referral arrangements between You and any Defendant.

5.      All Documents reflecting Payments made to and/or received from any Defendant, including but not limited to any invoices, receipts, statements, accounting ledgers, checks, and/or Forms 1099-MISC.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 4:19-cv-01491 Document 45-1 Filed on 07/01/20 in TXSD Page 11 of 38

# UNITED STATES DISTRICT COURT

### for the

### Southern District of Texas

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company, et al. | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No. 4:19-cv-01491 |
| | ) |
| Nooruddin S. Punjwani, M.D., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Talabi & Associates, P.C., c/o Mehran Talabi

*(Name of person to whom this subpoena is directed)*

[✓] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

     See attached rider.

| Place: Micah Kessler<br>Nistico Crouch & Kessler PC<br>1900 W Loop S #800<br>Houston, TX 77027<br>Phone: (713) 781-2889 | Date and Time:<br><br>Within twenty-one (21) days of service. |
|---|---|

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    6/8/20

*DAVID J. WEAVER, CLERK OF COURT*

                 OR

_____          _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm County Mutual Insurance Company of Texas , who issues or requests this subpoena, are:

Jared T. Heck, Katten Muchin Rosenman, LLP, 525 W. Monroe Street, Chicago, IL 60661-3693; 312-902-5490, jared.heck@katten.com

### Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:19-cv-01491

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SUBPOENA RIDER**
**TALABI & ASSOCIATES, P.C.**

**<u>Definitions</u>**

1.      The terms "You" and "Your" shall mean Talabi & Associates, P.C., any shareholder, director, officer, employee, agent, entity, or other person acting on behalf of Talabi & Associates, P.C., and any entity Talabi & Associates, P.C. owns or controls.

2.      The term "Communications" shall mean all discussions, conversations, meetings, conferences, telephone conversations, text messages, interviews, negotiations, agreements, understandings, cards, letters, correspondences, telegrams, telexes, electronic mail, voicemail, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, agenda and other records of any communications.

3.      The term "Defendant" and "Defendants" shall mean Nooruddin S. Punjwani, M.D., Pain Alleviation & Interventional Needs, LLC n/k/a Pain Alleviation & Interventional Needs, PLLC, Barketali M. Roopani, Anil B. Roopani, and Sohail B. Roopani.

4.      The term "Documents" shall mean every original (and every copy of any original or copy which differs in any way from any original), every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed, computerized or recorded by any mechanical, electronic or electrical means whatsoever, including without limitation books, records, papers, letters, instructions, pamphlets, brochures, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, reports, correspondence, e-mails, text messages, faxes, Communications, memoranda, notes, notebooks, lists, analyses, financial statements, bank statements, deposit tickets, cancelled checks, wire transfers, solicitations, PowerPoint presentations, charts, minutes, calendars, appointment books, itineraries, vouchers, receipts, contracts, agreements, invoices, written memorials of oral

1

communications, photographs, films, video tapes, audio tapes, recordings and compilations of data or other information, including any compilations from which information can be obtained. The term "Documents" shall have the broadest meaning possible consistent with the Federal Rules of Civil Procedure.

5.      The term "Elite Entities" shall mean Elite Health Services; Elite Imaging & Diagnostic; Elite Healthcare; Med Center Healthcare Services, L.P. d/b/a Elite Health Services – Medical Center; Clay Healthcare Services LLC d/b/a Elite Health Services – West Houston; Elite Opco GP, LLC; Elite HSR, LLC; Elite HS Management, LLC; Elite HS Holdco, L.P.; Elite HS Staffing, LLC; and Elite GP, LLC, and these entities' current and former officers, directors, members, partners, employees, agents, independent contractors, corporate parents, subsidiaries, and affiliates, and any other individuals or entities acting on their behalf.

6.      The term "P.A.I.N." shall mean Defendant Pain Alleviation & Interventional Needs, LLC n/k/a Pain Alleviation & Interventional Needs, PLLC, and its current and former officers, directors, members, partners, employees, agents, independent contractors, corporate parents, subsidiaries, and affiliates, and any other individuals or entities acting on behalf of P.A.I.N.

7.      The terms "Payment" or "Payments" shall mean anything of value.

8.      The term "related to" or "relating to" shall mean directly or indirectly relating to, mentioning or describing, pertaining to, being connected with, referring to, or reflecting upon a stated subject matter.

**Instructions**

1.      You are required to produce all non-privileged responsive Documents within Your custody, possession, or control, including all non-privileged responsive Documents in the possession of Your agents, such as financial institutions, attorneys, or accountants.

2.      Any information or Document responsive to these Requests that is not produced or disclosed by reason of a claim of privilege or work-product protection, or for any other reason, shall be identified by: (i) the date the Document was created; (ii) general subject matter; (iii) identity of person(s) to whom the information, or any portion thereof, has been revealed; (iv) identity of person(s) from whom the information was communicated; and (v) the basis upon which the information is being withheld.

3.      The singular form of any word shall include the plural and the plural shall include the singular.

4.      The terms "and," "or," and "and/or" shall be construed conjunctively or disjunctively as necessary to bring within the scope all responses that might otherwise be construed as outside its scope.

5.      Unless otherwise specified, the time period applicable to these Requests is January 1, 2015 to the present.

**Document Requests**

1.      All Documents regarding any of the claims and claimants identified in the attached Exhibit A,[1] including but not limited to any letters of protection related to the medical treatment of those individuals and the referral or solicitation of those individuals for health-care services.

2.      All Communications between You and any Defendant regarding any of the claims and claimants identified in the attached Exhibit A, including but not limited to any Communications regarding any treatment rendered by P.A.I.N. and/or the Elite Entities, letters of protection, and the referral or solicitation of those individuals for health-care services.

---

[1]   Please contact David Lopez via email (david.lopez@katten.com) to obtain Exhibit A.  It will then be submitted to you via a secure dropbox link.

3

3.      All Documents and Communications reflecting the disbursement of settlement or litigation proceeds for claims that You made on behalf of any of the individuals identified in the attached Exhibit A, including, but not limited to any settlement statements, settlement-disbursement sheets, total settlement amounts, and total disbursement amounts.

4.      All Documents and Communications reflecting any contractual relationships, financial arrangements, and/or referral arrangements between You and any Defendant.

5.      All Documents reflecting Payments made to and/or received from any Defendant, including but not limited to any invoices, receipts, statements, accounting ledgers, checks, and/or Forms 1099-MISC.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 4:19-cv-01491 Document 45-1 Filed on 07/01/20 in TXSD Page 18 of 38

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | | |
|---|---|---|
| State Farm Mutual Automobile Insurance Company, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 4:19-cv-01491 |
| Nooruddin S. Punjwani, M.D., et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: The Law Office of Hilda L. Sibrian PC, c/o Registered Agent Romano & Sumner, PLLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

       See attached rider.

| Place: Micah Kessler<br>Nistico Crouch & Kessler PC<br>1900 W Loop S #800<br>Houston, TX 77027<br>Phone: (713) 781-2889 | Date and Time:<br><br>Within twenty-one (21) days of service. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 6/8/20

| *DAVID J. WEAVER, CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm County Mutual Insurance Company of Texas , who issues or requests this subpoena, are:

Jared T. Heck, Katten Muchin Rosenman, LLP, 525 W. Monroe Street, Chicago, IL 60661-3693; 312-902-5490; jared.heck@katten.com

## Notice to the person who issues or requests this subpoena

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:19-cv-01491

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SUBPOENA RIDER**
**THE LAW OFFICE OF HILDA L. SIBRIAN PC**

**Definitions**

1.      The terms "You" and "Your" shall mean The Law Office of Hilda L. Sibrian PC, any shareholder, director, officer, employee, agent, entity, or other person acting on behalf of The Law Office of Hilda L. Sibrian PC, and any entity The Law Office of Hilda L. Sibrian PC owns or controls.

2.      The term "Communications" shall mean all discussions, conversations, meetings, conferences, telephone conversations, text messages, interviews, negotiations, agreements, understandings, cards, letters, correspondences, telegrams, telexes, electronic mail, voicemail, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, agenda and other records of any communications.

3.      The term "Defendant" and "Defendants" shall mean Nooruddin S. Punjwani, M.D., Pain Alleviation & Interventional Needs, LLC n/k/a Pain Alleviation & Interventional Needs, PLLC, Barketali M. Roopani, Anil B. Roopani, and Sohail B. Roopani.

4.      The term "Documents" shall mean every original (and every copy of any original or copy which differs in any way from any original), every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed, computerized or recorded by any mechanical, electronic or electrical means whatsoever, including without limitation books, records, papers, letters, instructions, pamphlets, brochures, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, reports, correspondence, e-mails, text messages, faxes, Communications, memoranda, notes, notebooks, lists, analyses, financial statements, bank statements, deposit tickets, cancelled checks, wire transfers, solicitations, PowerPoint presentations, charts, minutes, calendars, appointment books,

1

itineraries, vouchers, receipts, contracts, agreements, invoices, written memorials of oral communications, photographs, films, video tapes, audio tapes, recordings and compilations of data or other information, including any compilations from which information can be obtained. The term "Documents" shall have the broadest meaning possible consistent with the Federal Rules of Civil Procedure.

5.      The term "Elite Entities" shall mean Elite Health Services; Elite Imaging & Diagnostic; Elite Healthcare; Med Center Healthcare Services, L.P. d/b/a Elite Health Services – Medical Center; Clay Healthcare Services LLC d/b/a Elite Health Services – West Houston; Elite Opco GP, LLC; Elite HSR, LLC; Elite HS Management, LLC; Elite HS Holdco, L.P.; Elite HS Staffing, LLC; and Elite GP, LLC, and these entities' current and former officers, directors, members, partners, employees, agents, independent contractors, corporate parents, subsidiaries, and affiliates, and any other individuals or entities acting on their behalf.

6.      The term "P.A.I.N." shall mean Defendant Pain Alleviation & Interventional Needs, LLC n/k/a Pain Alleviation & Interventional Needs, PLLC, and its current and former officers, directors, members, partners, employees, agents, independent contractors, corporate parents, subsidiaries, and affiliates, and any other individuals or entities acting on behalf of P.A.I.N.

7.      The terms "Payment" or "Payments" shall mean anything of value.

8.      The term "related to" or "relating to" shall mean directly or indirectly relating to, mentioning or describing, pertaining to, being connected with, referring to, or reflecting upon a stated subject matter.

**Instructions**

1.      You are required to produce all non-privileged responsive Documents within Your custody, possession, or control, including all non-privileged responsive Documents in the possession of Your agents, such as financial institutions, attorneys, or accountants.

2.      Any information or Document responsive to these Requests that is not produced or disclosed by reason of a claim of privilege or work-product protection, or for any other reason, shall be identified by: (i) the date the Document was created; (ii) general subject matter; (iii) identity of person(s) to whom the information, or any portion thereof, has been revealed; (iv) identity of person(s) from whom the information was communicated; and (v) the basis upon which the information is being withheld.

3.      The singular form of any word shall include the plural and the plural shall include the singular.

4.      The terms "and," "or," and "and/or" shall be construed conjunctively or disjunctively as necessary to bring within the scope all responses that might otherwise be construed as outside its scope.

5.      Unless otherwise specified, the time period applicable to these Requests is January 1, 2015 to the present.

**Document Requests**

1.      All Documents regarding any of the claims and claimants identified in the attached Exhibit A,[1] including but not limited to any letters of protection related to the medical treatment of those individuals and the referral or solicitation of those individuals for health-care services.

---

[1]   Please contact David Lopez via email (david.lopez@katten.com) to obtain Exhibit A.  It will then be submitted to you via a secure dropbox link.

2.     All Communications between You and any Defendant regarding any of the claims and claimants identified in the attached Exhibit A, including but not limited to any Communications regarding any treatment rendered by P.A.I.N. and/or the Elite Entities, letters of protection, and the referral or solicitation of those individuals for health-care services.

3.     All Documents and Communications reflecting the disbursement of settlement or litigation proceeds for claims that You made on behalf of any of the individuals identified in the attached Exhibit A, including, but not limited to any settlement statements, settlement-disbursement sheets, total settlement amounts, and total disbursement amounts.

4.     All Documents and Communications reflecting any contractual relationships, financial arrangements, and/or referral arrangements between You and any Defendant.

5.     All Documents reflecting Payments made to and/or received from any Defendant, including but not limited to any invoices, receipts, statements, accounting ledgers, checks, and/or Forms 1099-MISC.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Texas

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:19-cv-01491 |
| Nooruddin S. Punjwani, M.D., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: The Mukerji Law Firm, P.C., c/o Registered Agent Sam K. Mukerji

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached rider.

| Place: Micah Kessler<br>Nisisco Crouch & Kessler PC<br>1900 W Loop S #800<br>Houston, TX 77027<br>Phone: (713) 781-2889 | Date and Time:<br><br>Within twenty-one (21) days of service. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 6/8/20

DAVID J. WEAVER, CLERK OF COURT

OR

_____       _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm County Mutual Insurance Company of Texas , who issues or requests this subpoena, are:

Jared T. Heck, Katten Muchin Rosenman, LLP, 525 W. Monroe Street, Chicago, IL 60661-3693; 312-902-5490; jared.heck@katten.com

## Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:19-cv-01491

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SUBPOENA RIDER**
**THE MUKERJI LAW FIRM, P.C.**

**Definitions**

1.     The terms "You" and "Your" shall mean The Mukerji Law Firm, P.C. any shareholder, director, officer, employee, agent, entity, or other person acting on behalf of The Mukerji Law Firm, P.C., and any entity The Mukerji Law Firm, P.C. owns or controls.

2.     The term "Communications" shall mean all discussions, conversations, meetings, conferences, telephone conversations, text messages, interviews, negotiations, agreements, understandings, cards, letters, correspondences, telegrams, telexes, electronic mail, voicemail, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, agenda and other records of any communications.

3.     The term "Defendant" and "Defendants" shall mean Nooruddin S. Punjwani, M.D., Pain Alleviation & Interventional Needs, LLC n/k/a Pain Alleviation & Interventional Needs, PLLC, Barketali M. Roopani, Anil B. Roopani, and Sohail B. Roopani.

4.     The term "Documents" shall mean every original (and every copy of any original or copy which differs in any way from any original), every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed, computerized or recorded by any mechanical, electronic or electrical means whatsoever, including without limitation books, records, papers, letters, instructions, pamphlets, brochures, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, reports, correspondence, e-mails, text messages, faxes, Communications, memoranda, notes, notebooks, lists, analyses, financial statements, bank statements, deposit tickets, cancelled checks, wire transfers, solicitations, PowerPoint presentations, charts, minutes, calendars, appointment books, itineraries, vouchers, receipts, contracts, agreements, invoices, written memorials of oral

1

communications, photographs, films, video tapes, audio tapes, recordings and compilations of data or other information, including any compilations from which information can be obtained. The term "Documents" shall have the broadest meaning possible consistent with the Federal Rules of Civil Procedure.

5.      The term "Elite Entities" shall mean Elite Health Services; Elite Imaging & Diagnostic; Elite Healthcare; Med Center Healthcare Services, L.P. d/b/a Elite Health Services – Medical Center; Clay Healthcare Services LLC d/b/a Elite Health Services – West Houston; Elite Opco GP, LLC; Elite HSR, LLC; Elite HS Management, LLC; Elite HS Holdco, L.P.; Elite HS Staffing, LLC; and Elite GP, LLC, and these entities' current and former officers, directors, members, partners, employees, agents, independent contractors, corporate parents, subsidiaries, and affiliates, and any other individuals or entities acting on their behalf.

6.      The term "P.A.I.N." shall mean Defendant Pain Alleviation & Interventional Needs, LLC n/k/a Pain Alleviation & Interventional Needs, PLLC, and its current and former officers, directors, members, partners, employees, agents, independent contractors, corporate parents, subsidiaries, and affiliates, and any other individuals or entities acting on behalf of P.A.I.N.

7.      The terms "Payment" or "Payments" shall mean anything of value.

8.      The term "related to" or "relating to" shall mean directly or indirectly relating to, mentioning or describing, pertaining to, being connected with, referring to, or reflecting upon a stated subject matter.

**<u>Instructions</u>**

1.      You are required to produce all non-privileged responsive Documents within Your custody, possession, or control, including all non-privileged responsive Documents in the possession of Your agents, such as financial institutions, attorneys, or accountants.

2

2.      Any information or Document responsive to these Requests that is not produced or disclosed by reason of a claim of privilege or work-product protection, or for any other reason, shall be identified by: (i) the date the Document was created; (ii) general subject matter; (iii) identity of person(s) to whom the information, or any portion thereof, has been revealed; (iv) identity of person(s) from whom the information was communicated; and (v) the basis upon which the information is being withheld.

3.      The singular form of any word shall include the plural and the plural shall include the singular.

4.      The terms "and," "or," and "and/or" shall be construed conjunctively or disjunctively as necessary to bring within the scope all responses that might otherwise be construed as outside its scope.

5.      Unless otherwise specified, the time period applicable to these Requests is January 1, 2015 to the present.

**Document Requests**

1.      All Documents regarding any of the claims and claimants identified in the attached Exhibit A,[1] including but not limited to any letters of protection related to the medical treatment of those individuals and the referral or solicitation of those individuals for health-care services.

2.      All Communications between You and any Defendant regarding any of the claims and claimants identified in the attached Exhibit A, including but not limited to any Communications regarding any treatment rendered by P.A.I.N. and/or the Elite Entities, letters of protection, and the referral or solicitation of those individuals for health-care services.

---

[1]   Please contact David Lopez via email (david.lopez@katten.com) to obtain Exhibit A.  It will then be submitted to you via a secure dropbox link.

3.      All Documents and Communications reflecting the disbursement of settlement or litigation proceeds for claims that You made on behalf of any of the individuals identified in the attached Exhibit A, including, but not limited to any settlement statements, settlement-disbursement sheets, total settlement amounts, and total disbursement amounts.

4.      All Documents and Communications reflecting any contractual relationships, financial arrangements, and/or referral arrangements between You and any Defendant.

5.      All Documents reflecting Payments made to and/or received from any Defendant, including but not limited to any invoices, receipts, statements, accounting ledgers, checks, and/or Forms 1099-MISC.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Case 4:19-cv-01491 Document 45-1 Filed on 07/01/20 in TXSD Page 32 of 38

# UNITED STATES DISTRICT COURT

### for the

### Southern District of Texas

| | |
|---|---|
| State Farm Mutual Automobile Insurance Company, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:19-cv-01491 |
| Nooruddin S. Punjwani, M.D., et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Adame * Garza, LLP
_____
*(Name of person to whom this subpoena is directed)*

[✓] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

   See attached rider.

| Place: Micah Kessler<br>Nistico Crouch & Kessler PC<br>1900 W Loop S #800<br>Houston, TX 77027<br>Phone: (713) 781-2889 | Date and Time:<br><br>Within twenty-one (21) days of service. |
|---|---|

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   6/8/20

*DAVID J. WEAVER, CLERK OF COURT*              OR

_____          _____
   *Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

   The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm County Mutual Insurance Company of Texas      , who issues or requests this subpoena, are:

Jared T. Heck, Katten Muchin Rosenman, LLP, 525 W. Monroe Street, Chicago, IL 60661-3693; 312-902-5490, jared.heck@katten.com

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  4:19-cv-01491

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SUBPOENA RIDER**
**ADAME * GARZA, LLP**

**<u>Definitions</u>**

1.      The terms "You" and "Your" shall mean Adame * Garza, LLP, any shareholder, director, officer, employee, agent, entity, or other person acting on behalf of Adame * Garza, LLP, and any entity Adame * Garza, LLP owns or controls.

2.      The term "Communications" shall mean all discussions, conversations, meetings, conferences, telephone conversations, text messages, interviews, negotiations, agreements, understandings, cards, letters, correspondences, telegrams, telexes, electronic mail, voicemail, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, agenda and other records of any communications.

3.      The term "Defendant" and "Defendants" shall mean Nooruddin S. Punjwani, M.D., Pain Alleviation & Interventional Needs, LLC n/k/a Pain Alleviation & Interventional Needs, PLLC, Barketali M. Roopani, Anil B. Roopani, and Sohail B. Roopani.

4.      The term "Documents" shall mean every original (and every copy of any original or copy which differs in any way from any original), every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed, computerized or recorded by any mechanical, electronic or electrical means whatsoever, including without limitation books, records, papers, letters, instructions, pamphlets, brochures, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, reports, correspondence, e-mails, text messages, faxes, Communications, memoranda, notes, notebooks, lists, analyses, financial statements, bank statements, deposit tickets, cancelled checks, wire transfers, solicitations, PowerPoint presentations, charts, minutes, calendars, appointment books, itineraries, vouchers, receipts, contracts, agreements, invoices, written memorials of oral

1

communications, photographs, films, video tapes, audio tapes, recordings and compilations of data or other information, including any compilations from which information can be obtained. The term "Documents" shall have the broadest meaning possible consistent with the Federal Rules of Civil Procedure.

5.      The term "Elite Entities" shall mean Elite Health Services; Elite Imaging & Diagnostic; Elite Healthcare; Med Center Healthcare Services, L.P. d/b/a Elite Health Services – Medical Center; Clay Healthcare Services LLC d/b/a Elite Health Services – West Houston; Elite Opco GP, LLC; Elite HSR, LLC; Elite HS Management, LLC; Elite HS Holdco, L.P.; Elite HS Staffing, LLC; and Elite GP, LLC, and these entities' current and former officers, directors, members, partners, employees, agents, independent contractors, corporate parents, subsidiaries, and affiliates, and any other individuals or entities acting on their behalf.

6.      The term "P.A.I.N." shall mean Defendant Pain Alleviation & Interventional Needs, LLC n/k/a Pain Alleviation & Interventional Needs, PLLC, and its current and former officers, directors, members, partners, employees, agents, independent contractors, corporate parents, subsidiaries, and affiliates, and any other individuals or entities acting on behalf of P.A.I.N.

7.      The terms "Payment" or "Payments" shall mean anything of value.

8.      The term "related to" or "relating to" shall mean directly or indirectly relating to, mentioning or describing, pertaining to, being connected with, referring to, or reflecting upon a stated subject matter.

**Instructions**

1.      You are required to produce all non-privileged responsive Documents within Your custody, possession, or control, including all non-privileged responsive Documents in the possession of Your agents, such as financial institutions, attorneys, or accountants.

2

2.      Any information or Document responsive to these Requests that is not produced or disclosed by reason of a claim of privilege or work-product protection, or for any other reason, shall be identified by: (i) the date the Document was created; (ii) general subject matter; (iii) identity of person(s) to whom the information, or any portion thereof, has been revealed; (iv) identity of person(s) from whom the information was communicated; and (v) the basis upon which the information is being withheld.

3.      The singular form of any word shall include the plural and the plural shall include the singular.

4.      The terms "and," "or," and "and/or" shall be construed conjunctively or disjunctively as necessary to bring within the scope all responses that might otherwise be construed as outside its scope.

5.      Unless otherwise specified, the time period applicable to these Requests is January 1, 2015 to the present.

**<u>Document Requests</u>**

1.      All Documents regarding any of the claims and claimants identified in the attached Exhibit A,[1] including but not limited to any letters of protection related to the medical treatment of those individuals and the referral or solicitation of those individuals for health-care services.

2.      All Communications between You and any Defendant regarding any of the claims and claimants identified in the attached Exhibit A, including but not limited to any Communications regarding any treatment rendered by P.A.I.N. and/or the Elite Entities, letters of protection, and the referral or solicitation of those individuals for health-care services.

---

[1] Please contact David Lopez via email (david.lopez@katten.com) to obtain Exhibit A.  It will then be submitted to you via a secure dropbox link.

3

3.      All Documents and Communications reflecting the disbursement of settlement or litigation proceeds for claims that You made on behalf of any of the individuals identified in the attached Exhibit A, including, but not limited to any settlement statements, settlement-disbursement sheets, total settlement amounts, and total disbursement amounts.

4.      All Documents and Communications reflecting any contractual relationships, financial arrangements, and/or referral arrangements between You and any Defendant.

5.      All Documents reflecting Payments made to and/or received from any Defendant, including but not limited to any invoices, receipts, statements, accounting ledgers, checks, and/or Forms 1099-MISC.