# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | |
|---|---|
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS,** Plaintiffs, vs. **NOORUDDIN S. PUNJWANI, M.D., PAIN ALLEVIATION & INTERVENTIONAL NEEDS, LLC n/k/a PAIN ALLEVIATION & INTERVENTIONAL NEEDS, PLLC, BARKETALI M. ROOPANI, ANIL B. ROOPANI, and SOHAIL B. ROOPANI,** Defendants. | **Case No. 4:19-CV-01491** **JURY TRIAL DEMANDED** **Hon. Ewing Werlein, Jr.** |

## NON-PARTY DR. SARA GOEL'S OBJECTIONS TO PLAINTIFFS' NON-PARTY SUBPOENA TO DR. SARA GOEL

TO: Plaintiffs, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS, by and through their attorneys of record Matthew R. Ryan of Katten Muchin Rosenman LLP, located at 525 W. Monroe Street, Suite 1900, Chicago, IL 60661 and M. Micah Keller of Nistico Crouch & Kessler P.C., located at 1900 West Loop South, Suite 800, Houston, Texas 77027.

COMES NOW, Non-Party, DR. SARA GOEL, in the above-styled and numbered cause, and files this her Objections Plaintiffs' Non-Party Subpoena to Dr. Sara Goel, served on June 18, 2020.

Said objections are attached hereto.

Respectfully submitted,

**EDWARDS SUTARWALLA PLLC**

By: _____
George Edwards III
State Bar No. 24055438
S.D. Tex. No. 1031248

Murtaza Sutarwalla
State Bar No: 24056398
S.D. Tex. No. 2589991
1300 McGowen Street
Suite 270
Houston, Texas 77004
(832) 717-2562 Telephone
(713) 583-8715 Fax
Email:george@eslawpartners.com
Email: murtaza@eslawpartners.com
**ATTORNEYS FOR**
**INTERESTED NON-PARTY**
**DR. SARA GOEL**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the attached and foregoing instrument has this the day of July 2, 2020, been forwarded to all counsel of record by electronic mail pursuant to the Federal Rules of Civil Procedure.

BY: _/s/ George Edwards III_

George Edwards III

## DR. GOEL'S OBJECTIONS TO PLAINTIFFS' NON-PARTY SUBPOENA

<u>General Objection:</u> Non-Party Dr. Goel objects to the instructions accompanying Plaintiffs' Subpoena Duces Tecum to the extent that they purport to enlarge the scope of permissible discovery of Dr. Goel's duty to respond, if any, under the Federal Rules of Civil Procedure. In responding, Dr. Goel agrees only to comply with the Federal Rules of Civil Procedure. Dr. Goel also objects to all of Plaintiffs' Subpoena Definitions section, and specifically objects to the definition of Dr. Goel to include entities and persons who are not Dr. Goel. Dr. Goel specifically incorporates all objections made by Defendants in response to the Subpoena, and which were filed with the Court on July 1, 2020.

<u>General Instruction:</u> Non-Party Dr. Goel reserves the right to supplement all of these requests as discovery is ongoing. Additionally, Non-Party Dr. Goel asserts that she is not limited to only introducing the documents produced by any party in this case. Non-party Dr. Goel may produce additional documents as discovery is ongoing.

1. All Documents regarding all patients for whom you conduced an evaluation and/or performed an injection at P.A.I.N. or the Elite Entities. Documents responsive to this Request include, but are not limited to, each patient's complete medical records, test results, notes, bills, referrals for treatment, consultations, testing, sign-in sheets, prescriptions, orders, and any other documentation for each patient.

**Response**: **Objection. This is overly broad and burdensome and would essentially call for Dr. Goel to turn over information not within her possession and gather evidence from everyone known source so as to try the entire case in this discovery response. Objection. This discovery is so broad and global as to amount to a mere fishing expedition, in contravention of the Rules of Civil Procedure. Objection. This request imposes an undue burden and cost on Dr. Goel and Plaintiffs have not taken steps to avoid imposing that burden. FRCP 45(d)(1), (d)(3)(A). Objection. This requires disclosure to privileged and protected information, and no exception or waiver applies. FRCP 45(d)(3)(A)(iii). Objection. This subpoena request requires production of electronically stored information from sources not reasonably accessible because of undue burden and cost. FRCP 45(e)(1)(D).**

2. All Communications between You and anyone regarding any of the patients for whom you conducted an evaluation and/or performed an injection at P.A.I.N. or the Elite Entities.

**Response**: **Objection. This is overly broad and burdensome and would essentially call for Dr. Goel to turn over information not within her possession and gather evidence from everyone known source so as to try the entire case in this discovery response. Objection. This discovery is so broad and global as to amount to a mere fishing expedition, in contravention of the Rules of Civil Procedure. Objection. This request imposes an undue burden and cost on Dr. Goel and Plaintiffs have not taken steps to avoid imposing that burden. FRCP 45(d)(1), (d)(3)(A). Objection. This requires disclosure to privileged and protected information, and no exception or waiver applies. FRCP 45(d)(3)(A)(iii). Objection.**

**This subpoena request requires production of electronically stored information from sources not reasonably accessible because of undue burden and cost.  FRCP 45(e)(1)(D).**

3. All agreements and/or contracts between You and any Defendant.

**Response**: **Objection.  This calls for irrelevant information.  Objection.  This request is duplicative of other discovery produced in this case.**

4. All Documents reflecting any Payment that You made to or received from (1) any Defendant, (2) the Elite Entities, and/or (3) Rahil Roopani.

**Objection.  This calls for irrelevant information that does not bear upon any claim or defense in this case.  Response: Objection.  This is overly broad and burdensome and would essentially call for Dr. Goel to turn over information not within her possession and gather evidence from everyone known source so as to try the entire case in this discovery response.  Objection.  This discovery is so broad and global as to amount to a mere fishing expedition, in contravention of the Rules of Civil Procedure.   Objection. This request imposes an undue burden and cost on Dr. Goel and Plaintiffs have not taken steps to avoid imposing that burden.  FRCP 45(d)(1), (d)(3)(A).  Objection.  This requires disclosure to privileged and protected information, and no exception or waiver applies. FRCP 45(d)(3)(A)(iii).  Objection.  This subpoena request requires production of electronically stored information from sources not reasonably accessible because of undue burden and cost.  FRCP 45(e)(1)(D).**

5. All Communications with anyone regarding the solicitation, procurement, referral, or transportation of any patient at P.A.I.N. or the Elite Entities.

**Objection.  This calls for irrelevant information that does not bear upon any claim or defense in this case.  Response: Objection.  This is overly broad and burdensome and would essentially call for Dr. Goel to turn over information not within her possession and gather evidence from everyone known source so as to try the entire case in this discovery response.  Objection.  This discovery is so broad and global as to amount to a mere fishing expedition, in contravention of the Rules of Civil Procedure.   Objection. This request imposes an undue burden and cost on Dr. Goel and Plaintiffs have not taken steps to avoid imposing that burden.  FRCP 45(d)(1), (d)(3)(A).  Objection.  This requires disclosure to privileged and protected information, and no exception or waiver applies. FRCP 45(d)(3)(A)(iii).  Objection.  This subpoena request requires production of electronically stored information from sources not reasonably accessible because of undue burden and cost.  FRCP 45(e)(1)(D).**

6. All Communications with anyone providing marketing, advertising, management, consulting, patient referral, or transportation services on behalf of P.A.I.N. or the Elite Entities.

**Objection. This calls for irrelevant information that does not bear upon any claim or defense in this case. Response: Objection. This is overly broad and burdensome and would essentially call for Dr. Goel to turn over information not within her possession and gather evidence from everyone known source so as to try the entire case in this discovery response. Objection. This discovery is so broad and global as to amount to a mere fishing expedition, in contravention of the Rules of Civil Procedure. Objection. This request imposes an undue burden and cost on Dr. Goel and Plaintiffs have not taken steps to avoid imposing that burden. FRCP 45(d)(1), (d)(3)(A). Objection. This requires disclosure to privileged and protected information, and no exception or waiver applies. FRCP 45(d)(3)(A)(iii). Objection. This subpoena request requires production of electronically stored information from sources not reasonably accessible because of undue burden and cost. FRCP 45(e)(1)(D).**

7. All Documents and Communications between You and Rehan Memon, M.D. and/or Okezi, M.D. regarding any services provided for or on behalf of P.A.I.N. and/or the Elite Entities.

**Objection. This calls for irrelevant information that does not bear upon any claim or defense in this case. Response: Objection. This is overly broad and burdensome and would essentially call for Dr. Goel to turn over information not within her possession and gather evidence from everyone known source so as to try the entire case in this discovery response. Objection. This discovery is so broad and global as to amount to a mere fishing expedition, in contravention of the Rules of Civil Procedure. Objection. This request imposes an undue burden and cost on Dr. Goel and Plaintiffs have not taken steps to avoid imposing that burden. FRCP 45(d)(1), (d)(3)(A). Objection. This requires disclosure to privileged and protected information, and no exception or waiver applies. FRCP 45(d)(3)(A)(iii). Objection. This subpoena request requires production of electronically stored information from sources not reasonably accessible because of undue burden and cost. FRCP 45(e)(1)(D).**

8. All W-2s and Form 1099s issued to You from 2015 through the present reflecting payment for any services You performed for or on behalf of P.A.I.N and/or the Elite Entities.

**Objection. This calls for irrelevant information that does not bear upon any claim or defense in this case. Response: Objection. This is overly broad and burdensome and would essentially call for Dr. Goel to turn over information not within her possession and gather evidence from everyone known source so as to try the entire case in this discovery response. Objection. This discovery is so broad and global as to amount to a mere fishing expedition, in contravention of the Rules of Civil Procedure. Objection. This request imposes an undue burden and cost on Dr. Goel and Plaintiffs have not taken steps to avoid imposing that burden. FRCP 45(d)(1), (d)(3)(A). Objection. This requires disclosure to privileged and protected information, and no exception or waiver applies. FRCP 45(d)(3)(A)(iii). Objection. This subpoena request requires production of electronically stored information from sources not reasonably accessible because of undue burden and cost. FRCP 45(e)(1)(D).**