UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS,<br><br>  Plaintiffs,<br><br>v.<br><br>NOORUDDIN S. PUNJWANI, M.D.; PAIN ALLEVIATION & INTERVENTIONAL NEEDS, LLC n/k/a PAIN ALLEVIATION & INTERVENTIONAL NEEDS, PLLC; BARKETALI M. ROOPANI; ANIL B. ROOPANI; and SOHAIL B. ROOPANI,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 4:19-CV-01491<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NON-PARTY TALABI & ASSOCIATES, P.C.'S
MOTION TO QUASH PLAINTIFFS' NON-PARTY SUBPOENA
OR, ALTERNATIVELY, FOR PROTECTIVE ORDER**

Pursuant to FED. R. CIV. P. 45(d)(3), non-party TALABI & ASSOCIATES, P.C. ("Movant") moves to quash the non-party subpoenas *duces tecum*, issued by STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS ("Plaintiffs"), and served on Movant on or about June 12, 2020.[1] Alternatively, Movant seeks the entry of a protective order.

### I.  Nature and Stage of the Proceeding

According to their Complaint, Plaintiffs have alleged that Defendants conspired to defraud State Farm by allegedly submitting fraudulent billing and/or medical records for treatment of

---

[1] Attached as Exhibit 1

automobile accident victims. Specifically, State Farm has brought a RICO claim against an individual, Dr. Nooruddin S. Punjwani, and a claim for money had and received against all Defendants. Notably, there are no claims against the non-parties on whom subpoenas were served,[2] nor the Elite Health non-parties.[3]

In what appears to be simply harassment and abuse of the discovery process, Plaintiffs have apparently subpoenaed Movant, along with four other law firms, that represented patients Dr. Punjwani treated at PAIN for their confidential and privileged records related to some of these patients.

## II.   Issues and Standard of Review

Pursuant to Federal Rule of Civil Procedure 45(d)(3), Movant now asks the Court to quash the Non-Party Subpoena attached in Exhibit 1. This rule *requires* that a Court quash or modify a subpoena that: ". . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3). To determine whether a subpoena creates an undue burden, courts consider "(1) the relevance of the requested information; (2) the party's need for the information; (3) the breadth of the request; (4) the time period covered by the request; (5) the particularity with which the request is described; and (6) the burden imposed." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Whether to quash a subpoena under Rule 45 is within the court's "broad discretion." *Rembrandt Patent Innovations v. Apple, Inc.*, 1:15-CV-438-RP, 2015 WL 4393581, at *1 (W.D. Tex. July 15, 2015).

---

[2] Law Office of Merick Nepomuceno P.C.; Talabi & Associates, P.C.; The Law Office of Hilda L. Sibrian PC; The Mukerji Law Firm, P.C.; and Adame * Garza, LLP
[3] Elite Health Services – Sugar Land; Medical Center Healthcare Services, L.P., d/b/a Elite Health Services – Medical Center; and Clay Healthcare Services, LLC, d/b/a Elite Health Services – West Houston

Alternatively, Movant moves for a protective order under Federal Rule of Civil Procedure 26(c) that forbids the disclosure of the subpoenaed information and orders the nonparties not to respond. *See G.K. Las Vegas Ltd. P'ship v. Simon Prop. Group, Inc.*, 2:04-CV-01199-DAE, 2007 WL 119148, at *4 (D. Nev. Jan. 9, 2007). The Court may issue such an order if the discovery sought in the subpoenas is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive . . ." *Id*.

### III. Argument

Because the subpoenas issued by Plaintiffs seek only documents that are irrelevant or easily obtainable from parties to the lawsuit, they constitute an undue burden on Movant. In addition, the requests seek documents that are privileged, as stated in Movant's previously filed objections. [Dkt. 42]. Therefore, this Court should quash or modify the subpoena or, alternatively, issue a protective order prohibiting the Movant from responding to the subpoena.

**A.     Plaintiffs' Overly Broad and Irrelevant Requests Constitute a *Per Se* Undue Burden on Movant, a Non-Party**

Recognizing the burdens and disruptions caused by non-party subpoenas, Federal Rule of Civil Procedure 45(d)(1) provides that:

> Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

FED. R. CIV. P. 45(d)(1).

Completely ignoring this requirement, Plaintiffs have requested a plethora of documents from Movant regarding other non-parties, documents that they already posses or that can easily be requested from Defendants, privileged documents, or otherwise irrelevant documents.

3

Courts have routinely held that "it is a generally accepted rule that standards for non-party discovery require a ***stronger showing of relevance*** than for party discovery." *See, e.g.*, *Pinehaven Plantation Prop., LLC v. Mountcastle Family LLC*, No. 1:12-CV-62, 2013 WL 6734117 (M.D. Ga. Dec. 19, 2013) (emphasis added); *Exxon Shipping Co. v. United States Dept. of Interior*, 34 F.3d 774, 779 (9th Cir.1994) (nonparties are afforded "special protection against the time and expense of complying with subpoenas"). In fact, the First Circuit has explained that:

> [i]t is also noteworthy that the respondents are strangers to the . . . . litigation; insofar as . . . they have no dog in that fight. Although discovery is by definition invasive, parties to a lawsuit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for the unwanted burden thrust upon non-parties is **a factor entitled to special weight** in evaluating the balance of competing needs.

*Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) (emphasis added).

The D.C. Circuit has likewise noted that:

> If a subpoena compels disclosure of information that is not properly discoverable, then *the burden it imposes, however slight, is **necessarily undue***: why require a party to produce information the requesting party has no right to obtain?

*AF Holdings, LLC v. Does 1-1058*, 752 F. 3d 990 (D. C. Cir. 2014) (emphasis added).

A fair reading of the live pleadings in this case reveals that Plaintiffs' only allegations in the lawsuit are that (1) the Defendants committed mail and wire fraud by allegedly submitting bills and records for fraudulent or nonexistent treatment and (2) that Plaintiffs are entitled, in equity, to disgorgement of the profits received by Defendants for such treatment.[4] However, Plaintiffs' requests go well beyond information or documents that would show (1) whether the treatment provided by Defendants was medically necessary or fraudulent or (2) how much Defendants received as payment for those procedures. Thus, this Court should find that the subpoena presents an undue burden because the subpoena is facially overbroad. *See Wiwa v. Royal Dutch Petroleum*

---

[4] Plaintiffs' Complaint [Dkt. 1], at pp. 36-40.

4

*Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 814 (9th Cir. 2003) (A nonparty subpoena is unduly burdensome if "served for the purpose of annoying and harassment and not really for the purpose of getting information."); *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) ("discovery may not be used as a fishing expedition," but rather "must be reasonably tailored to include only matters relevant to the case.").

**B.     The Subpoena's Request for Overly Broad Categories of Documents Includes Mostly Privileged and/or Otherwise Confidential Documents**

As provided in Movant's Objections to the Subpoena, many of Plaintiffs' request seek information or documents protect by various privileges, including the attorney-client privilege, work product privilege, and various medical privacy regulations.

The attorney-client privilege exists to protect not only the giving of professional advice to those who can act on it, but also the giving of information to the lawyer to enable him to give sound and informed advice. *In re Spalding Sports Worldwide, Inc.,* 203 F.3d 800, 805 (Fed. Cir. 2000). To determine if a communication falls within the protection of the attorney-client privilege, we ask: (1) whether "legal advice of any kind [was] sought ... from a professional legal adviser in his capacity as such"; and (2) whether the communication was "relat[ed] to that purpose" and "made in confidence ... by the client." *Sandra Te v. South Berwyn School Dist. 100*, 600 F. 3d 612, 618 (7th Cir. 2010). Moreover, as the Supreme Court has reaffirmed, the general rule that the privilege continues even after the termination of the attorney-client relationship and the death of the client. *See Swidler & Berlin v. United States*, 524 U.S. 399, 405-06 (1998) (holding that the privilege continued after the death of a client even where the privileged communications were relevant to a criminal proceeding).

Many of the requested documents pertain to files that ended up in litigation. Thus, not only do Plaintiffs already have those requested documents through the prior discovery process, the work

product privilege also applies. The work product doctrine "is distinct from and broader than the attorney-client privilege." *In re Antitrust Grand Jury*, 805 F. 2d 155, 163 (6th Cir. 1986).

C.   **Plaintiffs' Ability to Acquire Information Through Less Burdensome Means Constitutes a *Per Se* Undue Burden on Movant, a Non-Party**

Movant also moves to quash the subpoena because it seeks information or documents that are cumulative, duplicative, and that is more appropriately sought from parties to this action. "The question of undue burden on a non-party requires a court to balance the subpoena's benefits and burdens, and 'calls upon the court to consider whether the information is necessary and unavailable from any other source.'" *Rembrandt*, 2015 WL 4393581, at *1 (quoting *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 377 (5th Cir. 2004), abrogated on other grounds by *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010)). When the information requested in a non-party subpoena is equally available from one of the parties in the lawsuit, that fact alone is enough to demonstrate the subpoena creates an undue burden on the third party. *Id.* at *2 ("until and unless Plaintiffs can establish they are unable to obtain the requested information Defendant, subpoenaing the information from [third party] creates an undue burden that is not outweighed by Plaintiffs' need for the information.").

Seeking the requested discovery directly from parties to the action would be more convenient and avoid unnecessary cost and expense. *See, e.g., Perez v. City of Chicago*, No. 02-1969, 2004 WL 1151570, *5 (N.D. Ill. April 29, 2004) (subpoena unreasonable because "the requested information is substantially available to the [requesting party] through less burdensome means"); *see also Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There simply is no reason to burden nonparties when the documents sought are in possession of the party defendant."). The majority of documents requested by Plaintiffs are already in their

possession from the initial claims process (indeed, Plaintiffs' Complaint contains multiple references to these documents), and the remaining documents can be obtained from Defendants.

## IV. Conclusion

WHEREFORE, Movant moves this Court to Quash Plaintiffs' Subpoena *Duces Tecum* Talabi & Associates, P.C., or, in the alternative, for a Protective Order, and for all such other relief as the Court sees fit.

TALABI & ASSOCIATES, P.C.

By: /s/ Sean Palavan
Mehran "Mike" Talabi
Texas Bar No. 24037579
Sean Palavan
Texas Bar No. 24058640
2930 Chimney Rock Rd., Suite 200
Houston, Texas 77056
Phone: (713) 266-0529
Fax: (713) 266-2203
spalavan@talabilawfirm.com

ATTORNEYS FOR NON-PARTY
TALABI & ASSOCIATES, P.C.

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel have conferred in a good faith effort to resolve the matters in dispute but are unable to reach an agreement. This conference took place on July 2, 2020 at 11:00 a.m. by phone between Matthew Ryan and Adrian Jonak, counsel for Plaintiffs, and Sean Palavan and Mike Talabi, counsel for Non-Party Talabi & Associates, P.C.

By: /s/ Sean Palavan
Sean Palavan

## CERTIFICATE OF SERVICE

I certify that on July 2, 2020, I electronically filed the foregoing through the CM/ECF system, which will electronically serve all counsel of record.

By: /s/ Sean Palavan
Sean Palavan

Jared T. Heck, Esq.
Ross O. Silverman, Esq.
Eric T. Gortner, Esq.
KATTEN MUCHIN ROSENMAN LLP
525 W. Monroe Street, Suite 1900
Chicago, IL 60661-3693
312-902-5200
Jared.heck@kattenlaw.com
Ross.silverman@kattenlaw.com
Eric.gortner@kattenlaw.com

Emily L. Travis, Esq.
KATTEN MUCHIN ROSENMAN LLP
1301 McKinney Street, Suite 3000
Houston, TX 77010
713-270-3446
Fax: 713-270-3401
Emily.travis@kattenlaw.com

M. Micah Kessler, Esq.
Nistico, Crouch & Kessler, PC
1900 West Loop South, Suite 800
Houston, TX 77027
713-781-2889
Fax: 713-781-7222
mkessler@nck-law.com

ATTORNEYS FOR PLAINTIFFS

Todd W. Mensing, Esq.
Sammy Ford, IV, Esq.
AHMAD ZAVITSANOS ANAIPAKOS
ALAVI & MENSING PC
1221 McKinney Street, Suite 2500
Houston TX 77010
713-655-1101
Fax: 713-655-0062
tmensing@azalaw.com
sford@azalaw.com

ATTORNEYS FOR DEFENDANT
NOORUDDIN S. PUNJWANI

Mark S. Armstrong, Esq.
Ebad Khan, Esq.
Polsinelli PC
1000 Louisiana Street, Suite 6400
Houston, TX 77002
713-374-1600
Fax: 713-374-1601
marmstrong@polsinelli.com
ekhan@polsinelli.com

Lauren T. Tucker McCubbin, Esq.
Polsinelli PC
900 W. 48th Place, Suite 900
Kansas City, MO 64112
816-753-1000
Fax: 816-753-1536
ltucker@polsinelli.com

ATTORNEYS FOR DEFENDANTS
PAIN ALLEVIATION & INTERVENTIONAL NEEDS, LLC N/K/A PAIN ALLEVIATION & INTERVENTIONAL NEEDS, PLLC ("P.A.I.N."), BARKETALI M. ROOPANI, ANIL B. ROOPANI AND SOHAIL B. ROOPANI