UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS,<br><br>Plaintiffs,<br><br>v.<br><br>NOORUDDIN S. PUNJWANI, M.D.; PAIN ALLEVIATION & INTERVENTIONAL NEEDS, LLC n/k/a PAIN ALLEVIATION & INTERVENTIONAL NEEDS, PLLC; BARKETALI M. ROOPANI; ANIL B. ROOPANI; and SOHAIL B. ROOPANI,<br><br>Defendants. | Case No. 4:19-CV-01491<br>Hon. Ewing Werlein, Jr. |

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER
TO MAINTAIN THE CONFIDENTIALITY OF DOCUMENTS**

Pursuant to the procedures set forth in the Stipulated Protective Order in this case (ECF Doc. 28), Defendants PAIN Alleviation & Interventional Needs, PLLC ("*PAIN*") and Barketali M. Roopani, Anil B. Roopani, and Sohail B. Roopani (the "*Roopani Defendants*") (collectively, "*Defendants*"), hereby move this Court for entry of a Protective Order to maintain the confidentiality of documents contained within confidential patient medical records and appropriately designated as "Confidential." In support of their Motion, Defendants state the following:

I. **Nature and Stage of the Proceeding**

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm County Mutual Insurance Company of Texas (collectively, "*State Farm*"), filed suit on April 23, 2019, alleging that Defendants conspired to defraud State Farm when they treated automobile accident victims. Specifically, State Farm alleges a RICO claim against one individual Defendant, Dr.

74382334.1

Nooruddin S. Punjwani, and a claim for money had and received against all Defendants, including the PAIN and Roopani Defendants.[1]

On December 31, 2019, the Court denied the Defendants' respective Motions to Dismiss. (ECF Doc. 29). The deadline to complete discovery is February 21, 2021, and a docket call is set for January 7, 2022.

At this time, the parties are engaged in discovery. To date, PAIN and the Roopani Defendants have produced three sets of documents to State Farm. A major portion of those document productions consists of the confidential medical records of patients at issue in the Complaint. On July 21, 2020, State Farm requested that PAIN and the Roopani Defendants agree to de-designate certain documents which the Defendants have identified as "Confidential" pursuant to the terms of the Stipulated Protective Order (ECF Doc. 28) entered in this case. The terms of the Stipulated Protective Order entered in this case require the PAIN and the Roopani Defendants to move the Court for an Order affirming the documents' designation as "Confidential" or waive the designation. Thus, PAIN and the Roopani Defendants respectfully request that this Court affirm the "Confidential" designation of documents contained in the patient medical record.

## II.     Issues and Standard of Review

Rule 26(c) allows the Court, on a showing of good cause, to:

> "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery;. . . (C) prescribing a discovery method other than the one selected by the party seeking discovery;. . . (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."

Fed. R. Civ. P. 26(c).  Whether the court may issue a Protective Order is within the court's "broad discretion." *McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 322 F.R.D. 235, 242

---

[1] The sole claim against the PAIN and Roopani Defendants is a claim for Money Had and Received.

2

*(N.D. Tex. 2016).* "[T]he burden is upon the party seeking the protective order to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Id.*

### III.   Argument

**A.   Pursuant to the Stipulated Protective Order entered in this case, Defendants seek a finding by this Court to uphold the "Confidential" designation on documents contained within patient medical records.**

On July 21, 2020, State Farm requested that certain documents marked "Confidential" by PAIN and the Roopani Defendants be de-designated as confidential. The email communication and documents at issue are **being filed under seal and is attached as Exhibit A and A1-A5.**

Pursuant to the Stipulated Protective Order:

> **C. Declassification**. . . If any party to the litigation disputes the 'Confidential' designation of any documents, portions of documents . . . if the parties are unable to agree as to whether the designated items are "Confidential," the party that made the designation, within fourteen (14) days of receiving the Objection . . . must file an appropriate motion with the Court, seeking an order determining whether the items are "Confidential" and entitled to protection under applicable law and this Protective Order."

Paragraph 10 of the Stipulated Protective Order (ECF Doc. 28).

First, the documents at issue are contained in the confidential patient medical records of patients treated by PAIN, subject to HIPAA protections, and fall squarely within the parameters of the Stipulated Protective Order. Not only does the Stipulated Protective Order in this case specifically allow the parties to, in good faith, mark documents as "Confidential" in accordance with the applicable law (*i.e.,* HIPAA), but the Stipulated Protective Order even considers these exact documents to be Confidential, even without the designation. It specifically states:

> . . . the following documents shall be deemed "Confidential" and subject to this Protective Order without the requirement of further designation and marking, as set forth below:
>
> (a) Any document containing Protected Health Information ("PHI") as that term is defined by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); and

3

74382334.1

      (b) All patient files, including file jacket and contents which may include but are not limited to visit notes. . .entire patient medical records . . .and referrals."

(ECF Doc. 28, 1-2). The documents cherry-picked out of the discovery productions by State Farm are a part of the physical patient files.

      Moreover, "federal courts may consider state policies supporting a privilege in weighing the patient's interest in confidentiality. . . . [U]nder Texas law . . . records of the identity, diagnosis, evaluation, or treatment of a patient by a physician that are created or maintained by a physician are confidential and privileged and may not be disclosed." *Wilson v. Martin Cty. Hosp. Dist.*, 149 F.R.D. 553, 555–56 (W.D. Tex. 1993) (citing *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir.1991)). Here, the records at issue were located in the actual patient medical records that were produced to State Farm, and are records that were created or maintained by the physician such that they are necessary to keep confidential. State Farm's inconvenience in having to file exhibits with protected health information in them under seal is not a reason to make public innocent third party's health records.

      Second, subsequent to the production of those confidential patient records, multiple non-parties to this action have taken the position that documents of this type are privileged and have filed motions with the Court accordingly. *See* ECF. Docs 41, 42, 45, and 49. Out of an abundance of caution while those motions remain pending before this Court, PAIN and the Roopani Defendants' agreement to the de-designation of the confidential nature of those documents is inappropriate at this time.

      Finally, there is no reason why State Farm cannot seek leave to file those documents with the Court under seal. As demonstrated by State Farm in its Response to Defendants' Motion to Quash Non-Party Law Firm Subpoenas, State Farm can file the documents located within the patient medical records under seal. This Court should not, under any circumstances, allow State

Farm to publically file any documents that are maintained as a part of a confidential patient file—especially when those patients are not even party to this dispute, and unable to protect their own interests. State Farm's desire to publically file documents located within confidential patient medical records and forcing PAIN and the Roopani defendants to move this Court for an order expressly protecting the confidentiality of piecemeal portions of those patient files which are squarely protected by the Stipulated Protective Order, is completely unwarranted and this Court should not allow State Farm to do so.

As such, this Court should enter an Order declaring the documents are properly designated as "Confidential." Alternatively, in the event that this Court were to find the documents are not appropriately designated as "Confidential," Defendants respectfully request this Court to expressly state that the de-designation does not pertain to the entirety of the patient files, or other similar documents, and instead is limited *only* to the documents State Farm identified in its July 21, 2020 email communication.

## IV.   Conclusion

WHEREFORE, Defendants move this Court for entry of an Order expressly stating that the documents attached at **Sealed Exhibit A1-A5** are properly designated as "Confidential" and prohibiting State Farm from publically filing those documents, and for all such other and further relief as the Court sees fit.

POLSINELLI PC

By:*/s/ Ebad Khan*
Mark S. Armstrong, Esq.
Texas Bar No. 01321900
Fed. I.D. No. 219390
1000 Louisiana Street, Suite 6400
Houston, Texas 77002
713-374-1600
Fax: 713-374-1601
marmstrong@polsinelli.com
**Attorney in Charge**

Lauren E. Tucker McCubbin, Esq.
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112
816-753-1000
Fax: 816-753-1536
ltucker@polsinelli.com

Ebad Khan, Esq.
Texas Bar No. 24092625
Fed. I.D. No. 2810999
1000 Louisiana Street, Suite 6400
Houston, Texas 77002
713-374-1600
Fax: 713-374-1601
ekhan@polsinelli.com

ATTORNEYS FOR DEFENDANTS
PAIN ALLEVIATION & INTERVENTIONAL
NEEDS, LLC N/K/A PAIN ALLEVIATION &
INTERVENTIONAL NEEDS, PLLC;
BARKETALI M. ROOPANI; ANIL B. ROOPANI;
AND SOHAIL B. ROOPANI

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel have conferred in a good faith effort to resolve the matters in dispute but are unable to reach an agreement. This conference took place on July 28, 2020 at 3:00 p.m. CST by phone between Matthew Ryan, counsel for Plaintiff State Farm, and Lauren Tucker McCubbin, counsel for Defendant PAIN and the Roopani Defendants but were unable to reach an agreement regarding the de-designation of "Confidential" documents.

*/s/ Lauren E. Tucker McCubbin*
Lauren E. Tucker McCubbin

74382334.1

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the above and foregoing pleading was served via the Court's ECF Notification system on this 4th day of August, 2020, to:

Matthew R. Ryan, Esq.
Adrian Jonak, Esq.
Jared T. Heck, Esq. *(pro hac vice)*
Eric T. Gortner, Esq. *(pro hac vice)*
Ross O. Silverman, Esq. *(pro hac vice)*
Katten Muchin Rosenman LLP
525 W. Monroe Street, Suite 1900
Chicago, IL 60661-3693
312-902-5200
Matthew.ryan@katten.com
Adrian.jonak@katten.com
Jared.heck@kattenlaw.com
Eric.gortner@kattenlaw.com
Ross.silverman@kattenlaw.com

M. Micah Kessler, Esq.
Nistico, Crouch & Kessler, P.C.
1900 West Loop South, Suite 800
Houston, TX 77027
(713) 781-2889
mkessler@nck-law.com

ATTORNEYS FOR PLAINTIFFS

Todd W. Mensing, Esq.
Sammy Ford, IV, Esq.
Ahmad Zavitsanos Anaipakos
Alavi & Mensing PC
1221 McKinney Street, Suite 2500
Houston TX 77010
713-655-1101
Fax: 713-655-0062
tmensing@azalaw.com
sford@azalaw.com
ATTORNEYS FOR DEFENDANT
NOORUDDIN S. PUNJWANI

      */s/Ebad Khan*
      Ebad Khan

74382334.1