**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM COUNT MUTUAL INSURANCE COMPANY OF TEXAS, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 4:19-CV-01491 Hon. Ewing Werlein, Jr. |
| NOORUDDIN S.PUNJWANI, M.D.; PAIN ALLEVIATION & INTERVENTIONAL NEEDS, LLC n/k/a PAIN ALLEVIATION & INTERVENTIONAL NEEDS, PLLC; BARKETALI M. ROOPANI; ANIL B. ROOPANI; and SOHAIL B. ROOPANI, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**NONPARTIES ELITE HEALTH SERVICES – SUGAR LAND; MEDICAL CENTER HEALTHCARE SERVICES, L.P., D/B/A ELITE HEALTH SERVICES – MEDICAL CENTER; AND CLAY EHALTHCARE SERVICES, LLC, D/B/A ELITE HEALTH SERVICES – WEST HOUSTONS'**
**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

Nonparties Elite Health Services – Sugar Land; Medical Center Healthcare Services, L.P., D/B/A Elite Health Services – Medical Center; and Clay Healthcare Services, LLC, D/B/A Elite Health Services – West Houston (collectively, the *Elite Nonparties*) respond in opposition to Plaintiffs' Motion to Compel Nonparties to Produce Documents Responsive to Subpoenas [Doc. 87] as follows:

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................................1

II. ARGUMENT .......................................................................................................2

    A.  The requests are patently overbroad and substantial compliance would saddle the Elite Nonparties with significant burden and expense.........................................3

        1.  Request 1 is overbroad and unduly burdensome, and responsive documents have already been made available to State Farm. ........................................5

        2.  Request 2 is overbroad and unduly burdensome. ........................................6

        3.  Request 3 is overbroad and unduly burdensome. ........................................7

        4.  Request 4 is overbroad and unduly burdensome. ........................................7

        5.  Request 5 is overbroad and unduly burdensome. ........................................8

        6.  Request 6 is overbroad and unduly burdensome. ........................................8

        7.  Request 7 is overbroad and unduly burdensome. ........................................9

        8.  Request 8 is overbroad and unduly burdensome. ........................................9

        9.  Request 9 is overbroad and unduly burdensome. ......................................10

    B.  The subpoenas are unduly burdensome because Plaintiffs could obtain most of the documents and information from the Defendants............................................11

    C.  The Elite Nonparties' objections are not boilerplate; they are specific and supported.............................................................................................................16

    D.  The Elite Nonparties need not provide logs of privileged and/or confidential documents withheld until the Court rules on their objections and issues an order resolving the present motion to compel. ...........................................................16

III. CONCLUSION...................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Akhmedova*,
   No. 5-20-MC-1099-JKP-RBF, 2020 WL 6376651 (W.D. Tex. Oct. 30, 2020) ......................3

*Cusumano v. Microsoft Corp.*,
   162 F.3d 708 (1st Cir. 1998) .................................................................................................1

*Ford Motor Co. v. Versata Software, Inc.*,
   316 F. Supp. 3d 925 (N.D. Tex. 2017) .................................................................................4

*MetroPCS v. Thomas*,
   327 F.R.D. 600 (N.D. Tex. 2018) ........................................................................................12

*Nidec Corp. v. Victor Co. of Japan*,
   249 F.R.D. 575 (N.D. Cal. 2007) ........................................................................................11

*Norton v. Assisted Living Concepts, Inc.*,
   786 F. Supp. 2d 1173 (E.D. Tex. 2011) ................................................................................5

*Perez v. City of Chicago*,
   No. 02-1969, 2004 WL 1151570 (N.D. Ill. April 29, 2004) ................................................11

*Rembrandt Patent Innovations v. Apple, Inc.*,
   1:15-CV-438-RP, 2015 WL 4393581 (W.D. Tex. July 15, 2015) ................................1, 2, 11

*Sonnino v. Univ. of Kan. Hosp. Authority*,
   221 F.R.D. 661 (D. Kan. 2004) .............................................................................................5

*Wiwa v. Royal Dutch Petroleum Co.*,
   392 F.3d 812 ......................................................................................................................3, 4

**Other Authorities**

Fed. R. Civ. P. 26(b)(1) ...............................................................................................................2, 3

Fed. R. Civ. P. 26(g) .......................................................................................................................3

Fed. R. Civ. P. 45(a)(1)(A)(iii) ......................................................................................................5

Fed. R. Civ. P. 45(a)(1)(D) ............................................................................................................6

Fed. R. Civ. P. 45(d)(1) .............................................................................................................3, 12

Fed. R. Civ. P. 45(d)(2)(B)(ii) ........................................................................................1, 3, 17, 18

Rule 26 ................................................................................................................12

Rule 34(b)(1)(A) ...................................................................................................5

Rule 45 ...........................................................................2, 3, 6, 8, 9, 12, 17, 18

# I.  <u>INTRODUCTION</u>

The federal rules recognize the significant burden and expense entailed in responding to and/or resisting a subpoena. For nonparties, who by definition are not essential to the case, there is a heightened potential for excessive burden and expense. Accordingly, courts take extra care to protect subpoenaed nonparties both from undue burden and significant expense. Fed. R. Civ. P. 45(d)(2)(B)(ii); *e.g. Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."); *Rembrandt Patent Innovations v. Apple, Inc.*, 1:15-CV-438-RP, 2015 WL 4393581, at *1 (W.D. Tex. July 15, 2015) ("The question of undue burden on a non-party requires a court to balance the subpoena's benefits and burdens, and calls upon the court to consider whether the information is necessary and unavailable from any other source.") (internal quotation omitted).

Plaintiffs would have it differently. Plaintiffs' subpoenas are exceptionally broad. Nearly every request employs a handful of terms defined to be as expansive as possible. Nearly every request contains some combination of "related to," "including but not limited to," and "any of the conduct or events alleged in the Complaint." Any number of courts have weighed in on the use such omnibus terms, calling them out as "not reasonably particularized" and "facially overbroad."

As demonstrated by the attached affidavit from the Elite Nonparties' representative (**Exhibit A**), responding to the document requests as currently drafted would be a very time-consuming and expensive proposition, especially when—as will be demonstrated with a side-by-side comparison below—most of the documents requested from the Elite Nonparties were likewise requested from other Defendants. In fact, just a week after filing the present motion to compel, Plaintiffs filed a motion to compel Defendants to produce documents in response to written

discovery requests. [Doc. 95] The motion directed to Defendants should be resolved before the present one, thereby requiring Plaintiffs to obtain as many of the requested documents as possible from the actual parties to this case. *Rembrandt*, 2015 WL 4393581, at *2 ("[U]ntil and unless Plaintiffs can establish they are unable to obtain the requested information from the Defendant, subpoenaing the information from [nonparty] SAS creates an undue burden that is not outweighed by Plaintiffs' need for the information.").

Finally, a major portion of Plaintiffs' motion is moot as it relates to the production of MRI films. The Elite Nonparties have already made the MRI films available for inspection at Plaintiffs' convenience. Plaintiffs spurned this offer, deeming it "insufficient," even though it complies with Rule 45. [Doc. 87 at 5 n.4]; **Exhibit B, Email to Plaintiffs' counsel**. The Court should find that the Elite Nonparties have complied with Plaintiffs' request to produce the MRI films, and order Plaintiffs to reimburse Nonparty defendants for responding to that issue.

For these reasons and more that will be demonstrated below and by the attached affidavit, Plaintiffs have failed to take "reasonable steps to avoid imposing undue burden or expense" on the Elite Nonparties as required by Rule 45. Accordingly, the Court should enforce Plaintiffs' duty and protect the Elite Nonparties from the significant expense that would result from complying with Plaintiffs' subpoenas. Fed. R. Civ. P. 45(d)(1) & (d)(2)(B)(ii).

## II.   <u>ARGUMENT</u>

A bedrock principle of discovery is that it must be proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). To determine whether discovery requests are proportional to the needs of a case, a court must consider, among other things, "the parties' relative access to relevant information, the parties' resources[1] . . . and whether the burden or expense of the proposed

---

[1] The Elite Nonparties have an average of five staff members each. **Ex. A at ¶ 14**.

discovery outweighs its likely benefit." *Id.*; Fed. R. Civ. P. 26(g) (an attorney or party who signs a discovery subpoena certifies it is "neither unreasonable nor unduly burdensome or expensive," considering, among other things, the needs of the case and prior discovery in the case). When it comes to nonparty discovery subpoenas, Rule 45 goes even further, requiring the issuing party or attorney to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Additionally, the Court "must protect [the Elite Nonparties] from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii); *In re Akhmedova*, No. 5-20-MC-1099-JKP-RBF, 2020 WL 6376651, at *5 (W.D. Tex. Oct. 30, 2020) (recommending that issuing party be ordered to meaningfully confer with subpoenaed nonparty to determine whether and to what extent she should cover the cost of compliance).

State Farm has failed to show why the discovery at issue here, i.e. subpoenas that would require the production of many thousands of pages of documents at a cost of many man-hours and many thousands of dollars, is proportional to the needs of this case. *See* **Exhibit A**. Moreover, Plaintiffs did not take reasonable steps to avoid imposing undue burden and expense on the Elite Nonparties.

### A. The requests are patently overbroad and substantial compliance would saddle the Elite Nonparties with significant burden and expense.

"'Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (internal quotation marks and footnote omitted). "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6)

the burden imposed." *Id.* (footnote omitted). "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party." *Ford Motor Co. v. Versata Software, Inc.*, 316 F. Supp. 3d 925, 933 (N.D. Tex. 2017).

A court "may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa*, 392 F.3d at 818. Courts have found nonparty subpoenas to produce facially overbroad where the document requests "seek all documents concerning the parties to [the underlying] action, regardless of whether those documents relate to that action and regardless of date"; "[t]he requests are not particularized"; and "[t]he period covered by the requests is unlimited." *Ford Motor Co.*, 316 F. Supp. 3d at 933.

Here, all except one of Plaintiffs' requests seek "[a]ll Documents and Communications." [Doc. 40 at 6-15] Plaintiffs' definitions for "Documents"[2] and "Communications"[3] are extremely broad. Each purported definition is an entire paragraph (see footnotes below). And Plaintiffs' definition of "Documents" contains the defined term "Communications," such that they are redundant and confusing.[4] Such terms can hardly be considered "reasonably particularized." *Ford Motor Co.*, 316 F. Supp. 3d at 931–32 (Rule 34(b)(1)(A) requirement of reasonable particularity

---

[2] The term "**Documents**" shall mean every original (and every copy of any original or copy which differs in any way from any original), every writing or recording of every kind or description, whether handwritten, typed, drawn, sketched, printed, computerized or recorded by any mechanical, electronic or electrical means whatsoever, including without limitation books, records, papers, letters, instructions, pamphlets, brochures, circulars, advertisements, specifications, blueprints, maps, plats, surveys, drawings, sketches, graphs, charts, plans, reports, correspondence, e-mails, text messages, faxes, **Communications**, memoranda, notes, notebooks, lists, analyses, financial statements, bank statements, deposit tickets, cancelled checks, wire transfers, solicitations, PowerPoint presentations, charts, minutes, calendars, appointment books, itineraries, vouchers, receipts, contracts, agreements, invoices, written memorials of oral communications, photographs, films, video tapes, audio tapes, recordings and compilations of data or other information, including any compilations from which information can be obtained. The term "Documents" shall have the broadest meaning possible consistent with the Federal Rules of Civil Procedure. *See*, **Exhibit C**, p. 4.

[3] The term "**Communications**" shall mean all discussions, conversations, meetings, conferences, telephone conversations, text messages, interviews, negotiations, agreements, understandings, cards, letters, correspondences, telegrams, telexes, electronic mail, voicemail, or other forms of written or verbal interchange, however transmitted or stored, including reports, notes, memoranda, lists, agenda and other records of any communications. *See*, **Exhibit C**, p. 4.

[4] Plaintiffs' ninth request for documents merely seeks "[a]ll Documents," but since "Documents" contains the defined term "Communications," this request is no more particularized than the other eight. *See*, **Exhibit C**, p. 9.

applies to nonparty subpoenas). Likewise, requests 2-4 and 6-8 (of 9) employ the defined term "You," which includes all "employee[s], agent[s], entit[ies] or other person[s] acting on behalf of" the Elite Nonparties. *Norton v. Assisted Living Concepts, Inc.*, 786 F. Supp. 2d 1173, 1180 (E.D. Tex. 2011) (where defined term "you" included all of employer's employees and employer could not reasonably be expected to know what each of its employees had done, interrogatory was overbroad).

Compounding the overbreadth, requests 1-8 seek all Documents and Communications "related to" or "relating to" various general categories. [Doc. 40 at 6-14]; *Sonnino v. Univ. of Kan. Hosp. Authority*, 221 F.R.D. 661, 667-68 (D. Kan. 2004) (when an interrogatory uses an omnibus term such as "relating to" or "concerning," with respect to a general category or group of documents, the request is overbroad and/or unduly burdensome on its face).

1.     *Request 1 is overbroad and unduly burdensome, and responsive documents have already been made available to State Farm.*

Request 1 seeks: "All Documents and Communications *related to all patients identified in Exhibit A*, including but not limited to all their MRI films, complete medical records, test results, notes, bills, referrals for treatment, consultations, testing, sign-in sheets, prescriptions, orders, and any other documentation for each patient." [Doc. 40 at 6] (emphasis added).

There are **502 patients** identified in Exhibit A to the Subpoenas. Given the expansive definitions of "Documents" and "Communications," the failure to limit the request to documents in the Elite Nonparties' possession, custody, or control (Fed. R. Civ. P. 45(a)(1)(A)(iii)), and the use of "related to," this request seeks every scrap of paper that has ever mentioned these 502 patients from the beginning of time. This request is undeniably overbroad and unduly burdensome, especially in light of the Elite Nonparties' offer to permit inspection of the MRI films at Plaintiffs' convenience.

More significantly, on October 20th, counsel for the Elite Nonparties emailed Plaintiffs' counsel with an offer to inspect the MRI films at Plaintiffs' convenience. *See* **Ex. B**. Plaintiffs did not respond to the offer, acknowledging it only in a footnote to the present motion, in which they proclaim the offer "insufficient," even though Rule 45 specifically permits making subpoenaed documents available for inspection. Fed. R. Civ. P. 45(a)(1)(D) ("A command in a subpoena to produce documents . . . requires the responding person to permit inspection, copying, testing, or sampling of the materials.").

State Farm never attempted to meet and confer with the Elite Nonparties after they agreed to make the MRI images available for inspection, nor did State Farm state how or why this production is insufficient. Instead, State Farm filed this motion. Now, the Elite Nonparties have been forced to incur the cost of responding to this Motion on an issue that was rendered moot before State Farm even filed its Motion to Compel. Because this is a moot issue and the Elite Nonparties have already made the MRI images available for inspection, the Court should order State Farm to reimburse the Nonparties for responding to this issue.[5] Additionally, Plaintiffs' motion to compel should be denied to the extent it seeks production of MRI films.

2.      *Request 2 is overbroad and unduly burdensome.*

Request 2 seeks: "All Documents and Communications reflecting or relating to payments and/or any compensation You provided to Nooruddin S. Punjwani, M.D. for any services he has performed on Your behalf."

This request employs the capaciously-defined terms "Documents," "Communications," and "You." It also uses "relating to" with respect to a general category of documents, i.e. "payments and/or any compensation." Given that Dr. Punjwani has worked with the Elite

---

[5] The Elite Nonparties estimate producing the MRI films for inspection will cost approximately $7,500. **Exhibit A at ¶ 12**.

Nonparties for multiple years, attempting to locate, review, and produce every single "Document" or "Communication" would be a substantial task. Not only would it require detailed searches of both electronic and paper files, it would require interviewing each and every past and present employee of the Elite Nonparties, as well as anyone that may ever have "acted on behalf of" the Elite Nonparties. If this is not overbroad and unduly burdensome on its face, then it is difficult to imagine what request might be.

> 3.   *Request 3 is overbroad and unduly burdensome.*

Request 3 seeks: "All Documents and Communications relating to any contractual relationship, financial arrangement, and/or other business relationship between or among You and Nooruddin S. Punjwani, M.D."

This request again uses the expansive defined terms "Documents," "Communications," as well as "relating to" with reference to a general category of documents, i.e. "any contractual relationship, financial arrangement, and/or other business relationship." And because the request seeks such Documents and Communications with respect to any such relationship between Dr. Punjwani and "You," substantial compliance would require painstaking searches of both electronic and paper files and interviews of every past and present employee of the Elite Nonparties, as well as anyone that may ever have "acted on behalf of" the Elite Nonparties.

Furthermore, as discussed above, Dr. Punjwani is a party to the case. The documents can be discovered by propounding such requests to Dr. Punjwani, without the need to burden nonparties.

> 4.   *Request 4 is overbroad and unduly burdensome.*

Request 4 seeks: "All Documents and Communications relating to any contractual relationship, financial arrangement, and/or other business relationship between or among You and any radiologist performing services on Your behalf."

This request is the same as Request 3, except it replaces Dr. Punjwani with "any radiologist." This change does not render it any less broad or burdensome. In fact, because it calls for multiple individuals, substantial compliance with the request would require a very time-consuming and expensive effort. Furthermore, it would require disclosure of confidential business information.

                5.       *Request 5 is overbroad and unduly burdensome.*

Request 5 seeks: "All Documents and Communications reflecting or relating to Nooruddin S. Punjwani, M.D.'s roles and responsibilities with respect to his position as Vice President at 'Elite Health Services.'" Plaintiffs could have narrowed this to a reasonable request, but chose not to, despite their duty to do so under Rule 45.

As written, the request seeks documentation of every discussion or conversation Dr. Punjwani has ever had—with *anyone*—that touches even remotely on any role or responsibility he has as Vice President of Elite Health Services, a post he has held for multiple years.

And, as noted above, the documents are more appropriately obtained by propounding such a request to Dr. Punjwani himself.

                6.       *Request 6 is overbroad and unduly burdensome.*

Request 6 seeks: "All Documents and Communications relating to or supporting the amounts You charge for healthcare services, including but not limited to Your charges for performing and interpreting MRI scans and Your costs in providing those services."

As written, this request seeks documentation of any discussion or conversation ever had by anyone at any time about the charges and costs for performing and interpreting MRI scans. Plaintiffs could have narrowed this request to seek the Elite Nonparties' charges and costs for MRI scans and interpretations, but chose not to.

Furthermore, this Court should protect the nonparties from having to disclose such

8

confidential business information. **Ex. A at ¶ 15**. The Court should limit this request for Plaintiffs per Rule 45.

### 7.     *Request 7 is overbroad and unduly burdensome.*

Request 7 seeks: "All Documents and Communications exchanged between You and/or any other entity or individual, regarding or relating to (i) any patient identified in Exhibit A, (ii) any contractual relationships, financial arrangements and/or referral agreements between You and any Defendant, (iii) the recruitment, solicitation, procurement and/or retention of patients, and/or (iv) any of the conduct or events alleged in the Complaint."

This request seeks every document ever exchanged (as well as every conversation ever had) between the Elite Nonparties (as well as any employee or person acting on behalf of the Elite Nonparties at any time, past or present) and *any other entity or individual*, from the time the Elite Nonparties were formed through the present (temporally, this request could not be more broad) as long as those documents or conversations had *anything* to do with: (1) any of the 502 patients identified in Exhibit A; (2) any relationship between the Elite Nonparties (as well as their employees and anyone who has ever acted on the Elite Nonparties' behalf) and any Defendant; (3) anything that has ever been done to recruit, solicit, procure, or retain patients; and (4) anything alleged in the Complaint. If the first three categories of this request were not bad enough, especially given the lack of any temporal limitation, then the fourth is beyond the pale. The Complaint is 40 pages long, comprising 82 paragraphs, each of which contains multiple allegations. This request is patently overbroad.

### 8.     *Request 8 is overbroad and unduly burdensome.*

Request 8 seeks: "All Documents and Communications exchanged between You, on the one hand, and any law firm, patient referral or solicitation service, and/or medical or healthcare provider, on the other hand, regarding or relating to (i) any contractual relationships, financial

arrangements, and/or other business relationships between You and them, (ii) any payments made to and/or received from them, and/or (iii) any patient identified in Exhibit A."

This request seeks every scrap of paper ever exchanged between the Elite Nonparties (as well as their employees and agents) and any (1) law firm, (2) patient referral or solicitation service, or (3) healthcare provider relating to, among other things, all 502 patients identified in Exhibit A. To substantially comply with this request—which is not temporally limited—the Elite Nonparties would need to conduct a laborious search of _all electronic and paper communications and files from the date the Elite Nonparties were formed through today_ and attempt to extract the responsive documents. Such a search would take weeks and would be exceedingly time-consuming and expensive, even before the Elite Nonparties turned the documents over to their attorneys for review and redaction of any privileged communications and any PHI of any patient aside from the 502 identified in Exhibit A.

9.      *Request 9 is overbroad and unduly burdensome.*

Request 9 seeks: "All Documents reflecting payments made to and/or received from any Defendant, including but not limited to any invoices, receipts, statements, accounting ledgers, checks, and/or Forms 1099-MISC."

Because the term "Documents" includes "Communications" within the definition propounded by State Farm, this request seeks not just documents, but documentation of all discussions and conversations ever had regarding payments between the Elite Nonparties and any Defendant from the date the Elite Nonparties were formed through today. As written, substantial compliance would require, in addition to detailed searches of all electronic and paper records, interviews with all officers and employees of all three Elite Nonparties—past and present—to determine whether any such payments had ever been discussed or were the subject of conversation.

As noted above, the Elite Nonparties estimate it will cost approximately $7,500 to make

the MRI films available for inspection pursuant to Request 1. **Ex. A at ¶ 16**. To substantially comply with the remainder of Request 1 and the remaining requests 2-9, the Elite Nonparties estimate it will cost approximately $75,000 - $125,000. **Ex. A at ¶ 17**.

**B.** **The subpoenas are unduly burdensome because Plaintiffs could obtain most of the documents and information from the Defendants**.

"The question of undue burden on a nonparty requires a court to balance the subpoena's benefits and burdens, and calls upon the court to consider whether the information is necessary and unavailable from any other source." *Rembrandt*, 2015 WL 4393581, at *1 (internal quotation omitted). When the information requested in a non-party subpoena is equally available from one of the parties in the lawsuit, that fact alone is enough to demonstrate the subpoena creates an undue burden on the third party. *Id.* at *2 ("until and unless Plaintiffs can establish they are unable to obtain the requested information Defendant, subpoenaing the information from [third party] creates an undue burden that is not outweighed by Plaintiffs' need for the information.").

Here, just eight days after filing the present motion to compel [Doc. 87], Plaintiffs filed a motion to compel Defendants to produce many of the same documents [Doc. 95]. It is axiomatic that nonparties should not be compelled to produce documents when the same documents may be obtained from parties. *E.g. Perez v. City of Chicago*, No. 02-1969, 2004 WL 1151570, *5 (N.D. Ill. April 29, 2004) (finding subpoena unreasonable because "the requested information is substantially available to the [requesting party] through less burdensome means"); *see also Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There simply is no reason to burden nonparties when the documents sought are in possession of the party defendant."). This is why Rule 26 requires consideration of "the parties' relative access to relevant information" when analyzing whether the discovery sought is proportional to the needs of the case. It is also why Rule 45 requires issuing parties to take reasonable steps to avoid imposing undue burden and expense

11

on nonparties subject to a subpoena. Fed. R. Civ. P. 45(d)(1). *See MetroPCS v. Thomas*, 327 F.R.D.

600, 614 (N.D. Tex. 2018) (party seeking discovery must not make unreasonably cumulative or

duplicative requests).

More specifically, the following categories of documents demanded from the Elite

Nonparties could be obtained from the Defendants:

| Motion to Compel Nonparties [Doc. 87] | RFPs to P.A.I.N. (Exhibit D) | RFPs to Dr. Punjwani (Exhibit E) |
|---|---|---|
| **Request 1**: All Documents and Communications related to all patients identified in Exhibit A, including but not limited to all their MRI films, complete medical records, etc. | **Request 1**: All Documents and Communications relating to the patients whose claims are at issue in the Complaint, including but not limited to their complete medical records, test results, MRI films, etc. | **Request 1**: All Documents and Communications relating to the patients whose claims are at issue in the Complaint, including but not limited to their complete medical records, test results, MRI films, etc. |
| **Request 2**: All Documents and Communications reflecting or relating to payments and/or any compensation You provided to Nooruddin S. Punjwani, M.D. for any services he has performed on Your behalf. | **Request 2**: All Documents and Communications reflecting or relating to all payments received by You or paid by You to either Plaintiff, any other Defendant, the Elite Entities, any law firm or personal injury attorney, or any other source, etc. | **Request 2**: All Documents and Communications reflecting or relating to all payments received by You or paid by You to either Plaintiff, any other Defendant, the Elite Entities, any law firm or personal injury attorney, or any other source, etc. |
| **Request 3**: All Documents and Communications relating to any contractual relationship, financial arrangement, and/or business relationship between or among You and Nooruddin S. Punjwani, M.D. | | **Request 5**: All Documents and Communications reflecting or relating to Your roles and responsibilities with respect to any position(s) You hold or have held at P.A.I.N. and/or the Elite Entities, including but not limited to any contracts or other agreements You entered with those entities, any financial arrangements You made with those entities, and any payments You made to or received from those entities. |

| | | |
|---|---|---|
| | | **Request 9**:  All Documents and Communications reflecting Your contractual, financial, referral, ownership, or other relationship with each of the following entities: [listing 27 entities, including the Elite Nonparties], including but not limited to any documents reflecting (i) any referrals of patients between You and any of those entities, (ii) any contracts or other agreements You have entered with any of those entities, (iii) the terms of any financial arrangements You have entered with any of those entities, and (iv) any payments or other compensation You paid to or received from any of those entities. |
| **Request 5**: All Documents and Communications reflecting or relating to Nooruddin S. Punjwani, M.D.'s roles and responsibilities with respect to his position as Vice President at "Elite Health Services." | | **Request 5**: All Documents and Communications reflecting or relating to Your roles and responsibilities with respect to any position(s) You hold or have held at P.A.I.N. and/or the Elite Entities, etc. |
| **Request 6**: All Documents and Communications relating to or supporting the amounts You charge for healthcare services, including but not limited to Your charges for performing and interpreting MRI scans and Your costs in providing those services. | | **Request 7**: All Documents and Communications related to or supporting the amounts You, P.A.I.N., and/or the Elite Entities charge for healthcare services, including but not limited to charges for MRIs, evaluations, injections, and fluoroscopic guidance, and the costs incurred in providing those services. |
| **Request 7**: All Documents and Communications exchanged between You and/or any other entity or | | **Request 15**: All Documents and Communications exchanged between You and any Defendant reflecting or |

13

| | | |
|---|---|---|
| individual, regarding or relating to (i) any patient identified in Exhibit A, (ii) any contractual relationships, financial arrangements and/or referral agreements between You and any Defendant, (iii) the recruitment, solicitation, procurement and/or retention of patients, and/or (iv) any of the conduct or events alleged in the Complaint. | | relating to (i) any of the patients whose claims are at issue in the Complaint, (ii) Your provision of healthcare services on their behalf, and/or (iii) any contractual relationships or financial arrangements with You have or have had with them. |
| **Request 8**: All Documents and Communications exchanged between You, on the one hand, and any law firm, patient referral or solicitation service, and/or medical or healthcare provider, on the other hand, regarding or relating to (i) any contractual relationships, financial arrangements, and/or other business relationships between You and them, (ii) any payments made to and/or received from them, and/or (iii) any patient identified in Exhibit A. | | **Request 16**: All Documents and Communications exchanged between You and any entity or individual reflecting or relating to the recruitment, solicitation, procurement, and/or retention of patients, including any payments made or received to any entity or individual for such recruitment, solicitation, procurement, and/or retention of patients. <br><br> **Request 19**: All Documents reflecting or relating to any services performed for You, P.A.I.N., and/or the Elite Entities by any management company, transportation company, patient referral or solicitation service, medical or health care provider, billing/collection company, consulting company, law firm, marketing company, and/or accounting/bookkeeping/tax company, including their employees and/or agents. <br><br> **Request 23**: All Documents and Communications exchanged between You and |

14

| | | any other medical provider who treated any of the patients whose claims are at issue in the Complaint regarding (i) any of the patients whose claims are at issue in the Complaint, (ii) contractual relationships (including but not limited to letters of protection), (iii) financial arrangements (including but not limited to any exchange of payments), (iv) referral agreements, (v) recruitment, solicitation, or procurement of patients/clients, and/or (iv) other business relationships or business opportunities.<br><br>**Request 24**: All Documents and Communications exchanged between You and any personal injury attorney or law firm who represented any of the patients whose claims are at issue in the Complaint regarding (i) any of the patients whose claims are at issue in the Complaint, (ii) contractual relationships (including but not limited to letters of protection), (iii) financial arrangements (including but not limited to any exchange of payments), (iv) referral agreements, (v) recruitment, solicitation, or procurement of patients/clients, and/or (vi) other business relationships or business opportunities. |
| **Request 9**: All Documents reflecting payments made to and/or received from any Defendant, including but not | **Request 2**: All Documents and Communications reflecting or relating to all payments received by You or | |

15

| | | |
|---|---|---|
| limited to any invoices, receipts, statements, accounting ledgers, checks, and/or Forms 1099-MISC. | paid by You to either Plaintiff, any other Defendant, the Elite Entities . . . relating to the healthcare services . . . the Elite Entities performed for the patients whose claims are at issue in the Complaint. | |

For each row above, Plaintiffs' requests to P.A.I.N. or Dr. Punjwani are the subject of Plaintiffs' other motion to compel [Doc. 95]. Because the requests to P.A.I.N. and Dr. Punjwani will net Plaintiffs many of the documents they seek in the present motion [Doc. 87], the Court should dispose of that Motion to Compel Defendants [Doc. 95] before taking up this Motion to Compel Nonparties [Doc. 87]. It will then be in a much better position to know how best to narrow the scope of Plaintiffs' requests to the Elite Nonparties.

**C.     The Elite Nonparties' objections are not boilerplate; they are specific and supported.**

Plaintiffs complain that the Elite Nonparties' objections to the subpoena requests are boilerplate. [Doc. 87 at 7, 17-18]. As demonstrated above, each and every one of Plaintiffs' requests is facially overbroad such that more specific objections were unnecessary. Even so, the Elite Nonparties have included with this response an Elite Entity representative's affidavit explaining in detail why each request is overbroad and why substantial compliance would burden the Elite Nonparties with significant expenditures of time and money, including attorney fees for the review and redaction of privileged information and PHI of any patient not among the 502 identified in Exhibit A to the Subpoenas. *See generally* **Exhibit A**.

**D.     The Elite Nonparties need not provide logs of privileged and/or confidential documents withheld until the Court rules on their objections and issues an order resolving the present motion to compel.**

Plaintiffs further complain that the Elite Nonparties did not specify any category of documents to which their objections to producing privileged information and/or PHI would apply.

16

[Doc. 40 at 18-19] Rule 45 does not require a nonparty to provide a privilege log with their initial objection to a subpoena to produce. Instead, Rule 45 allows a nonparty to object to an overbroad subpoena and wait to see how the court will rule on any motion to compel the issuing party might file. Fed. R. Civ. P. 45(d)(2)(B)(ii) (once an objection is served, production may only be required as directed in a court order).

To require nonparties to produce a log of each and every privileged document or piece of PHI withheld contemporaneous to a subpoena objection would render the objection process toothless. It is the process of identifying and logging privileged and confidential information that is time-consuming and expensive. Forcing nonparties to engage in that process before a court can even pass on their objections makes no sense. Fed. R. Civ. P. 45, advisory committee comment to the 1991 amendment ("A person served a subpoena that is too broad may be faced with a burdensome task to provide full information regarding all that person's claims to privilege or work product protection. Such a person is entitled to protection that may be secured through an objection made pursuant to paragraph (c)(2) [now (d)(2)(B)].").

The Elite Nonparties acknowledge that the protective order entered in this case applies to "persons," not just parties to the case. [Doc. 28] Even so, Plaintiffs' requests for production are so broad, they will require the Elite Nonparties to search huge universes of documents, both electronic and paper, to locate all documents that might be responsive. It is highly likely that these universes of documents, precisely because they would be so large, would include attorney/client privileged communications and attorney work product, as well as PHI for patients outside the 502 listed in Exhibit A to the Complaint. If the Court orders the Elite Nonparties to produce documents in response to the motion to compel, then the Elite Nonparties will need to have their attorneys review all universes of documents potentially responsive to each request for privilege and prepare the

appropriate logs. The attorneys will also need to review the universes of documents for the PHI of people who are not among the 502 patients identified in Exhibit A. Until such an order is issued, however, Rule 45 protects the Elite Nonparties from having to pay their attorneys to do so. Fed. R. Civ. P. 45(d)(2)(B)(ii).

### III.   <u>CONCLUSION</u>

As demonstrated above, the subpoena requests directed at the Elite Nonparties are overly broad and unduly burdensome. Plaintiffs should have taken reasonable steps to avoid imposing undue burden or expense on the Elite Nonparties but failed to do so. They also failed to exhaust their attempts to obtain the discovery from the Defendants, as exemplified by Plaintiffs' motion to compel the Defendants to produce many of the same documents sought from the Elite Nonparties. *Compare* [Doc. 87] *with* [Doc. 95].

Consequently, the Elite Nonparties ask the Court to (1) dispose of the motion to compel directed at the Defendants before turning to this one; (2) deny Plaintiffs motion to compel outright or at least narrow Plaintiffs' requests to produce, avoiding defined terms like "Documents," "Communications," "You," and omnibus terms like "related to" and "including but not limited to" and to ensure each request is limited in time and scope; and (3) protect the Elite Nonparties from significant expense in producing documents by directing Plaintiffs to pay the Elite Nonparties a lump sum of $7,500 up front and then reimburse the Elite Nonparties for any reasonable attorney fees and costs expended in excess of that amount upon completion of production.

75440277.2

Respectfully submitted,

POLSINELLI PC

By:/s/ Ebad Khan
Mark S. Armstrong, Esq.
Texas Bar No. 01321900
Fed. I.D. No. 219390
1000 Louisiana Street, Suite 6400
Houston, Texas 77002
713-374-1600
Fax: 713-374-1601
marmstrong@polsinelli.com
**Attorney in Charge**

Lauren E. Tucker McCubbin, Esq.
900 W. 48th Place, Suite 900
Kansas City, Missouri 64112
816-753-1000
Fax: 816-753-1536
ltucker@polsinelli.com

Ebad Khan, Esq.
Texas Bar No. 24092625
Fed. I.D. No. 2810999
1000 Louisiana Street, Suite 6400
Houston, Texas 77002
713-374-1600
Fax: 713-374-1601
ekhan@polsinelli.com

ATTORNEYS FOR NONPARTIES
HEALTHCARE ENTITIES HEALTH
SERVICES – SUGAR LAND, MEDICAL
CENTER HEALTHCARE SERVICES, L.P.,
D/B/A HEALTHCARE ENTITIES HEALTH
SERVICES – MEDICAL CENTER AND
CLAY HEALTHCARE SERVICES, LLC,
D/B/A HEALTHCARE ENTITIES HEALTH
SERVICES – WEST HOUSTON

19

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 10th day of November, 2020, the above and foregoing was served to all counsel of record.

/s/ Ebad Khan
Ebad Khan

| | |
|---|---|
| Jared T. Heck, Esq. | Mark S. Armstrong, Esq. |
| Ross O. Silverman, Esq. | Ebad Khan, Esq. |
| Eric T. Gortner, Esq. | Polsinelli PC |
| Katten Muchin Rosenman LLP | 1000 Louisiana Street, Suite 6400 |
| 525 W. Monroe Street, Suite 1900 | Houston, TX  77002 |
| Chicago, IL  60661-3693 | 713-374-1600 |
| 312-902-5200 | Fax:  713-374-1601 |
| Jared.heck@kattenlaw.com | marmstrong@polsinelli.com |
| Ross.silverman@kattenlaw.com | ekhan@polsinelli.com |
| Eric.gortner@kattenlaw.com | |
| | Lauren T. Tucker McCubbin, Esq. |
| Emily L. Travis, Esq. | Polsinelli PC |
| Katten Muchin Rosenman LLP | 900 W. 48th Place, Suite 900 |
| 1301 McKinney Street, Suite 3000 | Kansas City, MO  64112 |
| Houston, TX  77010 | 816-753-1000 |
| 713-270-3446 | Fax:  816-753-1536 |
| Fax:  713-270-3401 | ltucker@polsinelli.com |
| Emily.travis@kattenlaw.com | |
| ATTORNEYS FOR PLAINTIFFS | ATTORNEYS FOR DEFENDANTS |
| | PAIN ALLEVIATION & INTERVENTIONAL |
| Todd W. Mensing, Esq. | NEEDS, LLC N/K/A PAIN ALLEVIATION |
| Sammy Ford, IV, Esq. | & INTERVENTIONAL NEEDS, PLLC |
| Ahmad Zavitsanos Anaipakos | ("P.A.I.N."), BARKETALI M. ROOPANI, |
| Alavi & Mensing PC | ANIL B. ROOPANI AND SOHAIL B. |
| 1221 McKinney Street, Suite 2500 | ROOPANI |
| Houston TX 77010 | |
| 713-655-1101 | |
| Fax:  713-655-0062 | |
| tmensing@azalaw.com | |
| sford@azalaw.com | |
| ATTORNEYS FOR DEFENDANT | |
| NOORUDDIN S. PUNJWANI | |

75440277.2