# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) ) | Case No. 4:19-cv-01491 Hon. Ewing Werlein, Jr. |
| NOORUDDIN S. PUNJWANI, M.D.; PAIN ALLEVIATION & INTERVENTIONAL NEEDS, LLC n/k/a PAIN ALLEVIATION & INTERVENTIONAL NEEDS, PLLC; BARKETALI M. ROOPANI; ANIL B. ROOPANI; and SOHAIL B. ROOPANI, | ) ) ) ) ) ) | Magistrate Judge Frances H. Stacy |
| Defendants. | ) | |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL NON-PARTIES CLAY HEALTHCARE SERVICES, LLC D/B/A ELITE HEALTH SERVICES – WEST HOUSTON; ELITE HEALTH SERVICES – SUGAR LAND; AND MED CENTER HEALTHCARE SERVICES, L.P. D/B/A ELITE HEALTH SERVICES – MEDICAL CENTER TO PRODUCE DOCUMENTS RESPONSIVE TO SUBPOENAS

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm County Mutual Insurance Company of Texas (collectively, "Plaintiffs") respectfully submit the following reply in support of their motion to compel ("Motion") non-parties Clay Healthcare Services, LLC d/b/a Elite Health Services – West Houston ("Elite West Houston"); Elite Health Services – Sugar Land ("Elite Sugar Land"); and Med Center Healthcare Services, L.P. d/b/a Elite Health Services – Medical Center ("Elite Medical Center") (collectively, the "Elite MRI Facilities") to produce documents responsive to subpoenas.

## <u>TABLE OF AUTHORITIES</u>

Page(s)

**Cases**

*Ari v. Archon Info. Sys., LLC*,
2012 WL 13001425, at *3 (E.D. La. June 26, 2012) ................................................. 8

*Cardenas v. Dorel Juvenile Grp., Inc.*,
230 F.R.D. 611 (D. Kan. 2005) ................................................................................. 8

*Doe 1 v. Baylor Univ.*,
2020 WL 2220189 (W.D. Tex. May 7, 2020) ........................................................ 13

*Dotson v. Edmonson*,
2017 WL 11535244 (E.D. La. Nov. 21, 2017) ......................................................... 4

*Firebirds Int'l, LLC v. Firebird Rest. Grp., LLC*,
2018 WL 3655574 (N.D. Tex. July 16, 2018) ........................................................ 12

*Ford Motor Co. v. Versata Software, Inc.*,
316 F. Supp. 3d 925 (N.D. Tex. 2017) ................................................................... 10

*Heller v. City of Dallas*,
303 F.R.D. 466 (N.D. Tex. 2014) ........................................................................... 13

*In British Int'l Ins. Co. v. Seguros La Republica, S.A.*,
200 F.R.D. 586 (W.D. Tex. 2000) ....................................................................... 6, 7

*Jackson v. Wilson Welding Serv., Inc.*,
2011 WL 5119045 (E.D. La. Oct. 27, 2011) ............................................................ 8

*Kilmon v. Saulsbury Indus., Inc.*,
2018 WL 5800757 (W.D. Tex. Feb. 28, 2018) .................................................... 9, 10

*Med. Tech., Inc. v. Breg, Inc.*,
2010 WL 3734719 (E.D. Pa. Sept. 21, 2010) ........................................................... 3

*S.E.C. v. Microtune, Inc.*,
258 F.R.D. 310 (N.D. Tex. 2009) ........................................................................... 13

*Sobol v. Imprimis Pharm.*,
2017 WL 5035837 (E.D. Mich. Oct. 26, 2017) ..................................................... 10

*Sonnino v. Univ. of Kansas Hosp. Auth,*
  221 F.R.D. 661 (D. Kan. 2004)............................................................................6, 7

*State Farm Mut. Auto. Ins. Co. v. Elite Health Centers, Inc.,*
  2019 WL 2754653 (E.D. Mich. July 2, 2019), *objections overruled,* 2019 WL
  4017163 (E.D. Mich. Aug. 26, 2019) ........................................................................2

*State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc.,*
  2013 WL 10936871 (E.D. Mich. Nov. 26, 2013) ......................................................3

*In re Subpoenas to Plains All Am. Pipeline, L.P.,*
  2014 WL 204447 (S.D. Tex. Jan. 17, 2014) ............................................................13

*Tomlinson v. Combined Underwriters Life Ins. Co.,*
  2008 WL 4601578 (N.D. Okla. Oct. 16, 2008) .......................................................10

# TABLE OF CONTENTS

**Page**

I.   PLAINTIFFS ARE ENTITLED TO OBTAIN DISCOVERY FROM THE ELITE
     MRI FACILITIES ............................................................................................ 2

II.  THE ELITE MRI FACILITIES HAVE NOT ESTABLISHED THE
     SUBPOENAS ARE OVERBROAD OR UNDULY BURDENSOME ........................... 4

     A.   The Subpoenas' Requests to the Elite MRI Facilities are Limited in
          Temporal Scope and Use Terms such as "Relating to" in a Permissible
          Manner. ..................................................................................................... 5

     B.   Arguments Raised for the First Time in the Elite MRI Facilities' Response
          Have Been Waived .................................................................................... 8

     C.   The Affidavit Filed by A. Sattani Fails to Support the Contention the
          Subpoenas Are Unduly Burdensome or that Plaintiffs Should Cover the
          Costs of the Elite MRI Facilities' Production of Documents. ............................ 11

III. THE ELITE MRI FACILITIES FAIL TO ESTABLISH ANY SUBPOENAED
     DOCUMENTS SHOULD BE SHIELDED FROM DISCLOSURE AS
     PRIVILEGED OR CONFIDENTIAL ................................................................ 13

IV.  CONCLUSION ............................................................................................ 14

The Elite MRI Facilities' response to Plaintiffs' Motion ("Response") is premised on the flawed contentions that (1) the Elite MRI Facilities are unaffiliated "non-parties" — when, in fact, they are the Defendants' own captive facilities and play an integral role in Defendants'[1] fraudulent scheme; (2) the Subpoenas[2] seek information Plaintiffs should instead obtain from Defendants — which ignores the fact Defendants have continuously refused to produce documents related to the Elite MRI Facilities; and (3) the Subpoenas contain requests that are overbroad and unduly burdensome because they are not limited in temporal scope and use "omnibus terms," such as "relating to" or "related to" — when, in fact, the requests are limited in temporal scope and only use terms such as "relating to" to illustrate the types of documents being sought.

As alleged in the Complaint and explained in Plaintiffs' Motion, the Defendant-owned Elite MRI Facilities play an integral role in Defendants' fraudulent scheme as they are often the entry point for patients. Specifically, prior to going to P.A.I.N., patients are almost always ordered to undergo MRIs, many of which are performed at the Elite MRI Facilities. In addition, Dr. Punjwani interprets many of the MRIs performed at the Elite MRI Facilities, the findings of which he then uses as a pretext to "justify" his subsequent medically unnecessary spinal injections ("ESIs"). Thus, contrary to their contentions, the Elite MRI Facilities are not unaffiliated entities with only a tangential role in this scheme. This is especially true given that the Elite MRI Facilities are (1) owned and controlled by the Roopanis and Dr. Punjwani, and (2) operated interchangeably with P.A.I.N. itself, even sharing the same locations, and are indistinguishable to patients. In fact,

---

[1] Defendants are, collectively, Nooruddin S. Punjwani, M.D. ("Dr. Punjwani"), Pain Alleviation & Interventional Needs, PLLC ("P.A.I.N."), Barketali Roopani, Anil Roopani, and Sohail Roopani. Barketali, Anil, and Sohail Roopani are collectively referred to herein as "the Roopanis."

[2] "Subpoenas" refers to the three separate non-party subpoenas Plaintiffs issued to Elite West Houston, Elite Sugar Land, and Elite Medical Center. Exs. 1–3.

the Elite MRI Facilities' Response was filed by the same counsel representing P.A.I.N. and the Roopanis in this lawsuit.

Despite playing a crucial role in Defendants' fraud scheme, the Elite MRI Facilities have refused to produce a single document in response to Plaintiffs' Subpoenas.  Indeed, despite their protestations of overbreadth, and the meet-and-confers held, the Elite MRI Facilities have never specified **any** documents they believe are discoverable under more narrowed terms.  In short, their arguments here are pretextual because they never intended to allow any discovery in this case.  For the reasons stated below, as well as in Plaintiffs' Motion, the Elite MRI Facilities should be ordered to produce all documents responsive to the Subpoenas.

## I.   PLAINTIFFS ARE ENTITLED TO OBTAIN DISCOVERY FROM THE ELITE MRI FACILITIES

The Elite MRI Facilities' argument that they should not be required to produce documents in response to otherwise valid subpoenas because some of those documents may be obtained from Defendants is meritless for a myriad of reasons, including that: (1) Plaintiffs are legally entitled to seek discovery from non-parties to test the completeness of Defendants' productions; (2) through common ownership and control, the Elite MRI Facilities are effectively the Defendants, and thus their argument is but a shell game (because Defendants refuse to produce the documents themselves); and (3) Defendants have gone to great lengths to prevent Plaintiffs from obtaining any discovery relating to non-parties, including the Elite MRI Facilities.

Plaintiffs are entitled to seek documents from different sources to test the veracity and completeness of Defendants' productions, particularly in a RICO case, and to uncover contradictory information.  *See State Farm Mut. Auto. Ins. Co. v. Elite Health Centers, Inc.*, 2019 WL 2754653, at *13 (E.D. Mich. July 2, 2019) (noting in fraud case that non-party attorney's "objection that the documents sought in the [s]ubpoena can be obtained from other sources has

2

been repeatedly rejected by this Court. As stated in its prior orders and bench rulings in this case, and in prior State Farm cases of this nature, the parties are entitled to seek the same evidence from different sources within the same case in order to test veracity and completeness and to uncover contradictory information"), *objections overruled*, 2019 WL 4017163 (E.D. Mich. Aug. 26, 2019); *see also, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc.*, 2013 WL 10936871, at *11 (E.D. Mich. Nov. 26, 2013) (acknowledging in a RICO case that "there is no absolute rule prohibiting a party from seeking to obtain the same documents from a non-party as can be obtained from a party, nor is there an absolute rule providing that the party must first seek those documents from an opposing party before . . . a non-party") (internal citations omitted); *see also Med. Tech., Inc. v. Breg, Inc.*, 2010 WL 3734719, at *4 (E.D. Pa. Sept. 21, 2010) (subpoena to non-party was appropriate "not only to supplement [opposing party's] production but also to test the veracity of [the opposing party's] assertions that they have produced all the documents they are required to produce").

In addition, the Elite MRI Facilities are owned and controlled by the Roopanis and Dr. Punjwani, ███████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ █████████████████████████████ As a result, the Elite MRI Facilities undoubtedly possess highly relevant, discoverable information, but they contend Plaintiffs should instead obtain this information from Defendants, who, in turn, have refused to produce any information relating

to the Elite MRI Facilities.[3]  Defendants' refusal to produce such information is the subject of Plaintiffs' pending motion to compel directed at Defendants, (*see* ECF 94, 95), and Defendants' joint motion for protective order, which requests the Court enter a protective order "expressly prohibiting [Plaintiffs] from engaging in further third-party discovery . . . [and] expressly ordering [Plaintiffs] to limit [their] discovery requests to only entities which are parties to this action[,]" (*see* ECF 64, at 12; ECF 71, 73).

Thus, the Elite MRI Facilities' argument they should not be required to produce documents in response to otherwise valid subpoenas because some of those documents may be obtained from Defendants should be rejected.

## II.   THE ELITE MRI FACILITIES HAVE NOT ESTABLISHED THE SUBPOENAS ARE OVERBROAD OR UNDULY BURDENSOME

"The rule in the 5th Circuit is that the third party objecting to a subpoena on the basis that the subpoena is unduly burdensome bears the burden of showing why discovery should be denied." *Dotson v. Edmonson*, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017).  In an effort to meet their burden, the Elite MRI Facilities contend the Subpoenas' requests are overbroad and unduly burdensome because (1) they are not limited in temporal scope and use "omnibus terms," such as "relating to" or "related to"; (2) use "extremely broad" definitions for the terms "Documents,"

---

[3] For instance, the Elite MRI Facilities identify various requests within the Subpoenas that, according to the Response, "could be obtained from Defendants."  (Response, at 12–16).  However, when responding to various Requests for Production relating to the Elite MRI Facilities, Dr. Punjwani agreed to produce "documents in his personal custody and control related to P.A.I.N." only.  *See e.g.*, Ex. 4 (Dr. Punjwani's response to RFP 5).  Following a meet-and-confer regarding Dr. Punjwani's deficient responses to Plaintiffs' first set of discovery requests, including their Requests for Production, Dr. Punjwani explicitly provided he will "not agree to independent discovery into Elite."  Ex. 5 (July 16, 2020 Email from S. Ford to M. Ryan).  The P.A.I.N. and the Roopanis have taken similar positions in response to Plaintiffs' requests for information relating to the Elite MRI Facilities — agreeing only to "produce documents related solely to P.A.I.N."  *See e.g.*, Ex. 6 (June 29, 2020 Letter from L. McCubbin to M. Ryan (in response to Plaintiffs' Request for Production 9, which seeks information relating to services performed for P.A.I.N. and/or certain non-parties, including the Elite MRI Facilities, by entities providing various services, the Roopanis stated they will only "produce the documents related solely to P.A.I.N.")).

"Communications," and "You"; and (3) responding to the document requests would be a "very time-consuming and expensive proposition."

However, the Elite MRI Facilities fail to meet their burden of establishing the Subpoenas are overbroad or unduly burdensome because (1) the Subpoenas are limited in temporal scope and use terms such as "relating to" or "related to" in a permissible manner; (2) the Elite MRI Facilities waived any objections to the Subpoenas' definitions for the terms "Documents," "Communications," and/or "You"; and (3) the Elite MRI Facilities contention that responding to the Subpoenas would be a "very time-consuming and expensive proposition" is supported by an insufficient affidavit based on a flawed understanding of the scope of information sought by the Subpoenas.[4]

### A. The Subpoenas' Requests to the Elite MRI Facilities are Limited in Temporal Scope and Use Terms such as "Relating to" in a Permissible Manner.

To begin, the Elite MRI Facilities contend the Subpoenas' requests are not "temporally limited," and that they use the terms "related to" and/or "relating to" improperly. Neither claim is true. In fact, the Instructions to the Subpoenas explicitly provide: "Unless otherwise specified, the time period applicable to these Requests is January 1, 2015 to the present." *See e.g.*, Ex. 1, Instruction No. 6. The Elite MRI Facilities do not contend this time-period is overbroad — nor could they given that Plaintiffs' allege Defendants' scheme began in 2015. (Complaint, ¶ 11). Thus, any arguments the Elite MRI Facilities raise regarding the temporal scope of the Subpoenas' requests should be rejected by the Court.

Moreover, the Elite MRI Facilities are incorrect in arguing the use of the terms "related to" or "relating to" in requests 1–8 renders these requests facially overbroad. Indeed, their argument

---

[4] Notably, the Elite MRI Facilities do not raise any arguments regarding the relevance of the information sought by the Subpoenas.

mischaracterizes the relevant law.  In *Sonnino v. Univ. of Kansas Hosp. Auth.*, the only case offered to support the Elite MRI Facilities' proposition, the court explained when a discovery request uses terms such as "relating to" or "related to" in order to "modif[y] a specific type of document or specific event, rather than a large category or all documents or events, the request is not deemed overly broad on its face."  221 F.R.D. 661, 667–668 (D. Kan. 2004).

In *Sonnino*, the discovery request at issue sought "documents that relate to or concern the decision to report Plaintiff to the Data Bank in November 2002, including all documents relating to the reasons or justifications for the decision and all documents that Defendants submitted to the Data Bank."  *Id.* at 668.  In finding the request was "not so all-encompassing as to make it overly broad on its face[,]" the court explained the "terms 'relate to' and 'concern' modify a specific event, *i.e.*, the decision to report Plaintiff to the Data Bank, and they do not modify a general category of events."  *Id*.  Thus, the sole case cited by the Elite MRI Facilities in support of their proposition does not actually support the contention that the use of the terms "related to" or "relating to" renders a discovery request facially overbroad.

Fifth Circuit courts have adopted a similar approach.  For instance, in *In British Int'l Ins. Co. v. Seguros La Republica, S.A.*, a non-party bank argued a subpoena request seeking "[a]ny and all documents *relating to* any transfer of moneys between any accounts of" various entities was overbroad due to the use of the term "relating to."  200 F.R.D. 586, 591 (W.D. Tex. 2000) (emphasis added).  In rejecting this argument, the court explained the request was sufficiently limiting as it "specifie[d] the documents requested as 'any and all documents relating to any transfer of monies between any accounts' of the 12 named business entities and Interracciones at the Bank."  *Id*.

Similarly, the requests at issue use the terms "relating to" and/or "related to" only to modify the specific types of documents and information sought.  For example, Request 2 seeks "[a]ll Documents and Communications reflecting or relating to any payments and/or any compensation [the Elite MRI Facilities] provided to Nooruddin S. Punjwani, M.D. for any services he has performed on [the Elite MRI Facilities'] behalf."  *See e.g.*, Ex. 1 (Request 2).  Here, the term "relating to" modifies a sufficiently specific type of information and documents being sought, *i.e.*, any payments and/or compensation the Elite MRI Facilities provided to Dr. Punjwani for services he performed on their behalf.  Similarly, Request 3 seeks "[a]ll Documents and Communications relating to any contractual relationship, financial arrangement, and/or other business relationship between or among [the Elite MRI Facilities] and Nooruddin S. Punjwani, M.D."  *See e.g.*, *id.* (Request 3).  Here, the term "relating to" simply allows the request to specify it is seeking information relating to any contractual relationships, financial arrangements, and/or other business relationships between the Elite MRI Facilities and Dr. Punjwani.  This use of the terms "relating to" or "related to" in order to "modify" a specific category of information or documents sought is consistent in each of the Plaintiffs' Subpoenas' Requests.

Tellingly, despite being aware of the holding in *Sonnino*, the Elite MRI Facilities did not illustrate how the requests apply to "general" categories of information, rather than explaining the specific category of information requests.  For example, the Elite MRI Facilities argue that Request 2, which seeks "[a]ll Documents and Communications reflecting or relating to payments and/or any compensation" the Elite MRI Facilities provided to Dr. Punjwani for services he performed on their behalf, uses the term "relating to" "with respect to a general category of documents, *i.e.*, 'payments and/or any compensation.'"  (Response, at 6).  However, as evidenced by the holdings in *Sonnino* and *In British Int'l Ins. Co.*, this interpretation of Request 2 is incorrect.

In summary, the requests at issue explicitly limit the time-period for which they are seeking responsive information and use the terms "related to" and/or "relating to" only to modify the specific categories of documents and information being sought.   The Elite MRI Facilities' arguments to the contrary have no support.

### B.   Arguments Raised for the First Time in the Elite MRI Facilities' Response Have Been Waived

The Elite MRI Facilities failed to previously raise any objections relating to the Subpoenas' definitions for the terms "Documents," "Communications," and "You" and, thus have waived any such arguments.   "It is  . . . well settled that when a party fails to assert an objection in its initial response to the discovery request and raises it for the first time in response to a motion to compel, the objection is deemed waived."   *Cardenas v. Dorel Juvenile Grp., Inc.*, 230 F.R.D. 611, 621 (D. Kan. 2005), *cited with approval in Ari v. Archon Info. Sys., LLC*, 2012 WL 13001425, at *3 (E.D. La. June 26, 2012); *see also Jackson v. Wilson Welding Serv., Inc.*, 2011 WL 5119045, at *5 (E.D. La. Oct. 27, 2011) (holding that objections not stated in "formal objections to the actual requests" would not be considered in response to motion to compel).   In their response, the Elite MRI Facilities contend "Plaintiffs' definitions for 'Documents' and 'Communications' are extremely broad . . . [a]nd Plaintiffs' definition of 'Documents' contains the defined term 'Communications,' such that they are redundant and confusing."   (Response, at 4).   However, the Elite MRI Facilities failed to assert any objections to these definitions in their original responses and objections.   (*See* ECF 40).

The Elite MRI Facilities did assert the following objections in the "General Objections" section of their original responses and objections to Plaintiffs' Subpoenas:

- "Elite [MRI Facilities] additionally object[] to the Subpoenas to the extent they seek 'all Documents and Communications' concerning a given subject matter and to the extent they

purport to require Elite Health Services to search all or each and every computer system and application and produce all of the data from each computer system and application."

- "Elite [MRI Facilities] further object[] to the extent the phrase 'all Documents and Communications' purports to request the production of all email or all correspondence regarding or relating to a given subject matter."

(*Id.* at 3). However, these objections are not specific to the definitions of the terms "Documents" or "Communications." Instead, they are based on the use of the term "all" — a term to which the Elite MRI Facilities raise no objection in their Response. By way of example, in the first objection, the Elite MRI Facilities do not object to searching *any* "computer system[s]" and "application[s]" and producing *any* "data" from those sources. Instead, they only object to searching "*all or each and every* computer system and application and produc[ing] *all* of the data *from each* computer system and application." Similarly, in their second objection, the Elite MRI Facilities do not object to producing *any* "email" or *any* "correspondence regarding or relating to a given subject matter." Instead, they only object to the "production of *all* email or *all* correspondence regarding or relating to a given subject matter." This interpretation of the above objections is further supported by the Elite MRI Facilities' statement in their original responses and objections that they "will search the files, including emails, of those employees likely to have documents responsive to the request[s] if applicable." (*Id.* at 3–4). Thus, it is evident the Elite MRI Facilities' objections to the use of the phrase "all Documents and Communications" were not objections to the definitions of the terms "Documents" and/or "Communications."

Moreover, even if the above-referenced objections were to be construed as global objections to the Subpoenas' definitions for the terms "Documents" and "Communications," these objections were made in the Elite MRI Facilities' "General Objections" section. As a result, such objections cannot now be applied to each and every request at issue, which is what the Elite MRI Facilities are attempting to do. *See Kilmon v. Saulsbury Indus., Inc.,* 2018 WL 5800757, at *3

9

(W.D. Tex. Feb. 28, 2018) (holding that a party's "Statement Regarding Objections" section featuring "eight subparts which raise[d] an objection to a different definition and provide[d] some explanation, but d[id] not point to any specific discovery request" was insufficient because the party "failed to adequately support what remain[ed] a general objection" to various definitions); *see also Ford Motor Co. v. Versata Software, Inc.*, 316 F. Supp. 3d 925, 932 (N.D. Tex. 2017) ("a non-party's Rule 45(d)(2)(B) objections to discovery requests in a subpoena are subject to the same prohibition on general or boiler-plate [or unsupported] objections and requirements that the objections must be made with specificity and that the responding party must explain and support its objections"); *Sobol v. Imprimis Pharm.*, 2017 WL 5035837, at *4 (E.D. Mich. Oct. 26, 2017) ("incorporating all of the General Objections into each response violates Rule 34(b)(2)(B)'s specificity requirement as well as Rule 34(b)(2)(C)'s requirement to indicate whether any responsive materials are withheld on the basis of an objection.  In fact, boilerplate objections are legally meaningless and amount to a waiver of an objection").  The Elite MRI Facilities also failed to raise any objections to the Subpoenas' definition of the term "You" in their original responses and objections.

Moreover, such objections are generally discouraged by courts and considered evasive. *See Kilmon*, 2018 WL 5800757, at *5 (holding that a party's objection to the definition of "you" based on the definition's reference to the party's "agents, employees, insurance companies, attorneys, accountants, investigators, and anyone acting on [party's] behalf" was "merely evasive" and "d[id] not provide requisite support"); *see also Tomlinson v. Combined Underwriters Life Ins. Co.*, 2008 WL 4601578, at *1 (N.D. Okla. Oct. 16, 2008) (explaining that "because objections to the wording of a discovery request are usually resolved by phone calls or meetings between counsel, the objection that a discovery request is vague or ambiguous calls into question whether

10

the required meet and confer was conducted in good faith"). If the Elite MRI Facilities found the definitions for the terms "Documents" and "Communications" to be "redundant and confusing," they should have communicated such concerns during the parties' meet-and-confer.

In summary, the Elite MRI Facilities have waived and cannot now raise any arguments pertaining to the Subpoenas' definitions for the terms "Documents," "Communications," and/or "You."

### C. The Affidavit Filed by A. Sattani Fails to Support the Contention the Subpoenas Are Unduly Burdensome or that Plaintiffs Should Cover the Costs of the Elite MRI Facilities' Production of Documents.

The affidavit filed by the Elite MRI Facilities does not establish that the Subpoenas are unduly burdensome because the affidavit is based on a flawed understanding of the Subpoenas' scope and, is in fact, intended to distract the Court from the fact the Elite MRI Facilities and Defendants have refused to produce any documents relating to the Elite MRI Facilities. Apparently, the Elite MRI Facilities' objections to the Subpoenas are premised on the belief the Subpoenas have no temporal limitations and, in certain situations, seek documents "from the date the [Elite MRI Facilities] were formed though today." (Response, at 10). This is incorrect as the Subpoenas explicitly set a temporal scope for the information and documents they are requesting. Moreover, in his affidavit, A. Sattani, the Chief Operating Officer of the Elite MRI Facilities, acknowledges he "do[es] not know the size of the universe of documents that would emerge" from an initial search for responsive documents. (ECF 99-1, at ¶ 15). Thus, based on his misunderstanding of the scope of the Subpoenas' requests and complete lack of knowledge regarding the potential population size of documents responsive to the Subpoenas, A. Sattani's affidavit cannot support the Elite MRI Facilities' contention that the Subpoenas are unduly burdensome.

Similarly, Plaintiffs cannot be expected to cover the costs associated with the production of documents when the Elite MRI Facilities do not appreciate the universe of requested documents and therefore do not know the potential costs associated with such a production. Simply stating that responding to the document requests would be a very "expensive proposition" is insufficient.

Moreover, the assertion the cost associated with a potential production is the reason why the Elite MRI Facilities have not produced *any* responsive documents should not be given serious consideration. If the Elite MRI Facilities were indeed concerned about such costs, they could have communicated their agreement to produce at least certain documents responsive to the Subpoenas, which could have potentially resolved any cost concerns. For instance, Request 2 seeks "[a]ll Documents and Communications reflecting or relating to payments and/or any compensation [the Elite MRI Facilities] provided to Nooruddin S. Punjwani, M.D. for any services he has performed on [the Elite MRI Facilities'] behalf." Ex. 1 (Request 2). Even if the Elite MRI Facilities believed this request required them to perform "detailed searches of both electronic and paper files" and "interview[] each and every past and present employee" of the Elite MRI Facilities — which it does not — they could have agreed to produce, for example, their payroll ledger and/or any contractual agreements they entered into with Dr. Punjwani. Such a production would not be time-consuming or expensive. Similarly, Request 5 seeks "[a]ll Documents and Communications reflecting or relating to Nooruddin S. Punjwani, M.D.'s roles and responsibilities with respect to his position as Vice President at 'Elite Health Services.'" *Id*. (Request 3). Again, even if the Elite MRI Facilities believed producing all responsive documents would be overly expensive, they could have simply produced any contractual agreements they entered into with Dr. Punjwani. In fact, the Elite MRI Facilities were required to produce such documents even if they believed portions of these requests were objectionable. *See Firebirds Int'l, LLC v. Firebird Rest. Grp., LLC,*

2018 WL 3655574, at *6 (N.D. Tex. July 16, 2018) ("a responding party has a duty to respond to or answer a discovery request to the extent that it is not objectionable" (quoting *Heller v. City of Dallas*, 303 F.R.D. 466, 487-88 (N.D. Tex. 2014))).   Nevertheless, there were no documents produced.

Moreover, the Elite MRI Facilities' last-minute offer to make MRI films "available for inspection" is pretextual and nonsensical.   The MRI films are stored electronically and can be saved on a flash drive for virtually no cost.   Such a request is disproportionately burdensome to prevent reasonable discovery of the MRI films at issue for the patients in this case, and the Court should order the simple and inexpensive step of simply saving the films electronically and providing them to counsel.

## III.   THE ELITE MRI FACILITIES FAIL TO ESTABLISH ANY SUBPOENAED DOCUMENTS SHOULD BE SHIELDED FROM DISCLOSURE AS PRIVILEGED OR CONFIDENTIAL

The Elite MRI Facilities continue to assert non-specific, boilerplate objections that certain requests seek privileged and confidential information.   To assert a valid privilege, the Elite MRI Facilities must offer "particular and specific demonstration[s] of fact" to support the assertion. *Doe 1 v. Baylor Univ.*, 2020 WL 2220189, at *3 (W.D. Tex. May 7, 2020).   "A general allegation of privilege is insufficient to meet this burden."   *S.E.C. v. Microtune, Inc.*, 258 F.R.D. 310, 315 (N.D. Tex. 2009).   Where a party objects to producing documents on the grounds they contain confidential or proprietary information, the objecting party "bears the burden to demonstrate that the subpoena seeks trade secrets or confidential information, and that the disclosure would be harmful to its interests."   *In re Subpoenas to Plains All Am. Pipeline, L.P.*, 2014 WL 204447, at *4 (S.D. Tex. Jan. 17, 2014).   While the Elite MRI Facilities make various references to "confidential" and "privileged" information being sought by the Subpoenas, including in response

to Requests 4 and 6, they fail to provide any explanation of the type of requested documents that would be considered confidential or privileged.

The only attempt made by the Elite MRI Facilities to meet their burden is in response to Request 6, which seeks information relating to the amounts the Elite MRI Facilities charge for providing healthcare services.  In response, the Elite MRI Facilities provide that "this Court should protect the nonparties from having to disclose such confidential business information" and cite to paragraph 15 of A. Sattani's affidavit.  (Response, at 8)  However, paragraph 15 of the affidavit provides: "documents responsive to Request 6, which seeks documents supporting the amounts the [Elite MRI Facilities] charge for healthcare services and the costs for providing such services, would contain proprietary, trade secret information that would need to be marked 'Confidential.'" (ECF 99-1, at ¶ 15).  This statement does not provide any description of the responsive documents that could be considered confidential or how the disclosure of such documents would harm the Elite MRI Facilities.  Moreover, as acknowledged in the Elite MRI Facilities' Response, the Protective Order in this case, (ECF 28), protects the disclosure of documents designated as "confidential."  Thus, any arguments regarding concerns of producing "confidential" documents should be rejected.

Thus, the Elite MRI Facilities fail to establish how any documents responsive to the Subpoenas could be considered confidential or privileged and any arguments set forth on this issue by the Elite MRI Facilities should be rejected.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court grant the motion and order the Elite MRI Facilities — Clay Healthcare Services, LLC d/b/a Elite Health Services – West Houston, Elite Health Services – Sugar Land, and Med Center Healthcare Services, L.P. d/b/a Elite

Health Services – Medical Center — to produce all documents responsive to the Subpoenas issued to them within 10 days of the Court's Order.

Dated: November 17, 2020          Respectfully submitted,

By:    /s/ Jared T. Heck

        Ross O. Silverman (admitted *pro hac vice*)
        Katten Muchin Rosenman LLP
        525 West Monroe Street
        Chicago, IL  60661-3693
        P:  (312) 902-5200
        F:  (312) 577-8989
        ross.silverman@katten.com

        ATTORNEY-IN-CHARGE FOR
        PLAINTIFFS

        Of Counsel:

        Jared T. Heck (admitted *pro hac vice*)
        Katten Muchin Rosenman LLP
        525 West Monroe Street
        Chicago, IL  60661-3693
        (312) 902-5200
        jared.heck@katten.com

        Micah Kessler
        Nistico, Crouch & Kessler, P.C.
        1900 West Loop South, Suite 800
        Houston, TX 77027
        (713) 781-2889
        mkessler@nck-law.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 17, 2020, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system, which will send notification to all counsel of record.

By:   /s/ Jared T. Heck

Jared T. Heck (admitted *pro hac vice*)
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL  60661-3693
P:  (312) 902-5200
F:  (312) 577-8989
jared.heck@katten.com